```
 1  MAYER BROWN LLP
    BRANDON BAUM (CBA No. 121318)
 2  baum@mayerbrown.com
    Two Palo Alto Square
 3  3000 El Camino Real
    Palo Alto, CA  94306-2112
 4  Telephone: (650) 331-2000
    Facsimile:  (650) 331-2060
 5
    MAYER BROWN LLP
 6  LISA M. FERRI (Pro Hac Vice Filed)
    lferri@mayerbrown.com
 7  BRIAN W. NOLAN (Pro Hac Vice)
    bnolan@mayerbrown.com
 8  1675 Broadway
    New York, New York 10019
 9  Telephone:212 506 2500
    Facsimile: 212 262 1910
10
    Attorneys for Plaintiffs Zest IP Holdings, LLC
11  and Zest Anchors, LLC
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; ZEST ANCHORS, LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>IMPLANT DIRECT MFG. LLC, a Nevada limited liability company; IMPLANT DIRECT LLC, a Nevada limited liability company; IMPLANT DIRECT INT'L, a Nevada corporation<br><br>Defendants. | Case No. 10-cv-0541 LAB (WVG)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, CALIFORNIA STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING AND COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC file this First Amended Complaint against Implant Direct MFG. LLC, Implant Direct LLC and Implant Direct Int'l and state as follows:

## THE PARTIES

1. Plaintiff Zest IP Holdings, LLC ("Zest Holdings") is a limited liability company organized under the laws of Delaware with a place of business at 2061 Wineridge Place, Escondido, California.

2. Plaintiff Zest Anchors, LLC ("Zest Anchors") is a limited liability company organized under the laws of Delaware with a place of business at 2061 Wineridge Place Escondido, California.  Zest Holdings and Zest Anchors are hereinafter jointly referred to as "Zest".

3. Upon information and belief, Defendant Implant Direct MFG. LLC is a limited liability company organized and existing under the laws of Nevada with a place of business at 27030 Malibu Hills Rd., Calabasas Hills, California.  Implant Direct MFG. LLC is a business entity registered with the State of California.

4. Upon Information and belief, Implant Direct LLC is a limited liability company organized and existing under the laws of Nevada with a place of business at 27030 Malibu Hills Rd., Calabasas Hills, California.

5. Upon information and belief, Defendant Implant Direct Int'l is a corporation organized and existing under the laws of Nevada with a place of business at 27030 Malibu Hills Road, Calabasas Hills, California. Implant Direct, LLC, Implant Direct Int'l and Implant Direct MFG, LLC, are hereinafter referred to as "Implant Direct".

6. Implant Direct manufactures, offers for sale and sells a dental attachment product, the "GoDirect."  Implant Direct offers the "GoDirect" product for sale on its website www.implantdirect.com and sells the product nationwide to clinicians, oral surgeons, dental laboratories and dentists including within the State of California and this judicial district.  The packaging and labeling of the "GoDirect" product lists the manufacturer as Implant Direct, LLC, 27030 Malibu Hills Rd., Calabasas Hills, California.

17646105

7. Implant Direct manufactures, offers for sale and sells a dental attachment product, the "GPS" or GoDirect Prosthetic System. The "GPS" is offered by Implant Direct on its website www.implantdirect.com to customers nationwide including clinicians, oral surgeons, dental laboratories and dentists including within the State of California and this judicial district.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) and 15 U.S.C. § 1121, as this is an action arising under the patent and trademark laws of the United States. Zest's patent infringement claims arise under the United States Patent Laws, 35 U.S.C. § 1 *et seq.*, while the trademark infringement, false designation of origin and false advertising claims arise under 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"). This Court has subject matter jurisdiction over the pendant state claims pursuant to 28 U.S.C. § 1367.

9. This Court has jurisdiction over Implant Direct as it has conducted and does conduct business within the State of California and within this judicial district. Implant Direct directly or through intermediaries (including distributors, retailers, and others), manufactures, ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of California, and within this judicial district. Implant Direct has purposefully and voluntarily offered for sale and sold one or more of its infringing products with the expectation that they will be purchased by consumers in the Southern District of California.

10. Venue is proper in the Southern District of California under 28 U.S.C. §§ 1391 and 1400(b), as Implant Direct has done business in this judicial district, has committed, and continues to commit, acts of patent and trademark infringement in the State of California and in this judicial district and is subject to personal jurisdiction in this State and district.

**BACKGROUND AND GENERAL ALLEGATIONS**

11. Zest is a global leader in the research, development and manufacturing of dental attachment systems for securing prosthetic overdentures. The original Zest Anchor attachment was introduced in 1971 followed by a number of highly successful products, including the LOCATOR® attachment system, which was introduced to consumers after regulatory approval in

-2-

2001. Since that time, the LOCATOR® product line of attachments has achieved worldwide acceptance as the premier overdenture attachment system in the dental industry.

12. In order to protect its valuable, proprietary technology, Zest Anchors, Inc. (predecessor company) obtained United States Patent No. 6,030,219 and United States Patent No. 6,299,447 (collectively "the Asserted Patents" or the "Patents-in-Suit" and attached hereto as Exhibit A and Exhibit B, respectively). The Patents-in-Suit issued to inventors Paul Zuest and Scott Mullaly, both employees of Zest Anchors. The inventions described and claimed in the Patents-in-Suit cover a variety of novel improvements in the field of dental attachments. The novel dental attachment system described and claimed therein, which is marketed and sold under the brand LOCATOR® has become the gold standard within the dental industry.

13. Zest's LOCATOR® attachment system is sold by Zest and a worldwide network of distributors, who are authorized to market and sell the LOCATOR® line of products pursuant to the terms and conditions of a Distribution Agreement. The Distribution Agreement provides a limited right to market and sell the LOCATOR® attachment system under Zest's well-known brand. All Zest products, including the Zest LOCATOR® attachment system, are manufactured solely by Zest. Zest ensures the quality of its products and protects the value of its goodwill by maintaining a distribution program through which distributors can sell the authentic LOCATOR® attachment system from Zest.

14. Zest Anchors, Inc. also registered its valuable trademark rights with the U.S. Patent and Trademark Office, receiving registrations for ZEST® (U.S. Registration Nos. 989,049 and 1,251,485) and LOCATOR® (U.S. Registration No. 2,559,602), among others. Copies of the ZEST® and LOCATOR® registrations are attached hereto as Exhibit C and Exhibit D, respectively.

15. U.S. Registration 989,049 for ZEST®, which registered on July 23, 1974, covers "Anchor for use in support and retention of full and partial dentures" in International Class 10. It claims a first use date of at least as early as October 31, 1971. This registration has been renewed since its registration date, and it became incontestable on October 29, 1979.

-3-

17646105

16. U.S. Registration 1,251,485 for ZEST®, which registered on September 20, 1983, covers "Gel for treatment of exposed tooth surfaces involved in overdenture retention" in International Class 05. It claims a first use date of at least as early as October 7, 1981. This registration has been renewed since its registration date, and it became incontestable on December 8, 1988.

17. Through decades of use, Zest has also accrued substantial common law rights and significant goodwill in the name and trademark ZEST® used in connection with dental attachments.

18. U.S. Registration No. 2,559,602 for LOCATOR®, which registered on April 9, 2002, covers "dental implants and attachments" in International Class 10. It claims a first use date of at least as early as September 9, 1999. This registration has been renewed since its registration date, and it became incontestable on November 23, 2007.

19. Zest Holdings acquired all rights and title to U.S. Patent No. 6,030,219 and U.S. Patent No. 6,299,447, U.S. Registration Nos. 989,049; 1,251,485 and 2,559,602 as well as all common law and other intellectual property rights, via assignment in December 2009. Zest Anchors is the exclusive licensee of Zest Holdings' intellectual property rights.

20. Upon information and belief, Implant Direct began offering for sale and/or selling the "GoDirect" product in December 2009, and began marketing the product in conjunction with Zest's marks at least as early as late 2008. The "GoDirect" product is manufactured by Implant Direct and is advertised for sale through direct mailings, advertisements and online at www.implantdirect.com. The "GoDirect" product is sold directly through the website also. Upon information and belief, the product is also offered for sale and sold nationwide to clinicians, oral surgeons, dental laboratories and dentists directly by Implant Direct.

21. Upon information and belief, Implant Direct began offering for sale and/or selling the "GPS" product in August 2010, and began marketing the product in conjunction with Zest's marks at that time. Upon information and belief, the "GPS" product is manufactured by Implant Direct and is advertised for sale through direct mailings, advertisements and online at www.implantdirect.com. The "GPS" product is sold directly through the website also. Upon

-4-

information and belief, the product is also offered for sale and sold nationwide to clinicians, oral surgeons, dental laboratories and dentists directly by Implant Direct.

22. At the time Implant Direct began offering the "GoDirect" product for sale it was a Distributor of the Zest LOCATOR® Attachment system, as the distributorship relationship began in January 2008. The distributorship relationship between Zest and Implant Direct was terminated as of May 27, 2010.

23. At the time Implant Direct began offering the "GPS" product for sale, it was not a Distributor of the Zest LOCATOR® Attachment system or any Zest product, as any relationship with Zest was previously terminated.

24. Upon information and belief, Implant Direct is infringing the Asserted Patents through its manufacture, use, offer for sale and sale of the "GoDirect" product and is inducing and/or contributing to the infringement of the Asserted Patents literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. Upon information and belief, Implant Direct is also infringing the Asserted Patents through its manufacture, use, offer for sale and sale of the "GPS" product and is inducing and/or contributing to the infringement of the Asserted Patents literally and/or under the doctrine of equivalents in violation of 35 U.S.C. § 271.

25. Implant Direct had knowledge of the Patents-in-Suit, as it was provided notice by Zest of the Asserted Patents prior to offering the "GoDirect" and the "GPS" for sale, as well as notice of the fact that Zest considered the "GoDirect" and the "GPS" an infringement of its patent rights. Implant Direct began manufacturing, offering for sale and selling the "GoDirect" and "GPS" products in disregard of Zest's patent rights. In both instances, Implant Direct acted despite an objectively high likelihood that its actions constituted infringement and that Implant Direct knew of this likelihood.

26. Upon information and belief, Implant Direct offers and sells the "GoDirect" components to clinicians, oral surgeons, dentists and practitioners with the specific intention that the GoDirect is to be used in, and is adapted for use in, a dental attachment system (for attaching dental appliance or overdenture) that embodies the invention of the Asserted Patents. Through marketing materials, informational seminars and videos provided on the Implant Direct website

and through the Internet (e.g., through You Tube) Implant Direct encourages use and provides instructions for use of the "GoDirect", and specifically its use as part of the proprietary multi-component Zest system, to clinicians, oral surgeons, dentists and practitioners in a manner that infringes the Asserted Patents including, at least, claims 1 and 22 of U.S. Patent No. 6,030,219 and claim 1 of U.S. No. Patent 6,299,447. One example of such video is found at www.implantdirect.com/us/swf/tour/product_overview_2009/09_godirect_imp.html. Furthermore, upon information and belief, the "GoDirect" product is manufactured, offered for sale and sold by Implant Direct with the specific intention that it be used as part of an infringing dental attachment system that embodies the invention of the Asserted Patents and has no substantial non-infringing uses.

27. Upon information and belief, Implant Direct offers and sells the "GPS" components to clinicians, oral surgeons, dentists and practitioners with the specific intention that the GPS is to be used in, and is adapted for use in, a dental attachment system (for attaching dental appliance or overdenture) that embodies the invention of the Asserted Patents. Through marketing materials and videos provided on the Implant Direct website and posted on the Internet, Implant Direct encourages use and provides instructions for use of the "GPS", and specifically its use as part of the proprietary Zest system, to clinicians, oral surgeons, dentists and practitioners in a manner that infringes the Asserted Patents including, at least, claims 1 and 22 of U.S. Patent No. 6,030,219 and claim 1 of U.S. No. Patent 6,299,447. Furthermore, upon information and belief, the "GPS" product is manufactured, offered for sale and sold by Implant Direct with the specific intention that it be used as part of an infringing dental attachment system that embodies the invention of the Asserted Patents and has no substantial non-infringing uses.

28. Implant Direct is marketing and distributing the "GoDirect" and "GPS" products in conjunction with the trademarks ZEST® and LOCATOR® in a prominent manner that falsely and unfairly implies that the products are genuine Zest LOCATOR® products or are affiliated with, licensed or sponsored by Zest.

1  29.  For instance, set forth below is an illustrative example of Implant Direct's use of
2  the LOCATOR® trademark to advertise the "GoDirect" product (also attached hereto as Exhibit
3  E):



12  30.  Such use of the LOCATOR® trademark, as well as the advertising used in
13  connection therewith, is likely to cause confusion, deception or mistake because the prominence
14  of the LOCATOR® mark in such advertisements suggests to consumers that the "GoDirect"
15  product is authorized, endorsed or sponsored by Zest.

16  31.  In addition, such use of the LOCATOR® trademark, as well as the advertising
17  used in connection therewith, is likely to cause confusion, deception or mistake because the
18  "GoDirect" product is not in fact "compatible" with the Zest LOCATOR® attachment system,
19  but is instead a copy of one or more of the components of the Zest LOCATOR® attachment
20  system, which is a patented multi-component system covered by the Asserted Patents.

21  32.  Implant Direct is also marketing and distributing its newly-launched "GPS"
22  product in conjunction with the trademarks ZEST® and LOCATOR® in a prominent manner that
23  falsely and unfairly implies that the product is a genuine Zest LOCATOR® product or is
24  affiliated with, licensed or sponsored by Zest.

25  33.  For instance, set forth below is an illustrative example of Implant Direct's use of
26  the LOCATOR® trademark to advertise the "GPS" product (also attached hereto as Exhibit F):

-7-

17646105

**Implant Direct™** — simply smarter.

Ask about our new 0°, 8°, and 15° Zirconia/Titanium Abutments and GPS™ Overdenture Abutments*.
*Compatible with Zest Locator® System

**Implant Direct's line of Industry Compatible Abutments**

- Straight Snap-On $85
- Straight Contoured $85
- Straight Zirconia/Ti $120
- Angled Contoured $85
- Ball Abutment $85†
- Straumann® Tissue-Level SwissPlant™
- Nobel Replace® RePlant®
- Full Contour Platform Switching $75
- GPS™ Abutment $100
- Zimmer Screw-Vent® MIS Legacy™
- ScrewPlant® ScrewPlus®
- Gold/Plastic Castable $100
- Screw Receiving $85†
- Titanium Temporary $35
- 15° & 30° Screw Receiving $100†
- Engaging $35 Non-Engaging $30 Castable
- Plastic Temporary $35

NEW $100 — GPS™ Abutment & Cap for Overdentures

NEW $120 — 0°, 8°, & 15° Zirconia/Ti Abutments

A complete line of prosthetic components for NobelBiocare Tri-Lobe, Straumann Internal Octagon and Zimmer/BioHorizons/MIS Internal Hex implants.

Implant Direct Int'l  8840 W. Russell Road #210, Las Vegas, NV 89148    Manufacturing/Sales: 1-818-444-3333
www.implantdirect.com

†Price excludes Prosthetic Coping and Attachments.

Locator® is a registered trademark of Zest Anchor Company
All trademarks are the property of their respective companies

17646105

34. Such uses of the ZEST® and LOCATOR® trademarks, as well as the advertising used in connection therewith, are likely to cause confusion, deception or mistake because the prominence of the LOCATOR® mark in such advertisements suggests to consumers that the "GPS" product is authorized, endorsed or sponsored by Zest.

35. In addition, such use of the ZEST® and LOCATOR® trademarks, as well as the advertising used in connection therewith, is likely to cause confusion, deception or mistake because the "GPS" product is not in fact "compatible" with the Zest LOCATOR® attachment system, but is instead a copy of one or more components of Zest LOCATOR® attachment system.

36. In addition Implant Direct has posted on its website, as well as on the Internet, a number of advertisements, including pamphlets and videos, that use the ZEST® and LOCATOR® trademarks in a manner that is likely to cause confusion, deception or mistake among consumers. For instance, upon information and belief, in a video advertisement on the Implant Direct website (available at www.implantdirect.com/us/pop-out/Locator_Abutment_HiQ.htm), Implant Direct is using its IMPLANT DIRECT trademark, as well as the ZEST® and LOCATOR® trademarks, to advertise what appears to be an actual Zest LOCATOR® attachment system. (A printout of this advertisement from the Implant Direct website is attached hereto as Exhibit G). Because Implant Direct is not an authorized distributor of the Zest LOCATOR® attachment system, such use by Implant Direct of the ZEST® and LOCATOR® trademarks is likely to cause confusion, deception or mistake. Further, the words "Featuring ZEST® LOCATOR® Compatible Platform" are also likely to cause confusion, deception or mistake because, upon information and belief, the product being advertised is not in fact "compatible" with the Zest LOCATOR® attachment system, but is itself the Zest LOCATOR® attachment system, albeit sold without authorization, and thus not subject to Zest's quality control procedures.

37. Upon information and belief, in another video advertisement on the Implant Direct website (available at www.implantdirect.com/us/pop-out/GoDirect_Surgical_HiQ.htm), Implant Direct is using the ZEST® and LOCATOR® trademarks in a prominent manner in connection with the "GoDirect" product such that consumers are likely to be confused into

-9-

believing that the "GoDirect" product is authorized, endorsed or sponsored by Zest. (A printout of this advertisement from the Implant Direct website is attached hereto as Exhibit H). Further, the words "Featuring ZEST® LOCATOR® Compatible Platform" are also likely to cause confusion, deception or mistake because the "GoDirect" product is not in fact "compatible" with the Zest LOCATOR® attachment system, but is instead a copy of one or more of the components of the Zest LOCATOR® attachment system. Furthermore, the use of the same words "Featuring Zest® LOCATOR® Compatible Platform" in describing the "Go Direct" and the Zest Locator® is likely to cause confusion, deception or mistake among consumers.

38. Implant Direct's use of marks that are identical to Zest's marks will cause confusion, deception, or mistake because consumers are likely to assume that Zest has sponsored, authorized, or approved such use. In fact, consumers who have seen Implant Direct's promotional materials for the "GoDirect" product have contacted Zest under the mistaken belief that Zest sponsors or endorses Implant Direct's "GoDirect" product.

39. Implant Direct's unauthorized use of Zest's incontestable marks in connection with identical and highly similar goods and services through identical marketing channels has caused actual consumer confusion, and unless enjoined, will continue to do so.

40. Also, Implant Direct's advertising and other materials contain false and misleading representations about Implant Direct's products which are likely to influence consumers' purchasing decisions, including, without limitation, the false and misleading statements identified in paragraphs 29, 33, 36, and 37. These misrepresentations have confused and deceived consumers and unless enjoined, will continue to do so.

41. Implant Direct began using, and continues to use, Zest's marks with full and actual knowledge and awareness of Zest's use of and rights to those marks. Moreover, Zest's federal registration of ZEST® (U.S. Registration Nos. 989,049 and 1,251,485) and LOCATOR® (U.S. Registration No. 2,559,602) provides constructive notice of Zest's ownership of those marks. Thus, Implant Direct is using Zest's trademarks, without authorization, despite having both actual and constructive knowledge of Zest's rights.

17646105

42. Implant Direct's acts of infringement have been and continue to be egregious, willful, intentional, and in wanton disregard of Zest's rights.

43. By misappropriating Zest's patented technology and by utilizing Zest's registered trademarks in connection with the "GoDirect" and "GPS" products in such a way that is likely to cause consumer confusion as to the source, sponsorship or affiliation of the products, Implant Direct is infringing Zest's intellectual property and is wrongfully and unfairly exploiting Zest's name and reputation.

## FIRST CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,030,219

44. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

45. Zest Holdings is the owner by assignment of all right, title and interest in and to United States Patent No. 6,030,219 ("the '219 patent").

46. The '219 patent is entitled "Dental Attachment Assembly." A true and correct copy of the '219 patent is attached hereto as Exhibit A.  On February 29, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '219 patent and it was assigned to Zest Anchors, Inc.  In December 2009, the '219 patent was assigned to Zest Holdings.

47. By virtue of its ownership of the '219 patent, Zest Holdings has the right to sue for infringement of the '219 patent and to recover damages for infringement of such patent. Zest Anchors, as the exclusive licensee of the '219 patent, has the right to sue for infringement of the '219 patent and to recover damages for infringement of such patent.

48. Zest alleges, upon information and belief, that Implant Direct has directly infringed, actively induced infringement of, and/or contributorily infringed the '219 patent literally and/or under the doctrine of equivalents in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale, and/or importing into the United States dental attachment products, and in particular, the GoDirect and GPS products covered by the '219 patent.

49. Upon information and belief, Implant Direct's infringement of the '219 patent has been willful, entitling Zest to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

50. Upon information and belief, Implant Direct will continue to infringe and willfully infringe the '219 patent unless it is enjoined from doing so by this Court.

51. Upon information and belief, Implant Directs' infringement of the '219 patent is irreparably injuring and damaging Zest, and such injury and damage will continue unless Implant Direct is permanently enjoined by this Court from further infringement and willful infringement of the '219 patent.

## SECOND CLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,299,447

52. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein

53. Zest Holdings is the owner by assignment of all right, title and interest in and to United States Patent No. 6,299,447 ("the '447 patent").

54. The '447 patent is entitled "Dental Attachment Assembly." A true and correct copy of the '447 patent is attached hereto as Exhibit B. On October 9, 2001, the USPTO duly and legally issued the '447 patent and it was assigned to Zest Anchors, Inc. In December 2009, the '447 patent was assigned to Zest Holdings.

55. By virtue of its ownership of the '447 patent, Zest Holdings has the right to sue for infringement of the '447 patent and to recover damages for infringement of such patent. Zest Anchor, as the exclusive licensee of the '447 patent, has the right to sue for infringement of the '447 patent and to recover damages for infringement of such patent.

56. Zest alleges, upon information and belief, that Implant Direct has directly infringed, actively induced infringement of, and/or contributorily infringed the '447 patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271 by making, using, selling, offering for sale, and/or importing into the United States dental attachment products, and in particular the GoDirect and GPS products covered by the '447 patent.

57. Upon information and belief, Implant Direct's infringement of the '447 patent has been willful, entitling Zest to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

58. Upon information and belief, Implant Direct will continue to infringe and willfully infringe the '447 patent unless it is enjoined from doing so by this Court.

59. Upon information and belief, Implant Directs' infringement of the '447 patent is irreparably injuring and damaging Zest, and such injury and damage will continue unless Implant Direct is permanently enjoined by this Court from further infringement and willful infringement of the '447 patent.

## THIRD CLAIM
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(A))

60. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

61. Zest owns various registered trademarks pertaining to its dental attachment products, including registrations for ZEST® (U.S. Registration Nos. 989,049 and 1,251,485) and LOCATOR® (U.S. Registration No. 2,559,602), attached hereto as Exhibit C and Exhibit D, respectively.

62. These marks are valid and legally protectable, and are incontestable under 15 U.S.C. §§ 1065 and 1115(b). Implant Direct is using Zest's registered trademarks, without Zest's authorization, in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services which compete with Zest's goods offered in connection with its registered trademarks.

63. Zest's use of the ZEST and LOCATOR marks predates Implant Direct's use of those marks.

64. Implant Direct's unauthorized use of Zest's registered marks in connection with goods and services that compete with Zest's goods has caused, and will continue to cause, confusion, mistake and deceit such that it constitutes trademark infringement in violation of § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1)(A).

17646105

65. Implant Direct's acts as described herein infringe Zest's registered marks and irreparably injure Zest's business, reputation, and good will, and unless restrained and enjoined, will continue to do so.

66. Implant Direct's infringement of the Zest trademarks as alleged herein is willful and intentional and thus constitutes an exceptional case, which entitles Zest to an award of Implant Direct's profits, Zest's damages, costs and attorneys' fees, pursuant to 15 U.S.C. §1117(a).

## FOURTH CLAIM
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

67. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

68. Zest has common law trademark rights in the marks ZEST® and LOCATOR®, among others. These marks are valid and legally protectable, because they have become well and favorably known throughout the United States, including California, as indicators of goods and services emanating from or authorized by a single source—Zest.

69. Implant Direct has caused goods and services to enter into interstate commerce bearing Zest's common law trademarks and service marks. Implant Direct's use of Zest's trademarks in connection with identical or highly similar goods and services falsely suggests that these goods and services are connected with, sponsored by, or affiliated with Zest.

70. Such use of Zest's marks is a false designation of origin which has caused and will continue to cause confusion and mistake and to deceive as to the affiliation, connection or association of Implant Direct with Zest in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71. As a direct and proximate result of Implant Direct's activities, Zest has suffered damages and, unless Implant Direct is enjoined, Zest will continue to suffer monetary loss and irreparable injury to its business, reputation and goodwill.

72. Implant Direct's false designation of origin as alleged herein is intentional and constitutes an exceptional case. Accordingly, Zest is entitled to an award of Implant Direct's

profits, Zest's damages, costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and as otherwise provided by law.

## FIFTH CLAIM
## FALSE ADVERTISING (15 U.S.C. § 1125(A)(1)(B))

73. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

74. Implant Direct's use of Zest Anchor's trademarks set forth herein has led to actual confusion in the marketplace.

75. The actual confusion created in the marketplace can only be attributable to Implant Direct's false and misleading representations that it or its "GoDirect" and "GPS" product are affiliated with Zest and that its goods are authorized by Zest, and that its goods are "compatible" with the Zest LOCATOR® attachment system, all of which constitutes false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

76. Implant Direct is using false or misleading descriptions or representations of fact, as stated herein, in interstate commerce and in connection with goods and services in commercial advertising or promotion.

77. Implant Direct's false or misleading descriptions or representations of fact concerning its GoDirect and GPS products and their source, sponsorship or affiliation with Zest, misrepresent Implant Direct's commercial activities, and are likely to deceive a substantial portion of the intended audience.

78. Implant Direct's false or misleading descriptions or representations of fact are material because they are likely to influence consumers' purchasing decisions.

79. Implant Direct is a direct competitor of Zest, and its actions are causing irreparable injury to Zest's business, reputation and goodwill, and unless enjoined, will continue to do so, both by direct diversion of sales and by a lessening of the goodwill associated with Zest's business. Accordingly, Zest has suffered damages in an amount to be proved at trial.

## SIXTH CLAIM
## UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)

80. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

81. Zest has not consented to Implant Direct's use of its trademarks including ZEST and LOCATOR on its products, namely the "GoDirect" and "GPS" products, nor has Zest authorized Implant Direct to make the deceptive and misleading statements complained of herein, which Implant Direct knew, or by the exercise of reasonable care should have known, were deceptive and misleading.

82. Implant Direct's conduct, namely, its intentional unauthorized use of Zest's trademarks in a manner that is likely to cause consumer confusion and its deceptive and misleading advertising constitutes unfair competition under California Business and Professions Code § 17200, *et seq.*

83. Implant Direct's actions are unlawful, unfair and/or fraudulent, and present a continuing threat to the public because of the consumer confusion that they are causing.

84. As a result of Implant Direct's unfair competition, Zest has suffered economic injury in an amount to be determined at trial.

85. As a result of Implant Direct's unfair competition, Zest has suffered irreparable injury to its business, reputation, and goodwill.  Zest will continue to suffer irreparable injury unless Implant Direct's misconduct is enjoined by this Court.

## SEVENTH CLAIM
## FALSE ADVERTISING (CAL. BUS. & PROF. CODE § 17500, *ET SEQ.*)

86. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

87. The untrue and misleading statements of Implant Direct, which Implant Direct knew, or by the exercise of reasonable care should have known, were untrue and misleading, constitute false advertising under California Business and Professions Code § 17500, *et seq.*

88. Implant Direct's false advertising is likely to deceive a significant portion of the targeted consumers and therefore presents a continuing threat to the public.

89. As a result of Implant Direct's false advertising, Zest has suffered economic injury in an amount to be determined at trial.

17646105

90. As a result of Implant Direct's false advertising, Zest has suffered irreparable injury to its business, reputation, and goodwill.  Zest will continue to suffer irreparable injury unless Implant Direct's misconduct is enjoined by this Court.

### EIGHTH CLAIM
### COMMON LAW UNFAIR COMPETITION

91. Zest incorporates by reference paragraphs 1 – 43 as if fully set forth herein.

92. Zest has not consented to Implant Direct's use of its trademarks including ZEST and LOCATOR on its products, namely the "GoDirect" and "GPS" products, nor has Zest authorized Implant Direct to make the false and misleading statements complained of herein, which Implant Direct knew, or by the exercise of reasonable care should have known, were false and misleading.

93. Implant Direct's use of Zest's marks is being conducted with the intent to deceive the public into believing that Implant Direct's goods and services are affiliated with Zest.  Implant Direct's unauthorized use of Zest's marks, and its false and misleading advertising, constitutes unfair competition in violation of the common law of California.

94. As a result of Implant Direct's common law unfair competition, Zest has suffered damages in an amount to be determined at trial.

95. As a result of Implant Direct's common law unfair competition, Zest has suffered irreparable injury to its business, reputation, and goodwill.  Zest will continue to suffer irreparable injury unless Implant Direct's misconduct is enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Zest prays for the following relief:

1. A judgment finding that Implant Direct has infringed, induced the infringement and/or contributed to the infringement and infringes, induces the infringement and/or contributes to the infringement of the '219 patent and the '447 patent;

2. A judgment finding that Implant Direct has infringed and infringes Zest's registered and common law trademarks, including ZEST and LOCATOR, and finding that Implant Direct is liable for all of the other claims asserted herein, including false designation of

origin, false advertising and unfair competition;

3. An order permanently enjoining Implant Direct, its agents, officers, directors, assigns and others acting in concert with any of them from infringing, inducing and/or contributing to the infringement of the '219 patent and the '447 patent;

4. A order permanently enjoining Implant Direct, its agents, officers, directors, assigns and others acting in concert with any of them from using, including but not limited to selling, or otherwise exploiting or attempting to exploit, Zest's trademarks listed herein for and/or in connection with any business involving the offer or sale of the "GoDirect" and "GPS" products, and permanently enjoining Implant Direct, its agents, officers, directors, assigns and others acting in concert with any of them from engaging in any of the conduct complained of herein, including false designation of origin, false advertising and unfair competition;

5. An award of damages to compensate Zest for Implant Direct's infringement of the '219 patent and the '447 patent;

6. An award of damages to compensate Zest for Implant Direct's infringement of Zest's trademarks ZEST® and LOCATOR®, and for all additional conduct by Implant Direct complained of herein, including false designation of origin, false advertising and unfair competition;

7. An award of prejudgment interest and post-judgment interest on the damages awarded for Implant Direct's infringement of the '229 patent and the '447 patent and Zest's trademarks and on the damages awarded for all of the other unlawful conduct complained of herein;

8. A judicial determination that Implant Direct has willfully infringed the '229 and '447 patents and Zest's trademarks, and that treble damages should be awarded pursuant to 35 U.S.C. § 284;

9. That this case be deemed an exceptional case and Zest be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

10. That this case be deemed an exceptional case within the meaning of 15 U.S.C. §1117(a) and Zest be awarded its attorneys' fees and costs;

17646105

11. A judgment ordering Implant Direct, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Zest within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Implant Direct has complied with the injunction and implemented adequate and effective means to discontinue services under Zest's intellectual property and to discontinue the other acts complained of herein, including false designation of origin, false advertising and unfair competition;

12. A judgment ordering Implant Direct, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all brochures, flyers, signs, stationary, insignia, premiums, marketing materials, and advertisements, whether electronic, in hardcopy, or otherwise in Implant Direct's possession or under Implant Direct's control bearing the trademarks ZEST® and/or LOCATOR® or bearing the false advertising complained of herein;

13. A judgment that Implant Direct, pursuant to 15 U.S.C. § 1117(a), account for and disgorge to Zest all of the profits realized by Implant Direct, or others acting in concert or participating with Implant Direct, resulting from Implant Direct's acts of trademark infringement, false advertising and false designation of origin and unfair competition;

14. A judgment that Implant Direct be enjoined pursuant to Cal. Business and Professions Code § 17203, and that the Court make such orders as to restore to Zest any money or property acquired by means of such unfair competition.

15. Awarding Zest such other and further relief that the Court deems just and proper.

**JURY DEMAND**

Zest hereby demands a jury trial on all issues triable to the jury.

Date: August ___, 2010                    MAYER BROWN LLP


                                          By: ___/s/_____
                                             Brandon Baum
                                             Attorneys for Plaintiffs Zest IP Holdings, LLC
                                             and Zest Anchors, LLC

-19-

17646105