1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ZEST IP HOLDINGS, LLC, et al.,  )  Civil No. 10-0541-LAB(WVG)
                                     )
12                       Plaintiffs  )  ORDER REGARDING PRODUCTION
                                     )  OF PATENT APPLICATIONS
13   v.                              )
                                     )
14   IMPLANT DIRECT MFG., LLC,       )
     et al.,                         )
15                                   )
                         Defendants. )
16                                   )
     _____)
17

18        On  October  12,  2011,  the  Court  conducted  a  Discovery

19   Conference  in  this  case.  At  the  Discovery  Conference,  the  Court

20   discussed  with  counsel  the  potential  production  of  Defendants'

21   patent applications, as sought by Plaintiffs. At the conference, the

22   Court  ordered  Defendants  to  produce  to  the  Court,  for  *in camera*

23   review,  the  patent  applications  at  issue.  On  October  17,  2011,

24   Plaintiffs'  counsel  submitted  briefing  on  the  issues  presented.  On

25   October  20,  2011,  Defendants'  counsel  submitted  briefing  on  the

26   issues  presented,  as  well  as  the  patent  applications.  The  Court

27   received  from  Defendants  two  patent  applications.  The  Court  has

28   reviewed *in camera*, the patent applications.

10cv0541

1     After careful review of Defendants' *in camera* submission, the

2  pleadings, the parties' letter briefs, and relevant case law and

3  statutory authority, it is plainly obvious to the Court that

4  Defendants' two patent applications[1/] fall squarely within the ambit

5  of Federal Rule of Civil Procedure 26. Defendants' two patent

6  applications are relevant to the parties' claims and defenses and/or

7  are likely to lead to admissible evidence in this action.

8     Defendants object to the disclosure on several grounds: (1)

9  relevance; (2) confidentiality; (3) fear that opposing counsel will

10 not honor the Protective Order filed in this case; (4) the attorney-

11 client privilege; and (5) judicial privilege. The Court has

12 considered these objections and finds as follows:

13     1. <u>Relevance</u>

14     The relevance of the patent applications is obvious to the

15 Court as both applications make extensive reference to Plaintiffs'

16 patents, (the '219 and '447 patents), which are the subject of this

17 action. The Court does not share Defendants' restrictive view of

18 relevance that the only comparison that need be made is between

19 Plaintiffs' patent claims and Defendants' allegedly infringing

20 products. "Many courts have concluded that such applications are

21 relevant because they 'may contain information or admissions that

22 clarify, define or interpret the claims of the patent in suit.'"

23 <u>Caliper Technologies Corp. v Molecular Devises Corp.</u>, 213 F.R.D.

24 555, 561 (N.D. Cal. 2003) citing <u>Tristrata Technology, Inc. v.</u>

25 _____

26 [1/]   One application, '658, appears to have been abandoned because
        sufficient time has passed without Defendants replying to the U.S.
        Patent and Trademark Office's letter of rejection. The other
27      application, '637, also was recently rejected by the U.S. Patent and
        Trademark Office. However, the time for Defendants to reply to the
28      rejection has not yet expired. Accordingly, it is premature to
        conclude that application '637 has been abandoned, as well.

10cv0541

1   <u>Neoteric Cosmetics, Inc.</u>, 35 F. Supp 2d 370, 372 (D. Del. 1998).

2   This Court concludes the same. Relevant evidence regarding willful

3   infringement, prior art, and equivalency may be present within

4   Defendants' two patent applications.

5          2. <u>Confidentiality</u>

6          The Court recognizes that Plaintiffs and Defendants are

7   "fierce competitors" as Defendants contend. However, this intense

8   rivalry does not trump Plaintiffs' right and access to relevant

9   information they need to prosecute their case. The Court has

10  approved a two-tier Protective Order (Doc. No. 30) proposed by the

11  parties in this action. The Protective Order provides guidelines for

12  the classification of information to protect the information's

13  confidentiality. The Protective Order, at paragraph 4, allows the

14  party producing a document to designate the document as "Confiden-

15  tial" and "Confidential - For Counsel Only." Moreover, the Protec-

16  tive Order, at paragraph 22, allows a party to object to the

17  disclosure of information on any ground "other than the mere

18  presence of Confidential Information." Clearly, the parties, and

19  especially Defendants, in a case involving highly sensitive

20  information regarding products which are the life-blood of their

21  respective businesses, contemplated the necessity of having to

22  release such information to each other and took positive steps to

23  propose such a Protective Order. Defendants' unease with the

24  protection provided by the Protective Order, which was jointly

25  submitted to the Court, lacks justification.

26

27

28

10cv0541

3. <u>Fear That Opposing Counsel May Not Honor</u>

<u>The Protective Order</u>

This objection is closely related to the previous objection. The basis for Defendants' fear is that Plaintiffs' counsel is a member of the same law firm that prosecutes Plaintiffs' patent applications. Defendants contend that disclosure to Plaintiffs' counsel of the two patent applications at issue may result in intentional or even inadvertent disclosure to Plaintiffs' patent prosecutors. Defendants further assert that if that were to occur, it would cause irreparable harm to their business interests. Although Plaintiffs' counsel has orally assured Defendants that no such disclosure would occur, Defendants nonetheless demand Plaintiffs' counsel execute a written document that states that the patent prosecutors in her law firm will be insulated from any disclosure made to her. The Court is uncertain what additional protection is afforded Defendants by such a writing that is not afforded to it already by counsel's oral assurances, made in the Court's presence, that no such disclosure will occur. Counsel's word is her bond and this is sufficient for the Court. Moreover, the Court assumes, until shown otherwise, that all attorneys practicing before it conduct themselves ethically and in accordance with all agreements and orders such as the Protective Order entered in this case. Defendant has not produced any evidence to the Court which would call into question Plaintiffs' counsel integrity. Additionally, Plaintiffs' counsel is undoubtedly aware of the serious consequences for any unauthorized disclosure of confidential information.

10cv0541

1        4. <u>The Attorney-Client Privilege</u>

2        Defendants have not cited any authority to support their

3   position that their patent applications, even though submitted to

4   the U.S. Patent and Trademark Office pursuant to 35 U.S.C. §122(a),

5   (b)(2)(B)(2)(A)(i), fall within the scope of the attorney-client

6   privilege. Defendants argue that they submitted the patent applica-

7   tions pursuant to § 122 "in absolute secrecy" and to seek the U.S.

8   Patent and Trademark Office's "legal advice" on the patentability of

9   its products. However, there is ample case authority, which will be

10  addressed in the next section of this Order, that supports a court's

11  authority to order disclosure of patent applications submitted to

12  the U.S. Patent and Trademark Office, pursuant to § 122.

13       5. <u>Judicial Privilege</u>

14       It is unclear to the Court exactly what is meant by "judicial

15  privilege." However, taken in context, it appears that Defendants

16  allude to the protection afforded to patent applications submitted

17  pursuant to § 122. Defendants correctly cite the holding in <u>Ideal</u>

18  <u>Toy Corp v. Tyco Industries, Inc.</u>, 478 F. Supp. 1191 (D. Del. 1979)

19  that upheld the non-disclosure to Tyco of information contained

20  within Ideal's two abandoned and one pending patent application. In

21  <u>Ideal</u>, the court acknowledged, as did Tyco, that § 122's secrecy

22  provisions were "not applicable to the United States District

23  Court." <u>Id.</u> at 1193. This statement was conveniently ignored by

24  Defendants in their letter brief, as was the <u>Ideal</u> court's many

25  citations to other cases in which disclosure was ordered. The <u>Ideal</u>

26  court also acknowledged that disclosure "require[d] a balancing of

27  competing policy and litigation interests," <u>Id.</u> at 1193, and it was

28  this balancing, not § 122's purported secrecy provisions, that

10cv0541

ultimately convinced the court that disclosure should not be ordered.

Defendants do not cite any other case law for the proposition that disclosure should not be ordered because § 122 provides "safe cover" for its confidentiality. That is for good reason. There is abundant authority, as cited in Ideal, that § 122 does not prevent disclosure. In addition to the many cases cited by the Ideal court, see also, Britt Tech Corp v. L&A Products, Inc., 223 F. Supp. 126 (D. Minn. 1963)(Section 122 "enjoins only the patent office to maintain the confidence." Disclosure was ordered.); Central Sprinkler Co. v. Grinnell Corp., 897 F.Supp 225 (E.D. Pa. 1995)("Courts agree that the secrecy of applications should be preserved when possible. . . Although this directive [Section 122] is not binding on the courts, it is respected in them." Disclosure was ordered.); Caliper Technologies v. Molecular Devices, 213 F.R.D. 555, 562 (N.D. Cal. 2003) (Secrecy of pending and abandoned applications should be preserved when possible but burden is on party seeking confidentiality to establish burden in production. Disclosure was ordered.); Crown Machine & Tool Co v. KVP-Sutherland Paper Co., 244 F. Supp. 543 (N.D. Cal. 1965) ("[Section] 122 does not have the effect of rendering patent applications privileged for judicial purposes." Disclosure was ordered.)

Defendants have offered a compromise solution. While the offered compromise is generous, such a solution hardly satisfies their obligation to produce relevant and critical information to Plaintiffs.

The Court is mindful of Defendants' concerns in producing highly sensitive and potentially damaging information to their

10cv0541

1    competitors. The Court has reviewed and considered the "competing

2    policy and litigation interests" attendant to this inquiry. It is

3    quite clear to the Court that disclosure must be made and that

4    adequate safeguards exist to protect Defendants' proprietary

5    interests.

6         Plaintiff's request to compel Defendants to disclose the two

7    patent applications is hereby GRANTED.  On or before <u>November 23,</u>

8    <u>2011</u>, Defendants are ordered to produce unredacted copies of the

9    entire patent application in Application No. '637 and Application

10   No. '658 as reflected in Bates Stamp Nos. IDL 003314-003702, as

11   provided to the Court *in camera*.

12        Production as noted above is subject to the following

13   conditions:

14        (1) The Court will retain Defendants' *in camera* submissions

15   until any and all disputes related to their disclosure have been

16   resolved;

17        (2) Pursuant to the Protective Order, Defendants shall

18   appropriately designate the patent applications prior to producing

19   them to Plaintiffs' counsel;

20        (3) Pursuant to the Protective Order, Plaintiffs' counsel

21   shall safeguard the patent applications and shall not share them

22   with anyone other than appropriately designated individuals;

23        (4) Pursuant to the Protective Order, Plaintiffs' counsel

24   specifically shall not disclose the patent applications, or any of

25   the contents of the patent applications, to Plaintiffs or to any

26

27

28

10cv0541

1   attorney in her law firm that prosecutes, or has prosecuted patents,

2   on behalf of Plaintiffs.

3          IT IS SO ORDERED.

4

5   DATED:  November 14, 2011

6

7                                    _____
                                     Hon. William V. Gallo
8                                    U.S. Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0541