UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, et al., | Civil No. 10-0541-LAB(WVG) |
| Plaintiffs | ORDER REGARDING PRODUCTION OF PATENT APPLICATIONS |
| v. | |
| IMPLANT DIRECT MFG., LLC, et al., | |
| Defendants. | |

On October 12, 2011, the Court conducted a Discovery Conference in this case. At the Discovery Conference, the Court discussed with counsel the potential production of Defendants' patent applications, as sought by Plaintiffs. At the conference, the Court ordered Defendants to produce to the Court, for *in camera* review, the patent applications at issue. On October 17, 2011, Plaintiffs' counsel submitted briefing on the issues presented. On October 20, 2011, Defendants' counsel submitted briefing on the issues presented, as well as the patent applications. The Court received from Defendants two patent applications. The Court has reviewed *in camera*, the patent applications.

1        After careful review of Defendants' *in camera* submission, the pleadings, the parties' letter briefs, and relevant case law and statutory authority, it is plainly obvious to the Court that Defendants' two patent applications[1] fall squarely within the ambit of Federal Rule of Civil Procedure 26. Defendants' two patent applications are relevant to the parties' claims and defenses and/or are likely to lead to admissible evidence in this action.

Defendants object to the disclosure on several grounds: (1) relevance; (2) confidentiality; (3) fear that opposing counsel will not honor the Protective Order filed in this case; (4) the attorney-client privilege; and (5) judicial privilege. The Court has considered these objections and finds as follows:

1. <u>Relevance</u>

The relevance of the patent applications is obvious to the Court as both applications make extensive reference to Plaintiffs' patents, (the '219 and '447 patents), which are the subject of this action. The Court does not share Defendants' restrictive view of relevance that the only comparison that need be made is between Plaintiffs' patent claims and Defendants' allegedly infringing products. "Many courts have concluded that such applications are relevant because they 'may contain information or admissions that clarify, define or interpret the claims of the patent in suit.'" <u>Caliper Technologies Corp. v Molecular Devises Corp.</u>, 213 F.R.D. 555, 561 (N.D. Cal. 2003) citing <u>Tristrata Technology, Inc. v.</u>

---

[1] One application, '658, appears to have been abandoned because sufficient time has passed without Defendants replying to the U.S. Patent and Trademark Office's letter of rejection. The other application, '637, also was recently rejected by the U.S. Patent and Trademark Office. However, the time for Defendants to reply to the rejection has not yet expired. Accordingly, it is premature to conclude that application '637 has been abandoned, as well.

1 | Neoteric Cosmetics, Inc., 35 F. Supp 2d 370, 372 (D. Del. 1998).
2 | This Court concludes the same. Relevant evidence regarding willful
3 | infringement, prior art, and equivalency may be present within
4 | Defendants' two patent applications.

5 |     2. Confidentiality

6 |     The Court recognizes that Plaintiffs and Defendants are
7 | "fierce competitors" as Defendants contend. However, this intense
8 | rivalry does not trump Plaintiffs' right and access to relevant
9 | information they need to prosecute their case. The Court has
10 | approved a two-tier Protective Order (Doc. No. 30) proposed by the
11 | parties in this action. The Protective Order provides guidelines for
12 | the classification of information to protect the information's
13 | confidentiality. The Protective Order, at paragraph 4, allows the
14 | party producing a document to designate the document as "Confiden-
15 | tial" and "Confidential - For Counsel Only." Moreover, the Protec-
16 | tive Order, at paragraph 22, allows a party to object to the
17 | disclosure of information on any ground "other than the mere
18 | presence of Confidential Information." Clearly, the parties, and
19 | especially Defendants, in a case involving highly sensitive
20 | information regarding products which are the life-blood of their
21 | respective businesses, contemplated the necessity of having to
22 | release such information to each other and took positive steps to
23 | propose such a Protective Order. Defendants' unease with the
24 | protection provided by the Protective Order, which was jointly
25 | submitted to the Court, lacks justification.

      3. <u>Fear That Opposing Counsel May Not Honor</u>
          <u>The Protective Order</u>

This objection is closely related to the previous objection. The basis for Defendants' fear is that Plaintiffs' counsel is a member of the same law firm that prosecutes Plaintiffs' patent applications. Defendants contend that disclosure to Plaintiffs' counsel of the two patent applications at issue may result in intentional or even inadvertent disclosure to Plaintiffs' patent prosecutors. Defendants further assert that if that were to occur, it would cause irreparable harm to their business interests. Although Plaintiffs' counsel has orally assured Defendants that no such disclosure would occur, Defendants nonetheless demand Plaintiffs' counsel execute a written document that states that the patent prosecutors in her law firm will be insulated from any disclosure made to her. The Court is uncertain what additional protection is afforded Defendants by such a writing that is not afforded to it already by counsel's oral assurances, made in the Court's presence, that no such disclosure will occur. Counsel's word is her bond and this is sufficient for the Court. Moreover, the Court assumes, until shown otherwise, that all attorneys practicing before it conduct themselves ethically and in accordance with all agreements and orders such as the Protective Order entered in this case. Defendant has not produced any evidence to the Court which would call into question Plaintiffs' counsel integrity. Additionally, Plaintiffs' counsel is undoubtedly aware of the serious consequences for any unauthorized disclosure of confidential information.

    4. <u>The Attorney-Client Privilege</u>

Defendants have not cited any authority to support their position that their patent applications, even though submitted to the U.S. Patent and Trademark Office pursuant to 35 U.S.C. §122(a), (b)(2)(B)(2)(A)(i), fall within the scope of the attorney-client privilege. Defendants argue that they submitted the patent applications pursuant to § 122 "in absolute secrecy" and to seek the U.S. Patent and Trademark Office's "legal advice" on the patentability of its products. However, there is ample case authority, which will be addressed in the next section of this Order, that supports a court's authority to order disclosure of patent applications submitted to the U.S. Patent and Trademark Office, pursuant to § 122.

    5. <u>Judicial Privilege</u>

It is unclear to the Court exactly what is meant by "judicial privilege." However, taken in context, it appears that Defendants allude to the protection afforded to patent applications submitted pursuant to § 122. Defendants correctly cite the holding in <u>Ideal Toy Corp v. Tyco Industries, Inc.</u>, 478 F. Supp. 1191 (D. Del. 1979) that upheld the non-disclosure to Tyco of information contained within Ideal's two abandoned and one pending patent application. In <u>Ideal</u>, the court acknowledged, as did Tyco, that § 122's secrecy provisions were "not applicable to the United States District Court." <u>Id.</u> at 1193. This statement was conveniently ignored by Defendants in their letter brief, as was the <u>Ideal</u> court's many citations to other cases in which disclosure was ordered. The <u>Ideal</u> court also acknowledged that disclosure "require[d] a balancing of competing policy and litigation interests," <u>Id.</u> at 1193, and it was this balancing, not § 122's purported secrecy provisions, that

ultimately convinced the court that disclosure should not be ordered.

Defendants do not cite any other case law for the proposition that disclosure should not be ordered because § 122 provides "safe cover" for its confidentiality. That is for good reason. There is abundant authority, as cited in Ideal, that § 122 does not prevent disclosure. In addition to the many cases cited by the Ideal court, see also, Britt Tech Corp v. L&A Products, Inc., 223 F. Supp. 126 (D. Minn. 1963)(Section 122 "enjoins only the patent office to maintain the confidence." Disclosure was ordered.); Central Sprinkler Co. v. Grinnell Corp., 897 F.Supp 225 (E.D. Pa. 1995)("Courts agree that the secrecy of applications should be preserved when possible. . . Although this directive [Section 122] is not binding on the courts, it is respected in them." Disclosure was ordered.); Caliper Technologies v. Molecular Devices, 213 F.R.D. 555, 562 (N.D. Cal. 2003) (Secrecy of pending and abandoned applications should be preserved when possible but burden is on party seeking confidentiality to establish burden in production. Disclosure was ordered.); Crown Machine & Tool Co v. KVP-Sutherland Paper Co., 244 F. Supp. 543 (N.D. Cal. 1965) ("[Section] 122 does not have the effect of rendering patent applications privileged for judicial purposes." Disclosure was ordered.)

Defendants have offered a compromise solution. While the offered compromise is generous, such a solution hardly satisfies their obligation to produce relevant and critical information to Plaintiffs.

The Court is mindful of Defendants' concerns in producing highly sensitive and potentially damaging information to their

competitors. The Court has reviewed and considered the "competing policy and litigation interests" attendant to this inquiry. It is quite clear to the Court that disclosure must be made and that adequate safeguards exist to protect Defendants' proprietary interests.

Plaintiff's request to compel Defendants to disclose the two patent applications is hereby GRANTED. On or before <u>November 23, 2011</u>, Defendants are ordered to produce unredacted copies of the entire patent application in Application No. '637 and Application No. '658 as reflected in Bates Stamp Nos. IDL 003314-003702, as provided to the Court *in camera*.

Production as noted above is subject to the following conditions:

(1) The Court will retain Defendants' *in camera* submissions until any and all disputes related to their disclosure have been resolved;

(2) Pursuant to the Protective Order, Defendants shall appropriately designate the patent applications prior to producing them to Plaintiffs' counsel;

(3) Pursuant to the Protective Order, Plaintiffs' counsel shall safeguard the patent applications and shall not share them with anyone other than appropriately designated individuals;

(4) Pursuant to the Protective Order, Plaintiffs' counsel specifically shall not disclose the patent applications, or any of the contents of the patent applications, to Plaintiffs or to any

1 | attorney in her law firm that prosecutes, or has prosecuted patents,
2 | on behalf of Plaintiffs.
3 |     IT IS SO ORDERED.
4 |
5 | DATED: November 14, 2011
6 |
7 |                         Hon. William V. Gallo
8 |                         U.S. Magistrate Judge