# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> IMPLANT DIRECT MFG., LLC, a Nevada limited liability company; et al., <br><br> Defendants. | CASE NO. 10cv0541-LAB (WVG) <br><br> **ORDER DENYING MOTION TO EXCLUDE TESTIMONY OF DR. GERALD NIZNICK** |

There is a *Markman* hearing in this case on February 15, 2012.  The parties' claim construction briefs are in, along with responses to one another's briefs.  There is one matter to settle, though, before the hearing begins: whether to allow Defendant Implant Direct to call Dr. Gerald Niznick as a witness to explain how a person of "ordinary skill in the art" would construe the claims of the patents-in-suit.  (Related to this, Zest asks the Court to exclude a declaration from Dr. Niznick that Implant Direct submitted with its claim construction brief.)

As the parties well know, in construing claim terms the Court must give them their ordinary and customary meaning, which is the meaning the terms would have "to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005).  Sometimes this meaning is readily apparent, but when it's not the Court can consider intrinsic and extrinsic evidence.  *Id.* at 1314.  Intrinsic

evidence, which the Court must consider first, includes the words of the claims themselves, the patent specification, and the prosecution history. *Id.* at 1314. Extrinsic evidence "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995). The Court should only consider extrinsic evidence if the intrinsic evidence is indeterminate and fails to resolve the ambiguity in a disputed claim term. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996).

The Court has read and considered the parties' briefs concerning the admissibility of Dr. Niznick's testimony. It has two options. One is to exclude Dr. Niznick's testimony categorically, for any of the many different reasons that Zest offers. The other is to allow Dr. Niznick to testify, listen to what he has to say on direct *and* cross-examination, and decide then what use, if any, to make of his testimony. The latter option seems the most sensible. Zest gives the Court many reasons to *discount* Niznick's testimony, but not all of those reasons—for example, his potential bias, or the inferiority of extrinsic versus intrinsic evidence—require that Dr. Niznick not even be heard. Indeed, the case on which Zest principally (or at least heavily) relies, *Vitronics Corp.*, criticized a district court's *reliance* on extrinsic evidence, not the mere fact that the court *heard* the evidence. 90 F.3d at 1584 ("Moreover, even if the judge permissibly decided to hear all the possible evidence before construing the claim, the expert testimony, which was inconsistent with the specification and file history, should have been accorded no weight.").

There is also a pragmatic consideration. This matter is somewhat over-argued in the briefs submitted by the parties. The parties say more than they need to, they cite more caselaw than the Court can reasonably be expected to process, and the Court has the sense that they are both engaged in a selective and opportunistic reading of the caselaw. Overwhelming, it's the Court's experience that counsel bring only their best arguments to an actual hearing, and they bring them in a far more focused and less partisan manner. The

//

//

1  Court would rather resolve the fate of Dr. Niznick's testimony under those conditions. Zest's
2  motion to exclude Dr. Niznick's testimony is therefore **DENIED WITHOUT PREJUDICE**. Dr.
3  Niznick may testify on February 15, 2012, and Zest may advance any of the arguments it
4  advances now in favor of the Court disregarding his testimony.

6      **IT IS SO ORDERED**.
7  DATED: January 10, 2012

8  *[signature]*
9  **HONORABLE LARRY ALAN BURNS**
   United States District Judge