1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

ZEST IP HOLDINGS, LLC, a Delaware
limited liability company; et al.,

CASE NO. 10cv0541-LAB (WVG)

12

Plaintiffs,

**ORDER DENYING DEFENDANTS'
MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND
COUNTERCLAIM**

13

vs.

14

15

IMPLANT DIRECT MFG., LLC, a Nevada
limited liability company; et al.,

16

Defendants.

17

18

Still pending before the Court is Implant Direct's motion to amend its answer to add

19

a counterclaim.

20

**I.      Introduction**

21

Zest filed its First Amended Complaint on August 27, 2010, accusing Implant Direct

22

of infringing two of its patents—the "219" patent and the "447" patent.  Implant Direct filed

23

an answer on September 17, 2010.  In its answer, it offered the affirmative defense that "one

24

or more of the claims of the Plaintiff's patents are invalid because they are anticipated by,

25

or obvious over, the prior art, and thus are invalid under 35 U.S.C. §§ 102 and/or 103."  (Dkt.

26

No. 17 at 10.)  On February 9, 2011, Magistrate Judge Gallo entered a scheduling order

27

requiring that "[a]ny motion to . . . amend the pleadings" had to be filed by March 14, 2011.

28

(Dkt. No. 27 at ¶ 1.)

On May 19, 2011—more than two months after the deadline set by Judge Gallo for amended pleadings had passed, and more than eight months after it answered Zest's complaint—Implant Direct filed a motion seeking leave to add a counterclaim to its answer. That counterclaim would go beyond the affirmative defense that the "447" patent is invalid by seeking a declaratory judgment from the Court that it is invalid. Implant Direct claims it only learned of the basis for the declaratory judgment when it received a prior art report during the week of April 25, 2011.

## II.    Legal Standard

The Court agrees with Zest that Implant Direct is technically seeking to modify the Court's scheduling order, and that it must therefore show "good cause" under Fed. R. Civ. P. 16(b)(4).[1]   *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings . . . ."); *Johnson*, 975 F.2d at 608–09 ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amended pleadings that rule's standards controlled.").

This does not mean Rule 15 is totally irrelevant, however, because if the Court finds

---

[1] Zest actually asks the Court to deny Implant Direct's motion outright simply because it is premised on Rule 15 rather than Rule 16, and it argues that *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), counsels against converting a Rule 15 motion into a Rule 16 motion. (Opp'n Br. at 5–6 n.1.) The Court reads *Johnson* differently. Here is the relevant language:

> Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. [Citations.] We see no reason to deviate from that approach here.

*Id.* at 608–09. The Court reads this as an *endorsement*, not a criticism, of construing a motion to amend a pleading under Rule 15 as a motion to modify a scheduling order under Rule 16. That is what the Court will do.

1  "good cause" to relieve Implant Direct from the scheduling order, it must additionally find that

2  amendment is proper under Rule 15.  *Id.* at 608.  *See also Campion v. Old Republic Home*

3  *Protection Co., Inc.*, 2010 WL 2724278 at *1 (S.D. Cal. 2010) (citing *Johnson*).[2]

4  **III.    Discussion**

5       "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

6  seeking the amendment." *Johnson*, 975 F.2d at 609.  The scheduling order may be modified

7  if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

8  (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

9       Zest argues that Implant Direct was not diligent in seeking to amend its answer

10  because it could have asserted its would-be counterclaim *in* that answer, at the same time

11  it asserted an affirmative defense of invalidity.  (Opp'n Br. at 6–7.)  There was no need for

12  Implant Direct to wait eight months to do so—and two months after the deadline for

13  amended pleadings had passed.  In the alternative, Zest argues that Implant Direct waited

14  too long to commission the prior art search that it maintains invalidates the 447 patent.

15  According to its counsel, Implant Direct received the report on or around April 25, 2011, over

16  a month after the March 14, 2011 deadline for amending pleadings had passed.  (*See*

17  Dugger Decl., Dkt. No. 32-2 at 2.)  The Court isn't exactly sure how long a prior art search

18

19       [2] The Court hesitates here to stack Rule 15 on top of Rule 16 because the only
20  indication in *Johnson* that this should be done comes in a parenthetical description of two
    out-of-district cases that are actually cited for the more basic point that an ability to amend
21  is governed by Rule 16 rather than 15 when a scheduling order is in place:

22            Thus, Johnson's ability to amend his complaint was governed by
              Rule 16(b), not Rule 15(a).  *See Forstmann v. Culp*, 114 F.R.D.
23            83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after
              date specified in scheduling order must first show "good cause"
24            for amendment under Rule 16(b), then, if "good cause" be
              shown, the party must demonstrate that amendment was proper
25            under Rule 15); *see also Financial Holding Corp. v. Garnac*
              *Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

26  *Id.* at 608.  Nonetheless, the Court will follow the analysis framed in *Campion* and ask first
    whether Implant Direct should be relieved of the scheduling order, second whether leave to
27  amend should be granted under Rule 15.  *See Mytee Products, Inc. v. H.D. Products, Inc.*,
    2007 WL 4105713 at *2 (S.D. Cal. Nov. 16, 2007) ("After the motion cut-off date, allowing
28  Plaintiff to amend their complaint is a two step process: (1) good cause must exist to modify
    the scheduling order, and (2) the standards for amending the complaint must be met.").

1   takes, but Zest is probably right to suggest that "Defendants likely did not even initiate any

2   efforts toward obtaining a prior art search report until sometime earlier in April 2011." (Opp'n

3   Br. at 8.)

4        Implant Direct's explanation for waiting as long as it did to conduct a prior art search

5   is that it has been "involved in a corporate merger for almost the entire duration of this

6   litigation." (Dkt. No. 41 at 3.)  During the merger process, Implant Direct's management

7   team was consumed with other matters, and once the merger was official "there was a

8   transition period when the new company was distracted by the myriad details and 'loose

9   ends' associated with the new business and corporate structure." (Dkt. No. 41 at 3.)  The

10  Court finds this explanation unsatisfying.   Implant Direct must show that it could not

11  reasonably have discovered the alleged prior art and amended its answer before the cut-off

12  date of March 14, 2011, not that it was distracted and had a lot on its plate.  *See Johnson*,

13  975 F.2d at 609.  It does not do that. It does not even explain to the Court exactly *when* it

14  commissioned the prior art search or how long the search took; it merely explains that it

15  discovered the prior art on or around April 25, 2011.  The simple fact is that Implant Direct

16  answered Zest's complaint on September 17, 2010 knowing it would challenge the validity

17  of either or both patents-in-suit.  It then took Implant Direct *eight months* to conduct a prior

18  art search and seek leave to amend its answer to add a counterclaim, even though, in the

19  interim, Magistrate Judge Gallo ordered that any motion to amend the pleadings had to be

20  filed on or before  March 14, 2011.  Implant Direct finally got around to the task two months

21  after that deadline.  The Court sees no diligence in this, and therefore finds no good cause

22  for modifying the scheduling order under Rule 16(b)(4).

23  //

24  //

25  //

26   //

27  //

28  //

1  **IV.**  **Conclusion**

2  Implant Direct's motion for leave to file and amended answer and counterclaims is

3  **DENIED**.

4  **IT IS SO ORDERED**.

5  DATED:  January 18, 2012

6

7  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28