# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> IMPLANT DIRECT MFG., LLC, a Nevada limited liability company; et al., <br><br> Defendants. | CASE NO. 10cv0541-LAB (WVG) <br><br> **ORDER ACCEPTING REPLY FOR FILING; AND** <br><br> **ORDER PERMITTING SURREPLY** |

Plaintiffs submitted an unsolicited letter brief to the Court via the Court's email address. This was improper. Filings are required to be made publicly. The Court **ACCEPTS** this brief, which is attached to this order, for filing. The Clerk is directed to file it in the docket as a reply to docket no. 113. Defendants may file a response to the newly-filed letter brief, not to exceed three pages, or they may reply in the course of briefing the motion pending as docket number 116. They are not required to file a surreply, but if they do, it must be filed no later than November 6, 2012.

Plaintiffs' counsel are admonished that filings are to made in the public docket, unless an applicable statute, rule, or order of the Court provides otherwise. *See* Civil Local Rule 83.9 (requiring all matters to be called to a judge's attention to be filed as provided under rules, not sent in letters).

Additionally, the parties have now been fully heard on this issue, it is fully briefed, and no further filings are to be made on this issue.

**IT IS SO ORDERED.**

DATED: 8-24-12

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

Lisa M. Ferri
Direct Tel +1 212 506 2340
Direct Fax +1 212 849 5940
lferri@mayerbrown.com

August 21, 2012

**VIA E-MAIL**

Honorable Larry Alan Burns
United States District Judge
U.S. District Court, Southern District of California
940 Front Street
San Diego, CA 92101-8900

Re: *Zest IP Holdings, LLC, et al. v. Implant Direct MFG., et al.*, Civil No. 10-0541 LAB(WVG)

Dear Judge Burns:

As counsel for Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively "Zest"), we write further to Defendant Implant Direct's Opposition to Zest's Motion for Leave to Amend its Infringement Contentions. *See* Dkt. 113. Although the Court stated that a reply would not be necessary, Zest writes simply to inform the Court that Implant Direct raises an issue in its papers for the first time—that Implant Direct transferred its business to Implant Direct Sybron and therefore is not responsible for the continuing acts alleged by Zest to be infringing. Zest directs the Court to separate motion papers filed contemporaneously that address this baseless argument. *See* Zest's Motion to Join Implant Direct Sybron Int'l and Implant Direct Sybron Mfg. LLC Pursuant to Fed. R. Civ. P. 25(c) and Supporting Memorandum at Dkt. 116.

Briefly, Implant Direct argues that Zest's motion is futile "because the named Defendants have had nothing whatsoever to do with the New Accused Product." Dkt. 113 at 5. This is wrong as a matter of fact and law. First of all, Zest is not adding infringement contentions to a new product—we are simply updating our contentions to reflect the fact that Defendants have brought a new, updated version of their current Accused Products to the market. It would be a rare company that does not update or modify a product in any way during the pendency of a multi-year litigation.

In addition, it strains credulity for Defendants to argue that they had nothing to do with this new iteration. Dr. Niznick, the President and CEO of the named Defendants, testified that he designed the new GPS male in March of 2010—prior to his companies' acquisition by Sybron. *Id.* at 6. Dr. Niznick, along with his employees, developed, manufactured, and sold this new iteration. More importantly, Dr. Niznick's company Implant Direct Sybron has taken full

Mayer Brown LLP

Hon. Larry Alan Burns
August 21, 2012
Page 2

responsibility for this product in pleading that it is the "owner" of the accused products, GoDirect and GPS from their introduction to the market to the present.[1]

Further, Defendants do not dispute that their assets were transferred to Implant Direct Sybron during the pendency of this litigation in December 2010.[2] Therefore, through operation of law, the Implant Direct Sybron entities became the successors in interest of the named Defendants and therefore step into the shoes of Defendants in this litigation. *See e.g.*, *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (citing 7C Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1958 (2d ed.1986) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named.")).

Implant Direct's arguments are frivolous given that for the last year and a half, the Implant Direct Sybron entities have acted as parties in this litigation. For example, they have produced documents and things (including an engineering specification and samples of the new GPS male[3]), participated in settlement conferences, testified at the *Markman* hearing[4], and produced their employees for deposition. Despite this involvement, the named Defendants now boldly argue that the Implant Direct Sybron entities would be prejudiced if Zest's motion is granted because they "would be stepping into a lawsuit that has been pending for more than two years." *See* Dkt. 113 at 8. This is simply not true. Implant Direct Sybron has been at the helm of this litigation on behalf of the named Defendants for over a year and a half—everything has been the same, but for the addition of "Sybron" to the name. Indeed, they have the same President and CEO, business address, phone number, manufacturing facility, product lines, and website for selling products.

Implant Direct acknowledges that if Zest is not granted leave to amend its infringement contentions, it will very likely have to bring a separate infringement suit against Implant Direct Sybron concerning the new GPS male. *See* Dkt. 113 at 13 ("Zest can always file a separate action ...."). Furthermore, they argue that the present litigation should be stayed until the second

---

[1] See Dkt. 1, ¶¶ 2, 9,10,12 and 15, Complaint in Case No. 11-cv-2247.
[2] The complex transaction more specifically transferred assets and liabilities to (1) Implant Direct Sybron International, (2) Implant Direct Sybron Manufacturing, LLC, and Implant Direct Sybron Administration, LLC.
[3] The Implant Direct Sybron entities produced the engineering specification and samples via order of the Court. *See* Dkt. 94 at 8-9. By complying with the Court's order, the Implant Direct Sybron entities showed that they believed that they are parties to this suit and subject to the Court's jurisdiction. For example, the named Defendants did not oppose Zest's motion to compel by arguing that discovery on the new GPS male with internal connection was in possession of a third party and that Zest needed to use a subpoena to obtain that discovery.
[4] Dr. Gerald Niznick, Implant Direct Sybron International's President and CEO, testified in support of Implant Direct's proposed claim constructions.

Mayer Brown LLP

Hon. Larry Alan Burns
August 21, 2012
Page 3

litigation is ready for trial—evidently while the parties produce the same documents, depose the same witnesses, construe the same claim terms, produce the same expert reports, and get the same exact case ready for trial. The suggestion is nonsensical, but any filing of a new suit will waste the parties resources, as well as judicial resources. *See* Dkt 107 at 10. We respectfully request that the Court reject the "shell game" that Defendants are playing with Zest and the Court regarding the parties to this suit, and grant Zest's motion to amend the infringement contentions to add the new iteration of Defendants' Accused Products.

Respectfully submitted,

*/s/ Lisa M. Ferri*
Lisa M. Ferri

cc: Michael Hurey
 Christopher J. Dugger
 Philip Nulud