MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:    (213) 229-9500
Facsimile:    (213) 625-0248

MAYER BROWN LLP
LISA M. FERRI *(Admitted Pro Hac Vice)*
lferri@mayerbrown.com
JOHN J. MOLENDA *(Admitted Pro Hac Vice)*
jmolenda@mayerbrown.com
MANUEL J. VELEZ *(Admitted Pro Hac Vice)*
mvelez@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:    (212) 506-2500
Facsimile:    (212) 262-1910

Attorneys for Plaintiffs Zest IP Holdings, LLC
and Zest Anchors, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZEST IP HOLDINGS, LLC and ZEST ANCHORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>IMPLANT DIRECT MFG. LLC, IMPLANT DIRECT LLC, and IMPLANT DIRECT INT'L,<br><br>Defendants. | Case No. 10-cv-0541 GPC (WVG)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZEST'S MOTION TO JOIN IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING LLC PURSUANT TO RULE 25(c)** |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A. Zest Complied with the Service Requirements of Rule 25(c) | 2 |
| | B. Timing Is Not at Issue, Yet Zest Diligently Filed this Motion Immediately After Implant Direct First Asserted the Baseless Position that Their Successors-in-Interest Are Not Parties to this Lawsuit | 3 |
| | C. Prejudice Is Not at Issue, Yet Implant Direct Will Not Be Prejudiced If the Implant Direct Sybron Is Added to This Suit | 6 |
| III. | CONCLUSION | 8 |

**TABLE OF AUTHORITIES**

Page

**CASES**

*Alfadda v. Fenn*,
 Nos. 89 CIV. 6217 (LMM), 90 CIV. 4470 (LMM), 1993 WL 307757 (S.D.N.Y. Aug. 6, 1993) ...................................................................................................................3

*Brahm Indus., Inc. v. Wildwood Indus., Inc.*,
 No. 05-CV-1381, 2008 WL 3286597 (C.D. Ill. Aug. 7, 2008).................................................2

*Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*,
 53 F.3d 851 (7th Cir. 1995) ......................................................................................................7

*EEOC v. Am. World Airways, Inc.*,
 No. C-81-3636 RFP, 1987 U.S. Dist. LEXIS 15182 (N.D. Cal. Dec. 1, 1987).........................6

*In re Bernal*,
 207 F.3d 595 (9th Cir. 2000) ................................................................................................1, 4

*McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*,
 No. Civ. S-02-2669 FCD KJM, 2006 U.S. Dist. LEXIS 9904 (E.D. Cal. Mar. 13, 2006) .......................................................................................................................................6

*Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*,
 757 F.2d 1256 (Fed. Cir. 1985)............................................................................................4, 6

*Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*,
 No. 09 Civ 10155 (SAS), 2010 WL 4860780 (S.D.N.Y. Nov. 29, 2010) .................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4 ...........................................................................................................................2, 8

Fed. R. Civ. P. 15 ..............................................................................................................................1

Fed. R. Civ. P. 25 ...................................................................................................................... passim

## I. INTRODUCTION

It is evident from Defendants Implant Direct Mfg. LLC, Implant Direct LLC, and Implant Direct Int'l's (collectively, "Implant Direct") response to Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC's (collectively, "Zest") motion to join Implant Direct Sybron Int'l and Implant Direct Sybron Mfg. LLC (collectively, "Implant Direct Sybron") pursuant to Rule 25(c) that Implant Direct misunderstands both the import of Rule 25, as well as the purpose of Zest's motion. Implant Direct seemingly believes that the parties are disputing whether or not Implant Direct Sybron has any role in the present suit and any potential liability should Zest prevail in its infringement allegations. Implant Direct goes so far as to suggest that a new case should be filed in order to "re-do" the entire case that has proceeded over the last two years (and that Implant Direct Sybron has fully participated in) with a new case caption. Of course, Implant Direct is flat-out wrong. Rule 25(c) does not require a party or court to take any action after an interest has been transferred. This is because a judgment obtained against the original defendant is binding on the successor even if the successor is not a named party.[1] However, Rule 25(c) does provide that if a party wishes to do so, it may move for joinder of a transferee in interest.

Contrary to Implant Direct's contention, the court makes two inquiries under Rule 25(c): (1) whether "an interest is transferred" and (2) whether joinder is appropriate.[2] As to the first inquiry, Implant Direct freely admits that Implant Direct Sybron is the successor of all assets and liabilities of Implant Direct. Thus, as the successor to Implant Direct, and the holder of all the assets of Implant Direct, Implant Direct Sybron is <u>already in this suit and has responsibility for the outcome</u>. The second inquiry by the court is whether joinder will facilitate the conduct of the litigation. Implant Direct Sybron has participated in this suit since the transfer of interest, by producing its documents and witnesses and participating (including its founder, CEO and developer of all products, Dr. Niznick) in all court proceedings since December 2011. It is simply frivolous to argue that Implant Direct Sybron has not been served and has not had an

---

[1] *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (noting that "the judgment will be binding upon his successor in interest even though he is not named").

[2] Therefore, Implant Direct's arguments regarding timeliness, Rule 15, and prejudice are all irrelevant. These issues are not part of the equation under Rule 25—however, the facts of this case show that these arguments are not supported in any event. *See* Sections II.B and C *infra*.

1
REPLY MEMORANDUM IN SUPPORT OF ZEST'S MOTION TO JOIN
CASE NO. 10-cv -0541 GPC (WVG)

opportunity to participate in this suit—frankly, Implant Direct Sybron has been represented by Kleinberg & Lerner, LLP throughout this litigation, just as that firm now argues <u>on behalf of Implant Direct Sybron's interests in this motion</u>. However, the steadfast refusal of Implant Direct/Implant Direct Sybron to accept both settled law and settled facts shows that joinder would facilitate the case and make clear that Implant Direct Sybron is a party and must continue to participate in this action (including as a named party).[3] Implant Direct Sybron is simply trying to shirk its responsibilities in this suit by creating a fiction that it is not really just Implant Direct with a new corporate name—this court should not countenance this argument.

## II. ARGUMENT

### A. Zest Complied with the Service Requirements of Rule 25(c)

Contrary to Implant Direct's assertion, Zest served Implant Direct Sybron following the service requirements of Federal Rule of Civil Procedure 25(c). Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Fed. R. Civ. P. 25(c). Rule 25(a)(3) provides in relevant part that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

Zest served the instant motion on Implant Direct Sybron as provided in Rule 4 because Zest served a copy of the motion with the notice of hearing on Kleinberg & Lerner, LLP.[4] There can be no doubt that Kleinberg & Lerner, LLP is counsel for Implant Direct Sybron. Notably, Kleinberg & Lerner, LLP is making arguments on Implant Direct Sybron's behalf in this motion. Moreover, Kleinberg & Lerner, LLP accepted service of deposition notices for and represented at deposition Dr. Gerald Niznick (Implant Direct Sybron's President & CEO), Brian Banton

---

[3] Wright & Miller, Federal Practice and Procedure § 1958 (2d ed. 1987) (Rule 25 ensures "that the conduct of litigation, or judgment in favor of a plaintiff, are not defeated by a transfer of interest away from the original defendant.")

[4] A motion to join a transferee need not be served with a summons. *See*, *e.g.*, *Brahm Indus., Inc. v. Wildwood Indus., Inc.*, No. 05-CV-1381, 2008 WL 3286597, at *1 (C.D. Ill. Aug. 7, 2008) ("A motion under Rule 25(a)(3) must be served *like* a summons, not *with* a summons.") (emphasis in original).

2
REPLY MEMORANDUM IN SUPPORT OF ZEST'S MOTION TO JOIN
CASE NO. 10-cv -0541 GPC (WVG)

(Implant Direct Sybron's Vice-President of International Sales), Ines Aravena (Implant Direct Sybron's Director of Design Engineering), Roy Chang (Implant Direct Sybron's CFO), and Abi Dickerson (Implant Direct Sybron's Regional Sales Representative). Additionally, Kleinberg & Lerner, LLP has filed two complaints on behalf of Implant Direct Sybron International against Zest concerning the Accused Products. *See Implant Direct Sybron International v. Zest IP Holdings, LLC et al.*, Case No. 11-cv-2247 IEG BGS (S.D. Cal.) at Dkt. No. 1; *Implant Direct Sybron International v. Zest IP Holdings, LLC et al.*, Case No. 12-cv-1213 JLS MDD (S.D. Cal.) at Dkt. No. 1.[5]

Implant Direct misleads the Court when it submits a declaration from Dr. Niznick where he purportedly claims that Implant Direct Sybron was not served with the instant motion. Kleinberg and Lerner, LLP serves as counsel for both Implant Direct and Implant Direct Sybron. Similarly, Dr. Niznick is the President & CEO of both Implant Direct and Implant Direct Sybron. Given this complete identity between Implant Direct and Implant Direct Sybron and the fact that both have the same counsel, it stretches credulity to argue that Implant Direct Sybron was not served with this motion even though its counsel, Kleinberg and Lerner, LLP and its President & CEO were served with the motion.[6] This frivolous argument shows that Implant Direct is treating this litigation as a shell game.

### B. Timing Is Not at Issue, Yet Zest Diligently Filed this Motion Immediately After Implant Direct First Asserted the Baseless Position that Their Successors-in-Interest Are Not Parties to this Lawsuit

Whether a Rule 25(c) movant acted with diligence is not an appropriate inquiry in deciding whether a transferee should be joined. *See*, *e.g.*, *Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09 Civ 10155 (SAS), 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) ("Although [joinder] usually is effected during the course of litigation, [joinder] is appropriate even after final judgment or on appeal if the transfer of interest took place after the

---

[5] Contrary to Implant Direct's suggestion, that Implant Direct Sybron is not seeking relief for pre-transaction events in these complaints does not change the fact that Kleinberg & Lerner, LLP is Implant Direct Sybron's counsel.

[6] Implant Direct's reliance on *Alfadda v. Fenn*, Nos. 89 CIV. 6217 (LMM), 90 CIV. 4470 (LMM), 1993 WL 307757 (S.D.N.Y. Aug. 6, 1993) is misplaced. That case is inapposite because it deals with a motion for leave to amend complaints and because Zest served Implant Direct Sybron with the present motion.

case was filed.") Therefore, Implant Direct's arguments regarding diligence are irrelevant. Even if these arguments were apposite, and they are not, Implant Direct has not made a showing that Zest did not act with diligence. Implant Direct errs when it argues that Zest's motion is untimely because Zest did not move to join Implant Direct Sybron when Zest first learned that Implant Direct had transferred its interest to Implant Direct Sybron. "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." Wright & Miller, Federal Practice and Procedure § 1958 (2d ed. 1987). If, however, circumstances warrant joinder of the transferee to the litigation, the court may join the transferee—in particular, where the transferee's presence would facilitate the conduct of the litigation. *See*, *e.g.*, *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1264 (Fed. Cir. 1985).

Here, Zest did not move to join Implant Direct Sybron when it first learned that it had become Implant Direct's successor-in-interest because there was no need to burden the Court with unnecessary motion practice at that time. Then and for two years, Implant Direct Sybron acted as a party to this case. For example, Implant Direct Sybron produced documents related to the design, development, testing of the Accused Products. (Dkt. 116-3 at Exs. 7-8.) Contrary to Implant Direct's suggestion, Zest does not argue that this document production made Implant Direct Sybron a party to this case. Instead, Zest argues that Implant Direct Sybron's document production gave Zest a reasonable belief that Implant Direct Sybron was acting as a party to this litigation and that there was no need to file a motion to join, especially since the Ninth Circuit has explained that the purpose of Rule 25(c) is "to allow the action to continue unabated" when the original party to a suit transfers an interest to another entity. *Bernal*, 207 F.3d at 598. Notably, Zest directed several document requests to Implant Direct Sybron. (Velez Decl., Ex. 1, Pls.' First Set of Reqs. for Produc. at Req. No. 4 ("Documents sufficient to show the organizational structure of Implant Direct Sybron Int'l, including the name and position, or title of Implant Direct Sybron Int'l's current officers, directors, and managing agents, by position and/or title.) and Req. No. 51 ("Documents sufficient to identify the policies and procedure of

Implant Direct Sybron Int'l for generating, maintaining, and disposing of Implant Direct Sybron Int'l's documents.).) In its initial responses, Implant Direct did not object to these requests on the ground that they call for production of documents in the custody, possession, or control of a non-party. (Velez Decl., Ex. 2, Defs.' Resp. to Pls.' First Set of Reqs. for Produc.)

In addition to producing documents, Implant Direct Sybron produced its employees for deposition, including Implant Direct Sybron's President & CEO, Vice-President of International Sales, Director of Design Engineering, CFO, and Regional Sales Representative. Contrary to Implant Direct's suggestion, it is irrelevant whether some of these employees were employees of Implant Direct prior to the transaction date. At the time that Zest deposed them, they were all Implant Direct Sybron employees because Implant Direct ceased conducting business when Implant Direct Sybron became Implant Direct's successor-in-interest. Implant Direct distorts the record when it incorrectly states that Implant Direct's CFO was represented by separate counsel at his deposition. Kleinberg & Lerner, LLP, counsel for both Implant Direct and Implant Direct Sybron, represented Mr. Chang, Implant Direct's CFO, at his deposition. (Velez Decl., Ex.3, Chang Dep. 5:1-2, July 17, 2012 ("Chris Dugger, from Kleinberg & Lerner, on behalf of the defendants and the witness.").) In fact, Kleinberg & Lerner, LLP objected to Zest's deposition notice of Mr. Chang on Mr. Chang's behalf. (Velez Decl., Ex.4, Defs.' Objections to Zest's Notice of Dep. of Roy Chang.)

Despite the fact that Implant Direct Sybron acted as a party to this litigation for two years, recently, Implant Direct challenged the status of Implant Direct Sybron in this litigation. Zest learned of this change in position when Implant Direct objected to the deposition Roy Chang, Implant Direct Sybron's CFO, on July 10, 2012 on the ground that Implant Direct Sybron was not a party to this litigation. (*Id*. at 2.)[7] This was the first time that Implant Direct objected to a discovery request from Zest on the ground that Implant Direct Sybron was not a party to this litigation. Shortly thereafter, on July 25, 2012, Implant Direct supplemented its responses to Zest's documents requests and interrogatories to include a similar objection. (Velez Decl., Ex. 5,

---

[7] After Zest sought the Court's assistance, Implant Direct withdrew their objection to producing Mr. Chang for deposition.

Defs.' Supplemental Resp. to Pls.' First Set of Reqs. for Produc.; Ex. 6, Defs.' Supplemental Resp. to Pls.' First Set of Interrogs.) At that point, it became clear to Zest that Implant Direct Sybron's "presence would facilitate the conduct of the litigation." *See*, *e.g.*, *Minnesota Mining*, 757 F.2d at 1264. A few weeks later, Zest diligently filed the instant motion.

The cases cited by Implant Direct do not compel a different conclusion that Zest acted with diligence in moving to join Implant Direct Sybron when it first became clear that Implant Direct Sybron is refusing to participate in this suit. *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, No. Civ. S-02-2669 FCD KJM, 2006 U.S. Dist. LEXIS 9904, at *8-10 (E.D. Cal. Mar. 13, 2006) involved a case that was nearly four years old where the motion to join was filed one month before trial. The case at bar is at a significantly earlier procedural posture—fact discovery has not closed, expert discovery has yet to start, the deadline for summary judgment motions is months away, and trial is set for next year. Similarly, *EEOC v. Am. World Airways, Inc.*, No. C-81-3636 RFP, 1987 U.S. Dist. LEXIS 15182, at *5-6 (N.D. Cal. Dec. 1, 1987) is inapposite. There, the Court distinguished the cases relied on by the Rule 25(c) movant on the ground that those case involved a transfer of interest. In stark contrast, Implant Direct does not contest that Implant Direct Sybron is Implant Direct's successor-in-interest. Notably, the *EEOC* court noted that "Rule 25(c) does not require that such a motion be timely." *Id*. at 8.

    **C.**    **Prejudice Is Not at Issue, Yet Implant Direct Will Not Be Prejudiced If the Implant Direct Sybron Is Added to This Suit**

Whether the transferor or transferee will suffer prejudice is not an appropriate inquiry in deciding whether a transferee should be joined. Notably, Implant Direct does not cite a single case where a court denied a Rule 25(c) motion on the ground that either the transferor or transferee would suffer prejudice if the transferee is joined. Even if prejudice was a relevant inquiry in the Rule 25(c) analysis, and it is not, Implant Direct has made no showing of prejudice. Implant Direct erroneously claims that it would suffer prejudice if Implant Direct Sybron is joined because Zest has not purportedly pled any theory under which Implant Direct could be liable for the Accused Products that Implant Direct Sybron sold after Implant Direct Sybron became Implant Direct's successor-in-interest. This is simply wrong. To be clear, both

Implant Direct and Implant Direct Sybron are liable for any infringement damages, regardless of whether these damages accrued before or after Implant Direct Sybron became a transferee of Implant Direct's interest. "[A]ny other approach would make a shambles of litigation; a party could sell its interest or change its internal structure (as partnerships do frequently) and require the court to start from scratch." *See Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995). The fact that the transaction agreement does not state that Implant Direct is liable for any post-transaction infringement is irrelevant. Implant Direct's liability does not come from the transaction agreement, but from Rule 25(c).

Contrary to Implant Direct's suggestion, joining Implant Direct Sybron at this time would not add any new issues to this case. As explained above, both Implant Direct and Implant Direct Sybron are liable for both pre- and post-transaction infringement. Similarly, joining Implant Direct Sybron would not give rise to new claims regarding the new GPS male that Implant Direct Sybron launched this summer. Infringement contentions against the Accused Products are already part of the case—this is simply the latest model of the GPS male already in the case. For all intent and purposes, the new GPS male is in the case. Dr. Niznick and Ms. Aravena have already testified regarding this product; documents relating to the development and sale of this production have already been produced.

Implant Direct misleads the Court when it argues that joining Implant Direct Sybron would create the potential for conflicts among Implant Direct and Implant Direct Sybron. There is no difference between Implant Direct and Implant Direct Sybron. (Dkt. 116 at 3-4.) Given that Implant Direct Sybron is simply a continuation of Implant Direct and that both companies have the same President & CEO, there is no incentive for Implant Direct and Implant Direct Sybron to make arguments at trial that are in conflict. This is evidenced by the fact that Implant Direct does no identify any such arguments in its opposition.

Joining Implant Direct Sybron would not delay this action. Implant Direct does not identify what different discovery Implant Direct Sybron would seek, what different motions Implant Direct Sybron would file, or why an additional claim construction hearing would be necessary. These conjectural and conclusory allegations do not establish that Implant Direct

would suffer any prejudice. Similarly, because Zest served Implant Direct Sybron as provided in Rule 4, there is no need for any additional proceedings and Implant Direct will not suffer any additional costs and delay.

To the extent that the Court determines the scheduling order needs to be amended, Zest has shown good cause to amend such order. As explained above, Zest diligently moved to join Implant Direct Sybron when it became evident that Implant Direct Sybron's presence would facilitate the litigation. Moreover, Implant Direct would suffer no prejudice if Implant Direct Sybron is joined.

## III.  CONCLUSION

For the foregoing reasons, the Court should grant Zest's motion to join Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC pursuant to Federal Rule of Civil Procedure 25(c).

Dated: November 14, 2012

Mayer Brown LLP

By: /s/ John Nadolenco
JOHN NADOLENCO
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone:    (213) 229-9500
Facsimile:    (213) 625-0248

LISA M. FERRI
JOHN J. MOLENDA
MANUEL J. VELEZ
1675 Broadway
New York, NY 10019-5820
Telephone:    (212) 506-2500
Facsimile:    (212) 262-1910

Attorneys for Plaintiffs
ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ZEST'S MOTION TO JOIN IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING LLC PURSUANT TO RULE 25(c)**

**Filed November 14, 2012 on the ECF system and served pursuant to General Order No. 550, with:**

**Robert Treiman**
rtreiman@kleinberglerner.com

**Christopher J. Dugger**
cdugger@kleinberglerner.com

**Michael Hurey**
mhurey@kleinberglerner.com

**Philip Nulud**
pnulud@kleinberglerner.com

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

**Patrick Bright**
Wagner, Anderson & Bright LLP
3541 Ocean View Boulevard
Glendale, CA 91208

                                        s/   John Nadolenco
                                              John Nadolenco
                            E-mail: *jnadolenco@mayerbrown.com*