Patrick Bright (State Bar No. 68,709)
pbright@patentattornye.us
WAGNER, ANDERSON & BRIGHT
3541 Ocean View Blvd.
Glendale, CA  91208
Telephone: (213) 700-6637
Facsimile: (818) 249-9335

Attorneys for IMPLANT DIRECT SYBRON INTERNATIONAL
and IMPLANT DIRECT SYBRON MANUFACTURING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; ZEST ANCHORS, LLC, a Delaware limited liability company<br><br>              Plaintiffs,<br><br>     v.<br><br>IMPLANT DIRECT MFG. LLC, a Nevada limited liability company; IMPLANT DIRECT LLC, a Nevada limited liability company; IMPLANT DIRECT INT'L, a Nevada corporation<br><br>           Defendants. | Case No.  10-CV-0541 LAB (WVG)<br><br>**OPPOSITION BY IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING LLC TO PLAINTIFFS' MOTION TO JOIN; REQUEST FOR ORAL ARGUMENT** |

**OPPOSITION BY IDSI
TO MOTION TO JOIN**

I.     **INTRODUCTION**

Third parties Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC (collectively "IDSI") oppose the motion of Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively "Plaintiffs" or "Zest") pursuant to Federal Rule of Civil Procedure 25(c) to join IDSI as a Defendant in this action.

The motion should be denied because Zest unreasonably delayed in filing its motion, and IDSI will be prejudiced if it is added as a Defendant at this late date.  After the motion is denied, Zest may decide to file a new lawsuit in order to assert its claims.

IDSI requests that the Court schedule an oral argument to consider IDSI's opposition to the present motion.

II.    **BACKGROUND**

The currently named Defendants ("Implant Direct) filed an opposition to the present motion on October 30, 2012.  (Docket 146.)  IDSI adopts by this reference the evidence submitted by Implant Direct in its opposition papers.  Rather than repeat the factual background of this matter, IDSI will refer to the relevant facts in its argument below.

III.   **ARGUMENT**

A.     **Zest Has Unreasonably Delayed in Filing the Present Motion.**

Implant Direct's Opposition explained how Zest unreasonably delayed in filing the present motion.  Zest has not explained why it waited so long to seek to join IDSI as a Defendant in this lawsuit.  Courts have denied Rule 25(c) motions where plaintiffs delayed in bringing the motions.  *E.g.*, *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 2006 U.S. Dist. LEXIS 9904, *8 (E.D. Cal. 2006); *DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l*, 2001 U.S. Dist. LEXIS 10985, *12, *19 (N.D. Ill. July 31, 2001); *EEOC v. Pan American World Airways, Inc.*, 1987 U.S. Dist. LEXIS 15182, *8-9 (N.D. Cal. 1987).

As noted in Implant Direct's opposition, Plaintiffs delayed in bringing their motion since at least January 2011.  Plaintiffs were aware of the corporate transaction that formed IDSI when the transaction was publicly announced in December of 2010.  Implant Direct produced full

**OPPOSITION BY IDSI
TO MOTION TO JOIN**

documentation of the transaction during discovery.  Those documents were in the hands of Zest by July of 2011.  Nonetheless, Zest waited 13 months before it took any action to attempt to add IDSI as a Defendant.  Zest has not adequately explained this delay.  Many deadlines in the Court's litigation calendar have now passed.  As a result of Zest's procrastination, IDSI would now be prejudiced if it is added as a Defendant at this late date.  Fairness dictates that Zest's motion be denied.  *Hutchins v. Cardiac Sci., Inc.*, 456 F. Supp. 2d 173, 193 (D. Mass. 2006).

**B.      IDSI Will be Unduly Prejudiced if it is Forced to Join the Present Action at This Time.**

IDSI will be unduly prejudiced if it is joined as a Defendant in this action.  This prejudice is caused solely by the delay of Zest, and is no fault of IDSI or the existing Defendants.  The prejudice to IDSI will manifest itself several different ways.

Joining IDSI as a Defendant under Rule 25(c) will deny IDSI the opportunity to file motions pursuant to Federal Rule of Civil Procedure 12.  As an example, IDSI would file a motion for a more definite statement in order to clarify the allegations against it.  Zest's allegations against IDSI are currently so vague such that IDSI is not able to prepare a response.  Zest alleges in the First Amended Complaint (Docket No. 13) that Implant Direct began selling the accused products as early as December of 2009.  (Id., ¶ 20.)  IDSI did not exist at that time, and was not formed until almost a year later.  Zest also alleges that Implant Direct was previously a distributor of Zest's "Locator" products.  (Id., ¶ 22.)  However, IDSI never acted as the distributor for Zest.  IDSI would, if it had the opportunity,  file a motion pursuant to Rule 12(e) in order to clarify the allegations against it, and to identify which allegations are made solely against the currently-named Defendants.  Under the present posture of the case, however, Zest cannot file such a motion, because the deadline to do was nearly three years ago.

IDSI will not have the opportunity to conduct discovery concerning Zest's claims.  The discovery cut-off date for the Defendants in this action has already passed.  IDSI will not be able to propound written discovery in order to obtain relevant documents and information and to determine the basis for Zest's allegations.  Most significant, IDSI will not be able to depose Zest's most

**OPPOSITION BY IDSI TO MOTION TO JOIN**

significant witnesses.  The present Defendants have already taken the depositions of several key Zest employees.  The single deposition rule in Federal Rule 30(d) now prevents IDSI from going back to those witnesses to ask them questions in order to investigate the precise nature of the allegations against IDSI.  If Zest had taken action earlier to join IDSI, some of these problems may have been avoided.

IDSI cannot merely rely on the discovery already completed in this case.  The interests of IDSI and the current Defendants are not necessarily identical in all respects.  As noted elsewhere, Implant Direct designed the accused products and begin selling them long before IDSI was even formed.  Zest has indicated that it will make arguments of willful infringement based on intentional copying of Zest's Locator product.  IDSI would clearly have no liability for willful infringement under that theory, because it had no part in the design of the accused products.  Moreover, IDSI is entitled to a certain measure of indemnification from Implant Direct.  IDSI should be permitted to take discovery to determine exactly what measure of damages that Zest attributes to it.

The present case is well along in its preparation for trial.  The Court has held a *Markman* hearing and many other important deadlines have passed.  IDSI did not have an opportunity to participate in the briefing or argument for the *Markman* hearing.  The deadline for Opening expert reports was January 22, 2013.  IDSI was not able to designate experts or submit reports in support of its defenses.  Again, all of this prejudice is caused in large part because Zest waited more than a year to seek to add IDSI as a Defendant.

The Court should not reward Zest's delay and prejudice IDSI by granting the present motion.

**C.      The Court Can Reduce the Prejudice to IDSI by Requiring Zest to File a New Complaint.**

Denying the present motion will not prevent Zest from asserting its claims.  Zest merely has to file a complaint and initiate a new action against IDSI.  IDSI would then be able to present its defenses in a timely and orderly fashion, and can properly respond to Zest's allegations.  A new complaint will allow IDSI to avail itself of all of the procedural protections that are built into the Federal Rules of Civil Procedure.  Zest has not shown any reason why those protections

**OPPOSITION BY IDSI
TO MOTION TO JOIN**

1   should be taken away from IDSI.  Zest may then choose to ask the Court to consolidate the two

2   lawsuits for trial.

3   **IV.     CONCLUSION**

4         For the foregoing reasons IDSI requests that the Court deny Zest's motion to join it as a

5   Defendant in this case pursuant to Federal Rule of Civil Procedure 25(c).  Zest may then decide

6   to initiate a new lawsuit against IDSI. Denying the motion insures that IDSI will not lose the

7   protections afforded to all defendants by the Federal Rules of Civil Procedure.  If necessary, Zest

8   can then ask the Court to consolidate the two actions for trial.

9         IDSI requests that the Court schedule an oral argument on this matter prior to ruling on

10   Zest's motion.

12   Dated:  February 19, 2013                    Respectfully submitted,

14                                               WAGNER, ANDERSON & BRIGHT

16   By: *Pat Bright*
     Patrick Bright (State Bar No. 68,709)
17   3541 Ocean View Blvd.
     Glendale, CA  91208
18   Telephone: (213) 700-6637
     Facsimile: (818) 249-9335

20   Attorneys for Third Parties
     IMPLANT DIRECT SYBRON INTERNATIONAL
     and IMPLANT DIRECT SYBRON
21   MANUFACTURING LLC

**OPPOSITION BY IDSI
TO MOTION TO JOIN**