| | |
|---|---|
| 1 | MAYER BROWN LLP |
| 2 | JOHN NADOLENCO (SBN 181128)<br>jnadolenco@mayerbrown.com |
| 3 | 350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071 |
| 4 | Telephone: (213) 229-9500<br>Facsimile: (213) 625-0248 |
| 5 | MAYER BROWN LLP |
| 6 | LISA M. FERRI  (*Admitted Pro Hac Vice*)<br>lferri@mayerbrown.com |
| 7 | JOHN J. MOLENDA  (*Admitted Pro Hac Vice*)<br>jmolenda@mayerbrown.com |
| 8 | MANUEL J. VELEZ  (*Admitted Pro Hac Vice*)<br>mvelez@mayerbrown.com |
| 9 | 1675 Broadway<br>New York, NY  10019-5820 |
| 10 | Telephone: (212) 506-2500<br>Facsimile:  (212) 262-1910 |
| 11 | Attorneys for Plaintiffs |
| 12 | Zest IP Holdings, LLC and Zest Anchors, LLC |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; ZEST ANCHORS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>IMPLANT DIRECT MFG. LLC, a Nevada limited liability company; IMPLANT DIRECT LLC, a Nevada limited liability company; IMPLANT DIRECT INT'L, a Nevada corporation,<br><br>Defendants. | Case No. 10-cv-0541 GPC (WVG)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO OPPOSITION BY IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING LLC TO PLAINTIFFS' MOTION TO JOIN** |

ZEST'S REPLY MEMORANDUM
CASE NO. 10-cv-0541 GPC (WVG)

Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively, "Zest") submit this reply memorandum in response to the Opposition by Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC to Plaintiffs' Motion to Join (the "Opposition").  The Court has already found that the named Defendants transferred their interests to Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC (collectively, "Implant Direct Sybron"), the parties sought to be joined by Zest.  *See* Dkt. No. 185 at 3.  Given that Zest has properly effected service on Implant Direct Sybron (*see* Dkt. No. 188), the only inquiry that is left for the Court is whether joinder is appropriate.  *See*, *e.g.*, *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).  Because Implant Direct Sybron raises no new arguments and has merely filed its belated Opposition to delay the resolution of this motion, the Court should grant Zest's motion to join without holding an additional hearing.

At the outset, Zest notes that Implant Direct Sybron's Opposition obliterates the fiction, which the named Defendants tried to create, that counsel for the named Defendants do not represent Implant Direct Sybron.  The Opposition was signed by Patrick Bright and filed in Court by Christopher Dugger of Kleinberg & Lerner LLP.  Both Messieurs Bright and Dugger are counsel for Implant Direct in this case—they have appeared before Judge Gallo regarding discovery disputes (*see*, *e.g.*, Dkt. Nos. 74, 105) and have taken and defended depositions in this case, including the depositions of the inventors of the patents-in-suit.  Of course, this representation began nearly two years ago—Kleinberg & Lerner LLP accepted service of deposition notices for and represented at deposition key employees of Implant Direct Sybron, including Dr. Gerald Niznick (Implant Direct Sybron's President & CEO), Brian Banton (Implant Direct Sybron's Vice-President of International Sales), Ines Aravena (Implant Direct Sybron's Director of Design Engineering), and Roy Chang (Implant Direct Sybron's CFO).

In Opposition, Implant Direct Sybron makes the same inapposite arguments as the named Defendants, claiming that it should not be joined because (1) Zest has unreasonably delayed in filing the present motion and (2) Implant Direct Sybron will be unduly prejudiced if it is joined.  These arguments are without merit.  As Zest explained in its moving papers, diligence and prejudice are not an appropriate inquiry in deciding whether a transferee should be joined.  *See*, *e.g.*, *Software Conservancy, Inc. v. Best Buy Co., Inc.*, No. 09 Civ 10155 (SAS), 2010 WL 4860780, at * 2 (S.D.N.Y. Nov. 29, 2010) ("Although [joinder] usually is effected during the course of litigation, [joinder] is appropriate even after final judgment or on appeal if the transfer of interest took place after the case was filed.").[1]  The proper inquiry to determine whether joinder is appropriate is whether the transferee's presence would facilitate the conduct of the litigation.  *See*, *e.g.*, *Minnesota Mining & Mfg. Co. v. Eco Chem., Inc.*, 757 F.2d 1256, 1264 (Fed. Cir. 1985).  Here, it is clear that joinder is appropriate to prevent Implant Direct Sybron from refusing to participate in this litigation, including blocking Zest's access to witnesses and documents that are relevant to Zest's claims.

Implant Direct Sybron also errs when it suggests that joinder is not appropriate because Implant Direct Sybron has not had the opportunity to take discovery, submit expert reports, and participate in the *Markman* hearing.  Courts, including the Federal Circuit, have squarely rejected this argument.  *See*, *e.g.*, *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1583 (Fed. Cir. 1986).  In *Kloster*, the transferee argued against joinder because "it should be entitled to litigate the case on the merits before being enjoined."  *Id*.  The Federal Circuit dismissed this argument as "spurious" and found that the transferee was bound by the actions of its predecessor-in-interest because there is privity between the

---

[1] Even if they were an appropriate inquiry, Zest acted with diligence and Implant Direct Sybron would suffer no prejudice if it is joined. *See* Dkt. No. 156 at 3-8.

1 transferee and the predecessor-in-interest. *Id*. In this regard, the court noted that:

> If a third party may thus come into the acquisition of rights involved in pending litigation without being bound by the final judgment, and require a suit de novo in order to bind him, he might, pending that suit, alienate that right to another with the same result, and a final decree bearing fruit could never be reached.

*Id*. (citations omitted). *Kloster* makes clear that joinder is not an invitation or an opportunity for the transferee to redo the case. As the named Defendants' successor-in-interest, Implant Direct Sybron is in privity with the named Defendants and is bound by their actions in this litigation. *Id*. ("Courts have repeatedly found privity where, after a suit begins, a nonparty acquires assets of a defendant-infringer.") (citing additional precedents). Therefore, joining Implant Direct Sybron would not entitle it to re-open discovery, submit new expert reports, or participate at a new *Markman* hearing.

The absurdity of Implant Direct Sybron's argument is illustrated by a simple example. Imagine that Zest loses an important motion, forms a new corporation (Zest ABC) the next day, and transfers its interests to the new corporation. If a transferee were allowed to redo the entire case, as Implant Direct Sybron suggests, this new Zest ABC corporation could demand that it take new discovery, submit new expert reports, bring new defenses, or participate at a new *Markman* hearing. Clearly, Zest ABC could not do that because it would be in privity with Zest and be bound by Zest's actions in this litigation. By the same token, Implant Direct Sybron is not entitled to redo the case if it is joined.

The same principle that would prevent Implant Direct Sybron from redoing this case—privity—makes it improper for Zest to bring a separate lawsuit against Implant Direct Sybron. Because the named Defendants and Implant Direct Sybron are in privity, Zest cannot bring a separate suit over the same transaction or

-3-

occurrence—the manufacture and sale of the GoDirect and GPS products—that is alleged in the present case. Even if it were appropriate, and it is not, forcing Zest to bring a new suit against Implant Direct Sybron would waste both judicial resources and Zest's resources—the parties would have to produce the same documents and depose the same witnesses.

Implant Direct Sybron also fails when it argues that it should not be joined because its interests are not necessarily identical to the interests of the named Defendants. This argument is frivolous and made simply to obfuscate the real inquiry that this Court must undertake pursuant to Rule 25(c). There is no difference between the named Defendants and Implant Direct Sybron. *See* Dkt. No. 116 at 2-4. Given that Implant Direct Sybron is simply a continuation of the named Defendants and that both companies have the same management, it is absurd to suggest that Dr. Niznick as the President & CEO of the named Defendants would have different interests from himself as the President & CEO of Implant Direct Sybron.

For the foregoing reasons and the reasons outlined in Zest's moving papers, this Court should join Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC to this lawsuit pursuant to Rule 25(c) without having an additional hearing. When Sybron purchased Implant Direct and created Implant Direct Sybron, they expressly took on the liability of this case. Under Rule 25, they cannot now shirk the responsibility of this suit. This is the second time that the named Defendants and Implant Direct Sybron have tried to delay resolution of this motion by filing additional briefs not contemplated by the Local Rules of this District. These attempts to forestall the inevitable are simply wasting the parties and court's time.

| | |
|---|---|
| Dated: February 21, 2013 | Mayer Brown LLP |
| | By: /s/ John Nadolenco |
| | JOHN NADOLENCO |
| | 350 South Grand Avenue, 25th Floor |
| | Los Angeles, CA 90071-1503 |
| | Telephone: (213) 229-9500 |
| | Facsimile: (213) 625-0248 |
| | |
| | LISA M. FERRI |
| | JOHN J. MOLENDA |
| | MANUEL J. VELEZ |
| | 1675 Broadway |
| | New York, NY 10019-5820 |
| | Telephone: (212) 506-2500 |
| | Facsimile: (212) 262-1910 |
| | |
| | Attorneys for Plaintiffs |
| | ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC |

-5-

## CERTIFICATE OF SERVICE

1. I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following document:

> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO OPPOSITION BY IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING LLC TO PLAINTIFFS' MOTION TO JOIN**

**Filed February 21, 2013 on the ECF system and served pursuant to General Order No. 550, with:**

> **Christopher J. Dugger**
> cdugger@kleinberglerner.com
>
> **Michael Hurey**
> mhurey@kleinberglerner.com
>
> **Robert Treiman**
> rtreiman@kleinberglerner.com
>
> **Philip Nulud**
> pnulud@kleinberglerner.com

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

\

> **Patrick Bright**
> Wagner, Anderson & Bright LLP
> 3541 Ocean View Boulevard
> Glendale, CA 91208

                                           s/John Nadolenco
                                              John Nadolenco
                             E-mail: *jnadolenco@mayerbrown.com*