| | |
|---|---|
| ZEST IP HOLDINGS, LLC and ZEST ANCHORS, LLC,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>IMPLANT DIRECT MFG, LLC et al.,<br><br>                              Defendants. | CASE NO.10cv0541-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO JOIN AND MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS**<br><br>[DKT. NOs.107 and 116] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**BACKGROUND**

This is an action for patent and trademark infringement of dental attachment products.  Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC ("Plaintiffs" or "Zest") filed this action against Defendants Implant Direct Mfg. LLC, Implant Direct LLC, and Implant Direct International ("Defendants" or "Implant Direct") for the alleged infringement of U.S. patents through the manufacture and sale of dental attachment product GoDirect, Zests' unique LOCATOR system, and trademark

infringement the "Zest" mark.[1]

On July 25, 2012, Plaintiffs filed a motion to amend its' infringement contentions and on August 21, 2012, Plaintiffs filed a motion to join Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC (hereinafter "IDSI") pursuant to Rule 25(c). ECF Nos. 107, 116.  On January 23, 2013 this Court issued an order denying Plaintiffs' motion to join parties due to improper service. ECF No. 185.  The Court ordered Plaintiffs to effectuate proper service upon IDSI, and upon showing of proper service, the Court would review Plaintiffs' motion to join and Plaintiffs' motion to amend infringement contentions.  On January 25, 2013, Plaintiffs properly served IDSI with the motion to join. ECF No. 188.  On February 19, 2013, IDSI filed a response in opposition to Plaintiffs' motion to join. ECF No. 190.  On February 21, 2013, Plaintiffs filed a reply. ECF No. 191.  Having been fully briefed, the Court exercises its authority pursuant to Local Rule 7.1 to rule on the motions without a hearing.  For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion to join and motion to amend its infringement contentions.

## DISCUSSION

**Motion to Join**

The Court first addresses Plaintiffs' motion to join IDSI.  Federal Rule of Civil Procedure 25(c) provides:

> In the case of any transfer of interest, an action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of the rule.

A motion under Rule 25(c) for substitution or joinder of a party after suit has commenced is addressed to the discretion of the court, taking into account all the

---

[1] The background section draws exclusively from the pleadings filed in this case.

exigencies of the situation. <u>Educational Credit Mgmt. Corp. V. Bernal (In re Bernal)</u>, 207 F.3d 595 (9th Cir. 2000); <u>McComb v. Row River Lumber Co.</u>, 177 F.2d 129 (9th Cir. 1949). A corporation's purchase of all assets of corporate defendant constitutes a "transfer of interest" under Rule 25 (c), and court appropriately ordered joinder where purchasing corporation would have burden of liability as result of its purchase. <u>Wainwright v. Kraftco Corp</u>. 58 F.R.D 9, 13 (N.D. Ga. 1973). The Court previously held that a "transfer of interest" had occurred between Defendant Implant Direct and IDSI. (<u>See</u> ECF No. 185 at 4-5, finding that transfer of interest had occurred when Implant Direct transferred 75 percent of its' assets to IDSI, IDSI maintained the same management and leadership as Implant Direct, IDSI continued to manufacture the same accused products that had been manufactured and produced by Implant Direct, and IDSI had agreed to indemnify Implant Direct.)

  A transfer of interest having occurred, the Court considers whether joinder is appropriate. Although the rule to join parties refers to a transfer of interest without more, joinder is appropriate when the party to be joined could be called to respond for the liability of the original party. See <u>Moody v. Albemarle Paper Co.,</u> 50 F.R.D. 494, 498 (E.D.N.C.1970) (finding joinder under Rule 25 (c) proper where the company that was sought to be joined could have the burden of liability in the litigation). The decision to order joinder should be made by considering how the conduct of the lawsuit will be most facilitated; it in no way alters the substantive rights of the transferor or transferee. <u>Television Reception Corp. v. Dunbar</u>, 426 F.2d 174 (6th Cir. 1970); <u>Luxliner P.L. Export, Co. V. RDI/Luxliner, Inc.</u>, 13 F.3d 69, 71 (3d Cir. N.J. 1993). Moreover, joining the parties is a common sense way forward especially when multiplicity of litigation may be avoided regarding the same or similar products. <u>Wainright</u>, 58 F.R.D at 14 (court ordered joinder when party sought to be added had or could have burden of liability and multiplicity of lawsuits might be avoided by joinder).

Defendant Implant Direct and IDSI, party sought to be joined, oppose joinder on the basis of unreasonable delay and prejudice to IDSI. ECF Nos. 146 and 190. The Court addresses these issues in turn.

**Unreasonable Delay**

Rule 25(c) does not impose a time limit, but rather contemplates continuation of the litigation by or against the original party without substitution or joinder of parties. 7C Writght, Miller & Kane, Fed. Prac. & Proc. Civ. §1958 (3d ed.). Indeed, subsection (c) of the Rule provides that in case of any transfer of interest, action *may be continued by or against original party* unless court upon motion directs person to whom interest is transferred to be substituted in action or joined with original party. Fed. R. Civ. Pro. 25 (c) (emphasis added). Since November 2010, the parties have proceeded without joinder or substitution of IDSI, a possibility permitted by Rule 25(c). Although continuation is an option under Rule 25(c), Plaintiffs sought to join IDSI due to escalation in the litigation and production and sale of an updated version of the accused product, which is solely produced by IDSI. Plaintiffs would have been well-served to join IDSI following the acquisition two years ago and the Court frowns upon Plaintiffs' failure to request joinder by the scheduling order deadline of March 14, 2011. ECF No. 27. Rule 25(c) does not have a time limit, however, and joinder may occur at any point during litigation, even after judgment has been rendered. 7C Wright et al., supra at §1958.

The Court finds the benefits of joinder outweigh the delay that has taken place. When Implant Direct transferred a majority of its' assets to IDSI, IDSI also assumed liability for the accused products. See ECF No. 116, Exhibit 1, 2012 Transaction agreement between Sybron Canada Holdings, Inc., Implant Direct Manufacturing LLC, Implant Direct Int'l, and Mikana Manufacturing Company. IDSI continues to manufacture and sell the accused products, and IDSI has created a

1 newer version of the accused product, which Plaintiffs seek to add to their
2 infringement contention.  ECF No. 107 at 6-7.  Without a joinder, Plaintiffs would
3 likely seek a separate lawsuit against IDSI for continued patent infringement of the
4 accused products as well as the updated version of the accused products.  As
5 presented before the Court, initiating a separate lawsuit against IDSI would not
6 preserve judicial economy because it would require "the same depositions, the same
7 exact document [production], blueprints, technical drawings..." Transcript Hearing
8 on Motion to Join and Motion to Amend Infringement Contentions at 35.  These
9 duplicative litigation costs would also present an undue burden upon the Plaintiffs.
10 As such, the Court finds that joining IDSI, a party that has assumed liability for the
11 accused products, would not only increase judicial efficiency but also prevent an
12 undue burden on Plaintiffs.

**Prejudice**

IDSI contends that it will be unduly prejudiced if it is joined as a defendant.
ECF No. 190 at 2.  IDSI points to motions it would have filed and discovery it
would have sought were it a named defendant earlier in the litigation.  Rule 25(c)
contemplates this very situation, wherein one business has acquired another
business.  Once the transfer-of-interest occurs, and the Court orders joinder, then the
newly joined Defendant will continue in the litigation having already been in privity
with the original defendant.  See e.g., Kloster Speedsteel AB v. Crucible Inc., 793
F.2d 1565, 1583 (Fed. Cir. 1986), overruled on other grounds by Knorr-Bremse
Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004)
("Courts have repeatedly found privity where, after a suit begins, a nonparty
acquires assets of a defendant-infringer").  As detailed above, Defendant Implant
Direct transferred a majority of its assets - including the liability of the accused
products - to IDSI.  As such, IDSI has had an opportunity as an interested party to
influence the direction that Implant Direct has sought in the litigation up to this

1 point. The Court also notes that Dr. Gerald Niznick, the President for Implant
2 Direct and IDSI, has been an active participant in the litigation since the beginning.
3 As IDSI acquired the assets of Implant Direct after the commencement of the
4 litigation, and having the opportunity to influence the litigation, IDSI would not
5 suffer undue prejudice by now being joined as a party.
6       Having considered the benefits of joinder, and finding that IDSI would not
7 suffer undue prejudice, the Court finds that IDSI should be joined as a defendant
8 pursuant to Rule 25(c).

**Motion to Amend Infringement Contentions**

10       Having joined IDSI as a defendant, the Court turns to Plaintiffs' motion to
11 amend its infringement contentions. The purpose of the Local Patent Rules is to
12 "require parties to crystallize their theories of the case early in litigation and to
13 adhere to those theories once they had been disclosed." Nova Measuring
14 Instruments Ltd. V. Nanometrics, Inc., 417 F. Supp.2d 1121, 1123 (N.D. Cal 2006).
15 Local Rule 3.7 governs amendments of patent infringement contentions, permitting
16 an "amendment or modification of the preliminary or final infringement
17 contentions...only by order of the court, which will be entered only upon a showing
18 of good cause." Patent L.R.3.7. In determining whether good cause exists, courts
19 consider first whether the moving party was diligent in amending its contentions
20 and then whether the non-moving party would suffer prejudice if the motion were
21 granted. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-68
22 (Fed. Cir. 2006). In order to show good cause, there must be a showing of due
23 diligence. Id at 1365. Plaintiffs' ability to learn of the additional devices prior to
24 the final infringement contentions to date is a particular concern in determining
25 good cause. Seiko Epson Corp. v. Coretronic Corp., WL 2563383 (N.D. Cal. June
26 23, 2008). Moreover, establishing good cause is a matter of the Court's discretion.

MEMC Elec. Materials, Inc. V. Misubishi Materials Silicon Corp., 420 F.3d 1369, 1380 (Fed. Cir. 2005).

Plaintiffs have shown due diligence in seeking to amend their infringement contentions. Plaintiffs first learned about the new product in July 2011 and immediately sought additional information through discovery proceedings. ECF No. 107 at 2-3. Soon after receiving the information through discovery, and after the new product had been released, Plaintiffs filed the amended infringement contention adding the new product. These actions do not suggest a lack of diligence; rather, Plaintiffs' actions indicate a sustained effort to acquire information as to a specific, newer version of the accused products manufactured by IDSI. Prior to the release of the new product, Plaintiffs were limited in their ability to learn about the product and file the amended contention. As the discovery proceedings provided the necessary information, Plaintiffs in a timely and transparent fashion filed their amended infringement contention. As such, Plaintiffs have shown due diligence thereby satisfying the good cause requirement under Local Rule 3.7.

The Court now turns to the issue of undue prejudice. As a preliminary matter, Plaintiffs contend that adding the updated version of the accused product does not change the overall infringement claim. "The same patents, patent claims and infringement theories apply, and [sic] nothing new will be added [to the infringement contentions] other than the new product." ECF No. 107 at 6. Defendant Implant Direct disagrees, and argues that it will suffer undue prejudice because the amended infringement claim adds a new patent theory or issue to the litigation. ECF No. 113 at 11. Specifically, Defendants claim that the new product does not have the *external* feature, an important component of the original infringement claim against the accused products. Defendants assert that the new product instead has an *internal* connection, which is a "new issue that has not been previously raised by Zest [and] Implant Direct has never been placed on notice that

the internal connection might be considered when determining infringement of the Zest patents." Id.  The internal *feature* versus the *external* feature, alone, however, does not render the amended infringement contention invalid, and, as discussed below, the contentions must put Defendant on sufficient notice as to each claim. Defendants further argue that their construction brief, supplemental *Markman* brief, and designation of expert witnesses do not reflect particular issues or arguments that would be necessary to defend the infringement contention of the new product and thereby cause undue prejudice. Id. at 12.  Although joinder alone does not entitle IDSI to re-opening discovery, the Court will consider requests by Implant Direct and IDSI for an enlargement of time to address issues propounded by the amended infringement contentions.  The parties may address these considerations during the pretrial conference scheduled before the Court on May 3, 2013.  As such, Defendants will not suffer undue prejudice as a result of the amended infringement contention.

As a final matter, the Court considers Defendants concern that the proposed amended contention fails to state the claim with sufficient specificity to provide Defendants with adequate notice.  Defendants assert that Plaintiffs amended contentions fail to satisfy Local Patent Rules 3.1 (c), which requires each contention to contain:

> A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function

Courts agree that Local Rule 3-1 requires sufficient specificity to provide notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringements.  View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981, 986 (Fed.Cir.2000). See also Shared Memory Graphics LLC v. Apple, Inc.,

812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010). Indeed, the local patent rules seek "to balance the right to develop new information in discovery with the need for certainty as to the legal theories." 02 Micro Int'l, Ltd. V. Monolithic Power Sys., 467 F.3d 1353 (Fed. Cir. 2006). See also Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F.Supp.2d 1121, 1123 (N.D.Cal.2006) ("The [local patent] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.").

     Upon review of the proposed amended infringement contention, the Court finds that Plaintiffs have met their burden. Defendants assert that Plaintiffs fail to explain how each element of the claim is present in the new product, and do not identify which specific structure allegedly violates the patent claims. ECF No. 113 at 9. However, Rule 3-1 does not require the patent holder to produce evidence of infringement, but it must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction. Samsung SDI v. Matsushita Elec. Indus. Co., 2006 WL 5097360 at *1 (C.D.Cal. 2006)(quoting Network Caching Tech Corp. V. Novell, Inc., No. C-01-2709, 2003 WL 21699799 at *4 (N.D. Cal. 2003). Here, the Plaintiffs' infringement charts contain both specific and illustrative examples of the Defendants' infringement of the asserted claims, and identify each specific element as to which the Plaintiffs have a claim. ECF No. 107, Exhibit 10 at 2. The amended infringement contention maps out these claims for each element. As such, the Court finds that the amended infringement contention contains sufficient information to put Defendants on notice as to each claim. Accordingly, the Court finds that Plaintiffs have stated with sufficient particularity the manner in which the new product infringes the patent, thereby satisfying Local Rule 3.1.

## CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' motion to join IDSI and **GRANTS** Plaintiffs' motion to amend its infringement contentions.

**IT IS SO ORDERED.**

DATED: April 15, 2013

HON. GONZALO P. CURIEL
United States District Judge