Michael Hurey (State Bar No. 139,029)
mhurey@kleinberglerner.com
Robert N. Treiman (State Bar No. 133,299)
rtreiman@kleinberglerner.com
Christopher J. Dugger (State Bar No. 239,427)
cdugger@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Defendants IMPLANT DIRECT MFG. LLC,
IMPLANT DIRECT LLC and IMPLANT DIRECT INT'L

Patrick Bright (State Bar No. 68,709)
pbright@patentattornye.us
WAGNER, ANDERSON & BRIGHT
3541 Ocean View Blvd.
Glendale, CA 91208
Telephone: (213) 700-6637
Facsimile: (818) 249-9335
Attorneys for IMPLANT DIRECT SYBRON INTERNATIONAL
and IMPLANT DIRECT SYBRON MANUFACTURING LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| ZEST IP HOLDINGS, LLC, et al. | Case No.  10-CV-0541 GPC (WVG) |
|---|---|
| Plaintiffs, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |
| v. | |
| IMPLANT DIRECT MFG. LLC, et al. | |
| Defendants. | Date: July 19, 2013<br>Time: 1:30 pm<br>Judge: Gonzalo P. Curiel |

-1-

# I.     INTRODUCTION

Defendants Implant Direct Mfg., LLC, Implant Direct LLC and Implant Direct Int'l (collectively, "Implant Direct"), and Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC (collectively, "IDSI") (Implant Direct and IDSI are collectively "Defendants"), move pursuant to Local Rule 7.1(i) for reconsideration of the Court's order [Dkt. 202] granting the motion [Dkt. 107] of Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively, "Plaintiffs" or "Zest") to amend their Disclosure of Asserted Claims and Infringement Contentions.  Defendants request that upon reconsideration, the Court deny Plaintiffs' motion.

As discussed below, the Court's order granting Plaintiffs' motion constituted clear error because Plaintiffs' Proposed Disclosure of Asserted Claims and Infringement Contentions ("Amended Infringement Contentions") [Dkt. 107-2, Ex. 10] does not comply with Patent Local Rule 3.1.  Further, the Court's granting of Plaintiffs' motion will result in manifest injustice because the Amended Infringement Contentions do not provide notice of Plaintiffs' theories of infringement with respect to the GPS internal connection components that were the subject of Plaintiffs' motion and will significantly prejudice Defendants' ability to prepare for trial.

Defendants' motion for reconsideration should be granted.

# II.     BACKGROUND

## A.     Plaintiffs' Complaint

Plaintiffs filed their complaint on March 12, 2010.   [Dkt. 1]   They filed a First Amended Complaint on August 27, 2010.  [Dkt. 13.]

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

In their First Amended Complaint, Plaintiffs alleged eight claims for relief. Plaintiffs' First and Second Claims for Relief are for patent infringement.  [Dkt. 13.]  Plaintiffs alleged that products previously manufactured and sold by Implant Direct violate United States patents owned and licensed by Plaintiffs.  In particular, Plaintiffs accused the GoDirect implant and GPS attachment components (the "Accused Products") of infringing Plaintiffs' patents.  Plaintiffs' patents are U.S. Patent Nos. 6,030,219 (the "'219 Patent"), and 6,299,447 (the "'447 Patent")). [Dkt. 13, ¶¶ 19, 48, 56.]

## B.   The December 2010 Transaction.

In December 2010, Implant Direct transferred its assets to IDSI, and IDSI in turn sold 75% of its ownership interests to Sybron Canada, a subsidiary of Danaher.  Danaher is a publicly traded company.  The transaction was an arms-length transaction, and was unrelated to this action.  Plaintiffs were aware of the transaction when it occurred.  [*See* Dkt. 146.1 and 146.2.]  Plaintiffs did not comply with the Court's deadline in the Case Management Conference Order [Dkt. 27] to file motions to join new parties.  That order required the parties to file any motions to join new parties by March 14, 2011.  Plaintiffs did not file their motion to join IDSI until August 21, 2012 [Dkt. 116] -- 17 months after the deadline to file motions to join new parties, and at least 20 months after Plaintiffs became aware of the IDSI transaction.   Plaintiffs offered no real excuse for their failure to comply with the Court's deadline.  They asserted only that they did not want "to burden the Court with unnecessary motion practice at that time."  [Dkt. 156, at 7:13-15.]

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

**C.** **Plaintiffs' Motion To Amend Their Infringement Contentions.**

On April 1, 2011, Plaintiffs served a document entitled "Disclosure of Asserted Claims and Preliminary Infringement Contentions." [Dkt. 107-2, Ex. 1.] On July 25, 2012, Plaintiffs filed a motion to amend their infringement contentions. [Dkt. 107.] Plaintiffs asserted that the reason for their motion was to add "to include the new GPS male attachment—a new iteration of a product . . . ." [Dkt. 107-1, at 1:5-6.] Implant Direct opposed Plaintiffs' motion. [Dkt. 113.] IDSI, which was not yet a party to the action, did not file a response to Plaintiffs' motion. On April 15, 2013, the Court granted Plaintiffs' motion. [Dkt. 202.]

In granting Plaintiffs' motion, the Court ruled that Patent Local Rule 3-1 "does not require the patent holder to produce evidence of infringement, but it must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction." [Dkt. 202, at 9:12-16 (citing *Samsung SDI v. Matsushita Elec. Indus. Co.*, 2006 WL 5097360 at *1 (C.D. Cal. 2006)).] The Court ruled that Plaintiffs' Amended Infringement Contentions "identify each specific element as to which the Plaintiffs have a claim" and that "[t]he amended infringement contention maps out these claims for each element."

## III.   ARGUMENT

### A.   Standards for Reconsideration

In *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), the court held that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The court also held that

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

"[t]here may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Local Rule 7.1(i) requires that parties moving for reconsideration submit "an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

## B. The Court Committed Clear Error In Granting Plaintiffs' Motion.

The Court committed clear error in granting Plaintiffs' motion because Plaintiffs' Amended Infringement Contentions do not comply with Patent Local Rule 3.1.  Under that rule, infringement contentions must "explain how each allegedly infringing product meets each element of claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, 2003 U.S. Dist. LEXIS 22736, *8 (N.D. Cal. 2003).  The purpose of a rule such as Rule 3.1 "is to put a defendant on notice of all contentions regarding how each claim limitation is allegedly met by the accused device." *Iris Corp. Berhad v. United States*, 84 Fed. Cl. 12, 16-17 (Ct. Cl. 2008).  The rules are supposed to require plaintiffs to provide certainty as to their legal theories.  *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Plaintiffs have failed to comply with the requirements of Local Patent Rule 3.1(c).  That rule states that a patent owner must provide "[a] A chart identifying *specifically where* each element of each asserted claim is found within each Accused Instrumentality."  (Emphasis added.)  Plaintiffs have not done what is

required.  Instead, they have merely repeated the language of each claim and stated that Implant Direct's GPS internal connection (the Accused Instrumentality) includes each element.  Plaintiffs are not *specific* in their allegations.  They merely make a broad-brush allegation that the Accused Instrumentalities include all of the claim elements.  The Plaintiffs also do not explain *where* each element of the asserted claims is present in the Accused Instrumentalities.  Notably, Plaintiffs have not provided any charts, diagrams, pictures, schematics or the like that that illustrate where the claim elements are allegedly found in the GPS internal connection.  This type of disclosure is normally found in patent infringement cases. Plaintiffs could have easily provided a proper disclosure.  Defendants have produced copies of the relevant engineering drawings, as well as samples of the Accused Instrumentalities. It is not a question, as the Court suggested in its order, of requiring Plaintiffs to provide *evidence* of infringement.  [*Cf.* Dkt. 202, at 9:12-13.]  The purpose of Patent Local Rule 3.1 is to require a plaintiff to specify its theories as to why the Accused Instrumentality infringes the patent.  If a claim element is literally present on the GPS internal connection product, Plaintiffs must specify *where* that element is located.  It is not sufficient to simply state the element exists.

This Court has recognized the vital importance of Patent Local Rule 3.1. The parties discussed the importance of Patent Local Rule 3.1 at the motion hearing on January 4, 2013.  The Court noted that the purpose of the rule is not just to provide notice of the infringement allegations.  "It is more than just providing notice; it's notice plus.  Notice plus the opportunity to put together a defense." [Dkt. 184 at 33:10-12.]  Instead of providing all of the information that the rule requires, Plaintiffs have merely parroted the claim language and inserted the

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

Accused Product's commercial names for the phrases "male member" and "abutment member."  Consequently, the infringement contentions are mere tautologies.

A few examples will be illustrative.  In the below examples, Defendants have marked up the infringement contentions with underlines and italics to illustrate the (minimal) alterations Plaintiffs made to the claim elements. Underlines indicate substitution of product names for generic terms in the claims (e.g., Plaintiffs substitute "the Locator® male member..." for "a male member"). Italics indicate phrases that Plaintiffs merely repeat from the claims.  These citations are for examples only; Plaintiffs' claim chart is similarly defective throughout.

| Claim 1, Element 3 of the '219 Patent | Infringement Contention |
|---|---|
| a male member for attachment to the abutment member, the male member having an upper end comprising a swivel join for swivel engagement within a cap in a recess in a dental appliance, and a skirt projecting from the upper end of a male member for engagement over the outer locating surface of the abutment member, the skirt having a rounded, convex outer surface; | <u>The (i) Locator® male member or (ii) one or more of the GPS® male members</u> is attached to <u>the GoDirect® and GPS® abutment.</u>  <u>The (i) Locator® male member or (ii) one or more of the GPS® male members</u> has *a swivel joint for swivel engagement within a cap in a recess in a dental appliance and a skirt* that extends *from the upper end of* the <u>(i) Locator® male member or (ii) one or more of the GPS® male members</u> *for engagement over the outer location* |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

| | |
|---|---|
| | *surface of the* <u>GoDirect® and GPS®</u> <u>abutment,</u> *the skirt having a rounded outer surface.* |

It is readily apparent that the Plaintiffs have not complied with the requirements of Local Rule 3.1(c).  Plaintiffs have not indicated, with specificity, where the claim elements exist in the GPS internal connection products.  Plaintiffs have avoided providing this information by merely repeating the claim language.  Plaintiffs' only changes to that language are merely stylistic, substituting "is attached to" for "for attachment to," "has" for "having an upper end comprising", and "extends" for "projecting."  Plaintiffs also have omitted the word "convex" from the phrase "rounded, convex outer surface."  Plaintiffs other Infringement Contentions are similar.  For example,

| Claim 1, element 4 of the '219 Patent | Infringement Contention |
|---|---|
| The abutment member and male member having mateable snap-engaging formations for releasable snap engagement when the male member is attached to the abutment member; the outer locating surface portion being outwardly tapered at least adjacent to the upper end of the abutment member for centering the male member over the abutment member as the members are secured together; and | <u>The GoDirect® and GPS® abutment</u> and the <u>(i) Locator® male member or (ii) one or more of the GPS® male members</u> *have a mateable snap-engaging formation for releasable snap engagement.  The outer locating surface portion* of the <u>GoDirect® and GPS® abutment</u> is *outwardly tapered at least adjacent to the upper end* of the <u>GoDirect® and GPS® abutment</u> *for centering the* <u>(i) Locator® male member</u> |

|  | or (ii) one or more of the GPS® male members *over the* GODirect® and GPS® abutment *as they are secured together* |
|---|---|

This example is even more egregious.  Plaintiffs only deleted the phrase "when the male member is attached to the abutment member" from their infringement contention.  Every other word in the contention is either directly copied from the claim or merely a substitution of the product names for the generic terms in the claims.  Consequently, these contentions merely state that the Accused Instrumentalities contain the elements; they do not ***specifically*** identify ***where*** the elements are in the Accused Instrumentalities, as required by the Local Rules.

Plaintiffs apparently seek to avoid making specific contentions as to the GPS internal component by claiming that the GPS internal connection is a "new iteration" of the GPS product [Dkt. 107-1, at 1:5] and that "the same . . . infringement theories apply."  [Dkt. 107-1, at 6:1.]  These assertions are without merit.

Defendants' internal connection GPS abutment is a new product.  It is fundamentally different from the precursor "external" connection GPS product in both form and function.  The external connection GPS male member connects to an abutment by snapping over the outside surface of the abutment.  The new, internal connection GPS abutment snaps into the inside cavity of an abutment.  Plaintiffs' self serving characterization of the GPS internal connection as a mere "new iteration" does not avoid the requirement that Plaintiffs specify as to the GPS internal connection all of the matters required by Rule 3.1.  Even assuming the GPS internal connection was merely a new version of a product, specific infringement contentions must be made as to new versions of products.  *See*

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

*Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 U.S. Dist. LEXIS 38740, *39-42 (E.D. Ill. 2012).  Local Rule 3.1 defines "Accused Instrumentality" as "each accused apparatus, product, device, process, method, act, or other instrumentality."  The GPS internal connection meets that definition, and Plaintiffs' conduct shows this.

Plaintiffs' own Amended Infringement Contentions confirm that the GPS internal connection male member is a new product.  Plaintiffs attached an advertisement to their Amended Infringement Contentions that demonstrates the additional advantages of the internal connection product over Plaintiffs' product.  [Dkt. 107-2 at 102.]  Further, Plaintiffs brought a motion to amend their infringement contentions specifically for the purpose, apparently, of providing formal notice that they claimed the GPS internal connection infringed.  Notably, Plaintiffs allege they conducted a several month investigation as to the GPS internal connection and conducted an infringement analysis before filing their motion to amend.  [Dkt. 107-1, at 2:25, 3:13-15, 3:20-26, and 4:3-17.]  Indeed, Plaintiffs suggested they had to conduct their investigation before filing their motion.  [Dkt. 107-1, at 5:10-15.]

Having treated the GPS internal connection as a separate Accused Instrumentality as to which a separate infringement analysis was required, Plaintiffs cannot reasonably claim that the GPS internal connection is not an Accused Instrumentality.  Under the Patent Local Rules, Plaintiffs must make a specific disclosure regarding the GPS internal connection.  They have not done so.

Plaintiffs have not specified their theories as to why the GPS internal connection infringes their patents, and they have not indicated where on the GPS internal connection each element is found.  Cases show the level of specificity

DEFENDANTS' MOTION FOR RECONSIDERATION
OF ORDER GRANTING PLAINTIFFS' MOTION TO
AMEND INFRINGEMENT CONTENTIONS

required.  In *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022 (N.D. Cal. 2010), for example, the court found that plaintiff's contentions did not meet the specificity requirement because "the claim charts fail to specifically identify the display data distribution bus limitation in Defendants' products"; the chart "does not indicate which structures constitute the bus"; the chart "is unclear whether the 'Memory IF' or other components are part of the bus"; the charts "do not clearly indicate where data flows among the identified structures"; and the charts do not show "how the bus connects to an off-chip memory buffer."  In *B-K Lighting, Inc. v. Vision3 Lighting*, 2013 U.S. Dist. LEXIS 59769, *116-17 and n.176 (C.D. Cal. 2013), the court did not allow the plaintiff to proceed on a theory that "the inner surface of the protruding circular ridge in the accused devices constitutes an 'opening'" and that the "tapered ridge surface does not create a 'gap, hole or passage" because the theories were not disclosed.  In *Deep9 Corp. v. Barnes & Noble, Inc.*, 2012 U.S. Dist. LEXIS 135512 (W.D. Wash 2012), the court held that infringement contentions had to disclose whether the plaintiff pursued a single actor infringement theory or a joint (or divided) infringement theory.

Plaintiffs have samples of the GPS internal connection and technical drawings, and their counsel has conducted an analysis.  [Dkt. 107-1, at 4:3-4.] They should fairly be required to specify, as to the GPS internal connection, the information that Patent Local Rule 3.1 requires.

## C.    The Original Decision Was Manifestly Unjust.

The Court's ruling granting Plaintiffs' motion to amend their infringement contentions puts Defendants at a significant disadvantage.  Plaintiffs' failure to specify their theories as to why the GPS internal connection infringes their patents

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

prejudices Defendants' ability, among other things, to prepare discovery, prepare experts, analyze this case for potential settlement, and make business decisions regarding the GPS internal connection.  *See Best Med. Int'l, Inc. v. Accuray, Inc.*, 2011 U.S. Dist. LEXIS 93607, *10 (W.D. Pa. 2010) ("The Local Patent Rules are designed to create a streamlined process that hastens resolution on the merits by providing structure to discovery which enables the parties to move efficiently toward claim construction and the eventual resolution of their dispute") (citing *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 138868 (N.D. Cal. 2010)).

Defendants have no way to know why Plaintiffs contend the GPS internal connection infringes their patents.  Defendants have no way to know where on the GPS internal connection Plaintiffs contend each element is found, or whether Plaintiffs contend an element is literally present or present under the doctrine of equivalents.

Plaintiffs are likely to press for an early trial date.  Moreover, given their evasive infringement contentions, Plaintiffs are likely to provide evasive discovery responses and force Defendants to try to use expert depositions to obtain Plaintiffs' infringement theories.  Those theories were supposed to be set forth in Plaintiffs' Amended Infringement Contentions.  Defendants are at risk of not being able to prepare their defense.  This is contrary to the purpose of the Patent Local Rules.

Plaintiffs took months to determine that the GPS internal connection allegedly infringes and they have product samples and technical drawings.  They should be required to specify their contentions regarding where each element is found on the GPS internal connection and whether each element is literally present or present under the doctrine of equivalents.

---

-12-

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND INFRINGEMENT CONTENTIONS**

IV.   **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court reconsider its order granting Plaintiffs' motion to amend their infringement contentions, and deny the motion.

Dated: May 15, 2013            By: */christopher j dugger/*
                                   Christopher J. Dugger
                                   Attorneys for Defendants
                                   IMPLANT DIRECT MFG.
                                   LLC, IMPLANT DIRECT LLC and
                                   IMPLANT DIRECT INT'L

                               By: */patrick bright/*
                                   Patrick Bright
                                   Attorneys for Defendants
                                   IMPLANT DIRECT SYBRON
                                   INTERNATIONAL and IMPLANT
                                   DIRECT SYBRON
                                   MANUFACTURING, LLC

-13-            **DEFENDANTS' MOTION FOR RECONSIDERATION
                OF ORDER GRANTING PLAINTIFFS' MOTION TO
                AMEND INFRINGEMENT CONTENTIONS**