MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone:  (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
LISA M. FERRI  (*Admitted Pro Hac Vice*)
lferri@mayerbrown.com
JOHN J. MOLENDA  (*Admitted Pro Hac Vice*)
jmolenda@mayerbrown.com
MANUEL J. VELEZ  (*Admitted Pro Hac Vice*)
mvelez@mayerbrown.com
1675 Broadway
New York, NY  10019-5820
Telephone:   (212) 506-2500
Facsimile:    (212) 262-1910

Attorneys for Plaintiffs
Zest IP Holdings, LLC and Zest Anchors, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; ZEST ANCHORS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> IMPLANT DIRECT MFG. LLC, a Nevada limited liability company; IMPLANT DIRECT LLC, a Nevada limited liability company; IMPLANT DIRECT INT'L, a Nevada corporation, <br><br> Defendants. | Case No. 10-cv-0541 GPC (WVG) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND DISCLOSURE OF ASSERTED INFRINGEMENT CONTENTIONS** <br><br> Date:  July 19, 2013 <br> Time:  1:30 pm <br> Courtroom:  2D |

## I.     INTRODUCTION

Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively, "Zest") submit this brief in opposition to Defendants' Motion for Reconsideration of Order Granting Plaintiffs' Motion to Amend Disclosure of Asserted Claims and Infringement Contentions (Dkt. No. 216).[1]  The Court should summarily deny Defendants' motion for reconsideration because it is fatally flawed.  The Ninth Circuit has held that reconsideration is an "extraordinary remedy" which should not be granted unless the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law."[2]  A reiteration of the same arguments and prior positions does not meet the standard for clear error, nor does it show circumstances sufficiently extraordinary for reconsideration of the court's prior order.[3]  Here, Defendants have done nothing more that re-argue their prior positions—no new facts or circumstances, new evidence, or new law has been cited.

Civil Local Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit "setting forth … what new and different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  Defendants' affidavit in support of their motion for reconsideration does not comply with Local Rule 7.1(i)(1) because it does not state what new and different facts and circumstances are claimed to exist which did not exist, or were not shown in their opposition to Zest's motion to amend its preliminary infringement contentions.  Defendants' motion for reconsideration also fails because Defendants rely on arguments that the Court has already considered

---

[1] The motion was brought by Implant Direct Mfg. LLC, Implant Direct LLC, Implant Direct Int'l, Implant Direct Sybron International, and Implant Direct Sybron Manufacturing LLC (collectively, "Defendants").

[2] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[3] *Lopes v. Vieria*, No. 1:06-cv-01243 OWW SMS, 2011 WL 3568600, at *2 (E.D. Cal. Aug. 12, 2011) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

1    and rejected.  On this basis alone, the Court should deny Defendants' motion for

2    reconsideration.  *See*, *e.g.*, *FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009

3    WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (finding that "[i]t would be proper for

4    this Court to summarily reject Defendants' motion [for reconsideration] without

5    further comment" for failure to comply with Local Rule 7.1(i)(1) and for simply

6    restating the same arguments and citations previously presented to and rejected by

7    the Court).

8            Even if the Court were to re-address the arguments previously considered

9    and rejected by the Court, the Court should deny Defendants' motion for

10   reconsideration because Defendants have not shown that the Court committed clear

11   error or that the Court's order is manifestly unjust.[4]  In fact, Defendants have

12   simply misrepresented Zest's disclosures.  Zest has fully complied with Patent

13   Local Rule 3.1 because it provided Defendants with claim charts explaining how

14   the GoDirect and GPS products meet each element of the asserted claims of the

15   patents-in-suit.  Zest has also served supplemental interrogatory responses to

16   include marked-up copies of the engineering specification and a marketing

17   drawing of the GPS internal male providing additional information of where the

18   claim elements are found in the GPS internal male (*i.e.*, *exactly* the disclosure

19   Defendants claim they don't have).  These materials along with the charts contain

20   sufficient information to put Defendants on notice as to each claim.  Because Zest

21   will update its expert report on patent infringement and further supplement its

22   interrogatory responses, as soon as the Court rules on the pending discovery issues,

23   to include additional information Zest has learned through the discovery process

24   after Zest filed its motion to amend its preliminary infringement contentions,

25

26   _____
     [4] Defendants cite no case where a court has denied a motion to amend preliminary
27   infringement contentions on the basis that the proposed amended infringement
     contentions do not comply with Patent Local Rule 3.1.
28

1    Defendants will have all the information they need to prepare for trial.[5]

2    **II.    RELEVANT BACKGROUND**

3            On April 1, 2011, Zest served Defendants Implant Direct Mfg. LLC, Implant

4    Direct LLC, and Implant Direct Int'l (collectively, "Implant Direct") with

5    Plaintiffs' Disclosure of Asserted Claims and Preliminary Infringement

6    Contentions Regarding U.S. Patent No. 6,030,219 and U.S. Patent No. 6,299,447

7    ("preliminary infringement contentions").  (Dkt. No. 107-2 at Ex. 1.)  Therein, Zest

8    provided claim charts explaining how Implant Direct's GoDirect and GPS products

9    meet each element of the asserted claims of the patents-in-suit.

10           On July 25, 2012, Zest filed a motion to amend its preliminary infringement

11   contentions to add a new GPS product brought to market mid-litigation.  (Dkt. No.

12   107.)  On August 13, 2012, Implant Direct filed an opposition to Zest's motion to

13   amend its preliminary infringement contentions.  (Dkt. No. 113.)  In opposition,

14   Implant Direct argued that Zest should not be allowed to amend its preliminary

15   infringement contentions because, *inter alia*, Zest's amended infringement

16   contentions: (1) do not comply with Patent Local Rule 3.1; (2) do not provide

17   Implant Direct with notice of Zest's theories of infringement; and (3) will

18   prejudice Implant Direct's ability to prepare for trial.  (*Id*. at 9-10.)  Even though

19   Defendants Implant Direct Sybron Manufacturing LLC and Implant Direct Sybron

20   International (collectively, "Implant Direct Sybron") had not been joined as

21   Defendants to the case at that point, Implant Direct argued on Implant Direct

22   Sybron's behalf that allowing Zest to amend its preliminary infringement

23   contentions would prejudice Implant Direct Sybron.[6]  (*Id*. at 8.)

24   ---

     [5] The parties participated in a hearing with Judge Gallo on May 29, 2013 in which
25   their respective discovery schedules, including dates for completing the rest of fact
     and expert discovery, were submitted and the parties now await an order from
26   Judge Gallo.

27   [6] In their motion, Defendants erroneously claim that Zest did not comply with the
     Court's deadline in the Case Management Conference Order to file motions to join
28                                                                          (cont'd)

1    On April 15, 2013, the Court rejected Implant Direct's arguments and

2    granted Zest's motion to amend its preliminary infringement contentions.  (Dkt.

3    No. 202 at 6-9.)  On May 15, 2013, Defendants moved for reconsideration of the

4    Court's order granting Zest's motion to amend its preliminary infringement

5    contentions.  (Dkt. No. 216.)  In support of their motion, Defendants raise the very

6    same arguments that the Court previously rejected in granting Zest's motion to

7    amend its preliminary infringement contentions—that Zest should not be allowed to

8    amend its preliminary infringement contentions because Zest's amended

9    infringement contentions: (1) do not comply with Patent Local Rule 3.1; (2) do not

10   provide Implant Direct with notice of Zest's theories of infringement; and (3) will

11   prejudice Implant Direct's ability to prepare for trial.  (Dkt. No. 216-1 at 2.)

12   **III.   ARGUMENT**

13   Motions for reconsideration are disfavored and should be granted only in

14   limited circumstances, such as when the Court "is presented with newly discovered

15   evidence, committed clear error, or if there is an intervening change in the

16   controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

17   F.3d 873, 880 (9th Cir. 2009); *see also Kona*, 229 F.3d at 890 (9th Cir.2000)

18   (stating reconsideration is an "extraordinary remedy, to be used sparingly in the

19   interests of finality and conservation of judicial resources").  A motion for

20   reconsideration cannot be used to ask the Court to rethink what the Court has

21   already thought through merely because a party disagrees with the Court's

22   decision.  *See*, *e.g.*, *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D.

23   Ariz. 2003).  In addition, Civil Local Rule 7.1(i)(1) provides that a motion for

24   reconsideration must include an affidavit or certified statement of a party or

25

26   new parties.  This statement is without basis.  As the Court recognized in granting
     Zest's motion to join Implant Direct Sybron, "Rule 25(c) does not impose a time
27   limit."  (Dkt. No. 202 at 4.)

28
                                          -4-

attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Civ. Loc. R. 7.1(i)(1).

### A.    Defendants Did Not Comply With Local Rule 7.1(i)

Defendants' affidavit in support of their motion for reconsideration does not comply with Local Rule 7.1(i) because it does not state what new and different facts and circumstances are claimed to exist which did not exist, or were not shown in their opposition to Zest's motion to amend its preliminary infringement contentions. (Dkt. No. 216-2 at 2.) Defendants' motion and supporting memorandum do not contain any such facts or circumstances either. (Dkt. Nos. 216 and 216-1.) Courts in this district have repeatedly denied motions for reconsideration for failure to comply with Local Rule 7.1(i). *See*, *e.g.*, *Vera v. Adams*, No. 10cv1940-LAB (BLM), 2013 WL 275870, at *2 (S.D. Cal. Jan. 24, 2013) ("Because Petitioner has not claimed that any 'new or different facts and circumstances ... exist which did not exist, or were not shown, upon [his] prior application' as required under S.D. Cal. Civ.L.R. 7.1(i), his motion for reconsideration of his motion for default judgment is DENIED."); *Thornton v. Schwarzenegger*, No. 10cv01583 BTM (RBB), 2011 WL 90320, at *3 (S.D. Cal. Jan. 11, 2011) ("Plaintiff has not complied with the first two requirements of Civil Local Rule 7.1(i)(1), and his Motion may be denied on this basis."); *see also Gallagher v. S.D. Unified Port Dist.*, No. 08cv0886 AJB (WVG), 2011 WL 4014469, at *2 (S.D. Cal. Sept. 8, 2011) (relying on plaintiff's failure to comply with Local Rule 7.1(i) in denying its motion for reconsideration); *Madrid v. Bank of Am. Corp.*, No. 3:11-cv-0077 AJB (WVG), 2011 WL 3739419, at *2 (S.D. Cal. Aug. 24, 2011) (same). Because Defendants did not comply with Local Rule

-5-

7.1(i), the Court should deny their motion for reconsideration.

**B.    Defendants Rely on the Same Arguments That the Court Previously Considered and Rejected**

In support of their motion for reconsideration, Defendants raise the very same arguments that the Court considered and rejected in granting Zest's motion to amend its preliminary infringement contentions—that Zest should not be allowed to amend its preliminary infringement contentions because Zest's amended infringement contentions: (1) do not comply with Patent Local Rule 3.1; (2) do not provide Implant Direct with notice of Zest's theories of infringement; and (3) will prejudice Implant Direct's ability to prepare for trial.  (*Compare* Dkt. No. 113 at 9-10 with Dkt. No. 216-1 at 2.)  A court need not consider a motion for reconsideration relying on arguments previously made and ruled on.  *See*, *e.g.*, *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004); *Gallagher*, 2011 WL 4014469, at *2 "(Insofar as the Court, in issuing its previous Order, already carefully considered and analyzed the very arguments Plaintiff again raises, the Court finds it unnecessary to readdress them.  The Court is not persuaded by Plaintiff's contention that reconsideration is necessary in the interest of justice and for judicial economy.  The Court accordingly finds that reconsideration is not warranted."); *Banks v. ACS Educ. Corp.*, No. 10cv1886 AJB (CAB), 2011 WL 3794923, at *1 (S.D. Cal. Aug. 25, 2011) ("Plaintiff's motion simply reiterates arguments already submitted and rejected by this Court.  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  Nor does reassertion of arguments already extended and rejected provide an appropriate justification for reconsidering the Court's Order.").  The Court has relied on this rationale in denying Implant Direct's previous motion for reconsideration.  (Dkt. No. 102 at 2 ("But the Court has considered that argument and rejected it …. Implant Direct may disagree with that analysis, but disagreement alone isn't a basis for the Court to reconsider its ruling.").)

-6-

1    Because Defendants raise the very same arguments that the Court already

2    considered and rejected, the Court should deny their motion for reconsideration.

3    Moreover, as there are no new arguments for the Court to address, the Court

4    should vacate the hearing scheduled for July 19, 2013 and decide the motion on the

5    papers.  The Court followed this practice before it denied Implant Direct's previous

6    motion for reconsideration.  (Dkt. No. 101 at 2 ("The Court will rule on the papers

7    without oral argument."); Dkt. No. 102 (denying Implant Direct's motion for

8    reconsideration).)  *See also Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry &*

9    *Vickie Moyes Family Trust*, No. 08cv1368 AJB (BGS), 2012 WL 694471, at *3-4

10   (S.D. Cal. Mar. 1, 2012) (denying request for oral argument on reconsideration).

11   **C.    Defendants Have Not Shown That the Court Committed Clear**
            **Error**

12

13       In moving for reconsideration, Defendants argue that the Court committed

14   clear error in granting Zest's motion to amend its preliminary infringement

15   contentions.  (Dkt. No. 216-1 at 2.)  While "[t]he Ninth Circuit has not defined a

16   standard for 'clear error,' ... it has been discussed by other circuits."  *Campion v.*

17   *Old Republic Home Prot. Co., Inc.*, No. 09-CV-748-JMA (NLS), 2011 WL

18   1935967, at *1 (S.D. Cal. May 20, 2011).  As the Fifth Circuit described the

19   standard, the decision must be "'dead wrong.'"  *In re Novatel Wireless Sec. Litig.*,

20   No. 08cv1689 AJV (RBB), 2012 WL 2499001, at *2 (S.D. Cal. June 27, 2012)

21   (citing *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir.2000)).  Defendants have not

22   met this standard.

23       Defendants argue that the Court committed clear error because Zest's

24   amended infringement contentions do not comply with Patent Local Rule 3.1.

25   (Dkt. No. 216-1 at 2, 5.)  This argument is without merit.  Patent Local Rule 3.1

26   provides that a party claiming patent infringement must provide "[a] chart

27   identifying where each element of each asserted claim is found within each

28   Accused Instrumentality."  Pat. Loc. R. 3.1(c).  Zest complied with this rule

-7-

1   because it provided Defendants with claim charts explaining how Implant Direct's

2   GoDirect and GPS products meet each element of the asserted claims of the

3   patents-in-suit.  (Dkt. No. 107-2 at Ex. 10.)  As the Court recognized in its order

4   granting Zest's motion to amend its preliminary infringement contentions, "Rule 3-

5   1 does not require the patent holder to produce evidence of infringement, but it

6   must map specific elements of Defendants' alleged infringing products onto the

7   Plaintiff's claim construction."  (Dkt. No. 202 at 9 (citing *Samsung SDI Co., Ltd. v.*

8   *Matsushita Elec. Indus. Co. Ltd.*, No. CV 05-8493 PA (SJHx), 2006 WL 5097360

9   at *1 (C.D. Cal. June 5, 2006).)  Zest did precisely this.  Even if Defendants could

10  argue that Zest's amended infringement contentions do not comply with Patent

11  Local Rule 3.1, and they cannot, Defendants cite no case where a court has denied

12  a motion to amend preliminary infringement contentions on the basis that the

13  proposed amended infringement contentions do not comply with Patent Local Rule

14  3.1.[7]

15      Defendants err when they state that Zest has not provided any "diagrams,

16  pictures, schematics or the like that that [sic] illustrate where the claim elements

17  are allegedly found in the GPS internal connection."  (Dkt. No. 216-1 at 6.)  At the

18  outset, Zest notes that Patent Local Rule 3.1 does not require the party claiming

19  patent infringement to provide diagrams, pictures, or schematics.  But more

20

_____

[7] Defendants err when they rely on *InterTrust Techs. Corp. v. Microsoft Corp.*,
2003 U.S. Dist. LEXIS 22736, *8 (N.D. Cal. 2003), *Iris Corp Berhad v. U.S.*, 84
Fed. Cl. 12, 16-17 (Ct. Cl. 2008), *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
467 F.3d 1355, 1365 (Fed. Cir. 2006), *Fujitsu Ltd. v. Tellabs Operations, Inc.*,
2012 U.S. Dist. LEXIS 38740, *39-42 (E.D. Ill. 2012), *Shared Memory Graphics
LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022 (N.D. Cal. 2010), *B-K Lighting, Inc. v.
Vision3 Lighting*, 2013 U.S. Dist. LEXIS 59769, *116-17 and n. 176 (C.D. Cal.
2013), and *Deep9 Corp. v. Barnes & Noble, Inc.*, 2012 U.S. Dist. LEXIS 135512
(W.D. Wash. 2012).  These cases are inapposite because they do not address
motions to amend infringement contentions and/or discuss Patent Local Rule 3.1 in
the context of motions to amend infringement contentions.

21

22

23

24

25

26

27

28

1  importantly, Zest has provided Defendants with such materials.  Nearly six months

2  ago, Zest supplemented its responses to Implant Direct's Second Set of

3  Interrogatories on January 8, 2013.  As part of Zest's supplemental responses, Zest

4  included marked-up copies of Implant Direct's engineering specification and a

5  marketing drawing for the GPS internal male providing additional information of

6  where the claim elements are found in the GPS internal male.  (Velez Decl., Exs. 1

7  and 2.)  Therefore, Zest provided to Defendants the very information that they

8  claim to be missing.  In the six months that Defendants have had these materials,

9  they have never complained that they are somehow deficient.  As such, it is

10  disingenuous for Defendants to claim that "Plaintiffs have not indicated, with

11  specificity, where the claim elements exist in the GPS internal connection

12  products."  (Dkt. No. 216-1 at 8.)

13      Because Defendants have not shown that the Court committed clear error in

14  granting Zest's motion to amend its preliminary infringement contentions, the

15  Court should deny their motion for reconsideration.

16    **D.    Defendants Have Not Shown That the Court's Order Is**
        **Manifestly Unjust**

17

18      Contrary to Defendants' assertion, the Court's order granting Zest's motion

19  to amend its preliminary infringement contentions does not put Defendants at any

20  disadvantage.  (Dkt. No. 216-1 at 11.)  As shown above, Zest has provided

21  Defendants with charts, an engineering specification, and a drawing showing

22  where the claim elements are found in the GPS internal male.  (Dkt. No. 107-2 at

23  Ex. 10; Velez Decl., Exs. 1 and 2.)  These materials contain sufficient information

24  to put Defendants on notice as to each claim.  (Dkt. No. 202 at 9.)  Additionally,

25  Zest will update its expert report on patent infringement and supplement its

26  responses to Implant Direct's contention interrogatories, as soon as the Court rules

27  on the pending discovery issues, to include additional information Zest has learned

28  through the discovery process after Zest filed its motion to amend its preliminary

-9-

1     infringement contentions.  Therefore, Defendants will have all the information they

2     need "to prepare discovery, prepare experts, analyze this case for potential

3     settlement, and make business decisions regarding the GPS internal connection."[8]

4     (Dkt. No. 216-1 at 12.)  As such, Defendants will not be prejudiced in their ability

5     to prepare for trial.

6          Because Defendants have not shown that the Court's order granting Zest's

7     motion to amend its preliminary infringement contentions is manifestly unjust, the

8     Court should deny their motion for reconsideration.

9     **IV.**    **CONCLUSION**

10          For the foregoing reasons, Zest respectfully requests that the Court deny

11     Defendants' motion for reconsideration.  Because Defendants raise no new

12     arguments in support of their motion, Zest requests that the Court vacate the

13     hearing scheduled for July 19, 2013 and decide the motion on the papers.

14     July 3, 2013                      Mayer Brown LLP

15

16                               By:  /s/ John Nadolenco

17                               JOHN NADOLENCO
                              350 South Grand Avenue, 25th Floor
                              Los Angeles, CA  90071-1503

18                               Telephone:  (213) 229-9500
                              Facsimile:  (213) 625-0248

19                               LISA M. FERRI
                              JOHN J. MOLENDA

20                               MANUEL J. VELEZ
                              1675 Broadway

21                               New York, NY 10019-5820
                              Telephone:  (212) 506-2500

22                               Facsimile:  (212) 262-1910
                              Attorneys for Plaintiffs

23                               ZEST IP HOLDINGS, LLC, and ZEST
                              ANCHORS, LLC

24

25     _____
    [8] Defendants' reliance on *Best Med. Int'l v. Accuray, Inc.*, 2011 U.S. Dist. LEXIS
    93607, *10 (W.D. Pa. 2010) and *Shared Memory Graphics LLC v. Apple Inc.*,

26     2010 U.S. Dist. LEXIS 138868 (N.D. Cal. 2010) is misplaced.  These cases are

27     inapposite because they do not address motions to amend infringement
    contentions.

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following document:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF ORDER
GRANTING PLAINTIFFS' MOTION TO AMEND
DISCLOSURE OF ASSERTED INFRINGEMENT
CONTENTIONS**

**Filed July 3, 2013 on the ECF system and served pursuant to General Order No. 550, with:**

**Christopher J. Dugger**
cdugger@kleinberglerner.com

**Michael Hurey**
mhurey@kleinberglerner.com

**Robert Treiman**
rtreiman@kleinberglerner.com

**Philip Nulud**
pnulud@kleinberglerner.com

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

**Patrick Bright**
Wagner, Anderson & Bright LLP
3541 Ocean View Boulevard
Glendale, CA 91208

s/John Nadolenco
John Nadolenco
E-mail: *jnadolenco@mayerbrown.com*

-11-