Michael Hurey (State Bar No. 139,550)
mhurey@kleinberglerner.com
Robert N. Treiman (State Bar No. 133,299)
rtreiman@kleinberglerner.com
Christopher J. Dugger (State Bar No. 239,427)
cdugger@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Defendants IMPLANT DIRECT MFG. LLC,
IMPLANT DIRECT LLC and IMPLANT DIRECT INT'L

Patrick Bright (State Bar No. 68,709)
pbright@patentattornye.us
WAGNER, ANDERSON & BRIGHT
3541 Ocean View Blvd.
Glendale, CA 91208
Telephone: (213) 700-6637
Facsimile: (818) 249-9335
Attorneys for IMPLANT DIRECT SYBRON INTERNATIONAL
and IMPLANT DIRECT SYBRON MANUFACTURING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>IMPLANT DIRECT MFG. LLC, et al.<br><br>Defendants. | Case No.  10-CV-0541 GPC (WVG)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION. ...................................................................................1

II.  ARGUMENT. ......................................................................................1

   A.  The Court's Finding That Plaintiffs' Amended Infringement Contentions
       Comply With Rule 3.1 Was Clear Error ..................................................1

   B.  Plaintiffs' Manifest Injustice Argument Should Be Rejected ...........................6

   C.  Plaintiffs' Rule 7.1(i) Argument Is Without Merit. ..................................9

III. CONCLUSION ..................................................................................13

1

# TABLE OF AUTHORITIES

*Apple, Inc. v. Samsung Elecs.*
   *Co.*, 2013 U.S. Dist. LEXIS 91450, *34-35 (N.D. Cal. 2013) ......................................6

*Banks v. ACS Educ. Corp.*,
   No. 10cv1886 AJB (CAB), 2011 WL 3794923, at *1 (S.D. Cal. Aug. 25, 2011) .......12

*Breeser v. Menta Group Inc.*
   *NFP*, 2013 U.S. Dist. LEXIS 88209, *10 (D. Az. 2013) ................................................1

*Gallagher v. San Diego Unified Port Dist.*,
   2011 U.S. Dist. LEXIS 100861 (S.D. Cal. Sept. 8, 2011)............................................10

*H-W Tech., L.C v. Apple, Inc.*,
   2012 U.S. Dist. LEXIS 121271, *9 (N.D. Tex. 2012)....................................................7

*Nunes v. Ashcroft*,
   375 F.3d 805, 808 (9th Cir.2004) ................................................................................11

*Pet Food Express, Ltd. v. Royal Canin USA, Inc.*,
   2011 U.S. Dist. LEXIS 141281 (N.D. Cal. 2011) ...........................................................1

*Pinnacle Fitness & Rec. Mgmt., LLC v. Moyes*,
   2012 U.S. Dist. LEXIS 27086 (S.D. Cal. 2012)............................................................11

*Re: Maxim Integrated Prods. Mdl No. 2354*,
   2013 U.S. Dist. LEXIS 65684, *23 (W.D. Pa. 2013).......................................................1

*Robert Bosch LLC v. Snap-On Inc.*,

  2013 U.S. Dist. LEXIS 25000, *5 (E.D. Mich. 2013) ....................................... 7

*Sch. Dist. No. 1J v. ACandS, Inc.*,

  5 F.3d 1255, 1263 (9th Cir.  1993) ............................................................... 10

*Thornton v. Schwarzenegger*,

  2011 U.S. Dist. LEXIS 2558 (S.D. Cal. Jan. 11, 2011) ................................. 10

*Vera v. Adams*,

  2013 U.S. Dist. LEXIS 9848, *3 (S.D. Cal. 2013) ......................................... 10

RULES

Rule 26(e) of the Federal Rules of Civil Procedure ........................................... 7

Patent Local Rule 3.1 ........................................................................................ 1

Local Rule 7.1(i) ............................................................................................... 9

Local Rule 3.6(b)(3) .......................................................................................... 7

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   **INTRODUCTION**

Plaintiffs do not show that their Amended Infringement Contentions meet the requirements of Patent Local Rule 3.1.  The supplemental interrogatory answers Plaintiffs cite in their opposition also do not meet the requirements of Rule 3.1.  The interrogatory responses do not lock Plaintiffs into their infringement contentions and may be supplemented or amended at any time by the Plaintiffs.  Further, the interrogatory answers are incomplete and do not provide all of the information required by Patent Local Rule 3.1.

Plaintiffs should not be permitted, in the circumstances here, to assert that the GPS internal connection product infringes their patents without complying with Patent Local Rule 3.1 as to the GPS internal connection.  Defendants' motion for reconsideration should be granted.

# II.   **ARGUMENT**

## A.   **The Court's Finding That Plaintiffs' Amended Infringement Contentions Comply With Rule 3.1 Was Clear Error.**

Plaintiffs assert, citing Fifth Circuit precedent, that to constitute clear error, a ruling must be "dead wrong."  (Dkt. 234, at 7:18.)  Other courts have phrased the standard as "a court should have a clear conviction of error."  *Breeser v. Menta Group Inc. NFP*, 2013 U.S. Dist. LEXIS 88209, *10 (D. Az. 2013) (quoting *Pet Food Express, Ltd. v. Royal Canin USA, Inc.*, 2011 U.S. Dist. LEXIS 141281 (N.D. Cal. 2011)).  Defendants respectfully contend that, however the standard is phrased, the Court's ruling that Plaintiffs complied with Patent Local Rule 3.1 with respect to the GPS internal connection product (Dkt. 202, at 9:23-25) meets the standard for clear error.  Plaintiffs have not provided infringement contentions that specifically identify where each element of the asserted claims are found in the GPS internal connection device.  Implant Direct's motion for reconsideration (Dkt. 216.1, at 10:4-5) shows that the GPS internal connection

product is a separate "Accused Instrumentality" for purposes of Patent Local Rule 3.1. The Court, in granting Plaintiffs' motion to amend their infringement contentions, appears to have agreed that the GPS internal connection product is a separate Accused Instrumentality:  "Accordingly, the Court finds that Plaintiffs have stated with sufficient particularity the manner in which the ***new product*** infringes the patent, thereby satisfying Local Rule 3.1."  (Dkt. 202, at 9:23-25; emphasis added.)

Plaintiffs suggest in their opposition that the GPS internal connection is not a separate Accused Instrumentality for purposes of Rule 3.1:  Plaintiffs assert that they complied with the requirement of providing a chart (Patent L.R. 3.1(c)) because they "provided Defendants with claim charts explaining how Implant Direct's GoDirect and GPS products meet each element of the asserted claims of the patents-in-suit."  (Dkt. 234, at 7:28-8:3)  Plaintiffs thus lump the GPS internal connection with the GPS external connection and the GoDirect product as the "GoDirect and GPS products," rather than complying with Rule 3.1 as to each product.

Plaintiffs' suggestion that the GPS internal connection product is not a separate Accused Instrumentality should be rejected.  Plaintiffs have consistently taken a contrary position in this litigation.  Plaintiffs' infringement expert, Dr. Brunski, distinguished between the GPS internal connection and the GPS external connection products in his report.  (Brunski Report, at pp.18 and 25, ¶¶ 83-84, and 116 (attached as Ex. B to Dugger Decl.).)  Plaintiffs have recently sought to "update" their expert reports (including Dr. Brunski's report) to address the GPS internal connection.  (Dkt. 217, at n.2 (Plaintiffs' stating they "will update the expert reports of Drs. Brunski and Vogel to include the ***new GPS male***" (emphasis added)); Dkt. 228, at 18:18-20 (Plaintiffs' stating they were planning to update their technical experts' report as to the GPS internal connection).)  Dr. Brunski also asserts that "[w]hile Implant Direct continues to sell the non-engaging GPS male, it is no longer included in the kit that comes with the GPS abutment."  (Brunski

_____

Rep., p.25 at ¶ 116.)  Dr. Brunski also indicates marketing differences in the GPS'
internal connection's retentive force.  (Brunski Rep., p.25, ¶ 116.)  Plaintiffs have asserted
that the GPS internal connection product has its own product codes and Plaintiffs have
sought to compel production of samples of GPS internal connection models based on
those product codes.  (May 14, 2013 Letter from L. Ferri to Mag. Judge Gallo, attached
as Ex. A to Dugger Declaration.)

      Other evidence supports the conclusion that the internal connection product is a
separate instrumentality.  Plaintiffs attached an advertisement to their Amended
Infringement Contentions that demonstrates the additional advantages of the internal
connection product over Plaintiffs' product.  (Dkt. 107-2 at 102.)  The GPS internal
connection product was designed, manufactured and brought to market at a different time
than the GPS external connection.  (Niznick May 11, 2012 Depo., at 214:1-11 (Ex. C to
Dugger Decl.).)  Implant Direct Sybron, which was recently added to the case, has
contended that the introduction of the new GPS internal connection affects the damages
calculation in this case.  (Dkt. 228, at 6:19-20 (Implant Direct Sybron's counsel's
argument that "adding this new product, that it has changed the calculus of the liability
side of the case")).)  The GPS internal connection must be treated as a separate Accused
Instrumentality.[1]

      The Court's ruling notwithstanding, Defendants believe that it is clear Plaintiffs
have not complied with Patent Local Rule 3.1 as to the GPS internal connection device.
Plaintiffs have not *specifically* indicated *where* the elements of the asserted claims are
found in the product, as is required by Local Rule 3.1.

_____

[1] Implant Direct contends it would not be liable for the GPS internal connection.
Plaintiffs assert that the GPS internal connection was first marketed in 2012, which
would be well after the December 2010 transaction in which Implant Direct transferred
their assets to Implant Direct Sybron.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The GPS internal connection is only mentioned in Plaintiffs' Amended Infringement Contentions in connection with Plaintiffs' discussion of three particular claims of Plaintiffs' 6,030,219 Patent (the "'219 Patent") -- Claims 2, 3 and 4.  With respect to other claims of Plaintiffs' '219 Patent and Plaintiffs' 6,299,447 Patent (the "'447 Patent"), Plaintiffs merely assert that "[t]he GPS® products include, *inter alia*, all abutments . . . , males with external connection . . . , males with internal connection . . . , and caps" (Dkt. 107.2, Ex. 10, ex. B thereto, fn.1) and that infringement occurs because "one or more of the GPS® male members" is used (*see* Plaintiffs' Amended Infringement Contentions with respect to '219 Patent, Claims 1, 12, 21, 22, 23, 24, 25, and '447 Patent, Claims 1, 2, 6, 13, 14, 19).  There is no way to ascertain from Plaintiffs' Amended Infringement Contentions which claims of the '219 Patent and '447 Patent (other than possibly Claims 2, 3 and 4 of the '219 Patent) Plaintiffs contend are infringed.  Further, even there it is ambiguous whether Plaintiffs contend the GPS internal connection infringes Claims 2, 3 and 4 of the '219 Patent because those are dependent claims and Plaintiffs have not clearly indicated that they contend that the GPS internal connection infringes Claim 1 of the '219 Patent, on which Claims 2, 3 and 4 depend.  Plaintiffs' Amended Infringement Contentions thus violate Patent Local Rule 3.1(b) as to the GPS internal connection product.

Further, the Amended Infringement Contentions do not (whether for the Claims 2, 3 and 4 of the '219 Patent or any other claims) indicate where each element of those claims is found within the GPS internal connection product (*see* Patent L.R. 3.1(c)).  As discussed in the moving papers, Plaintiffs merely recite the claim language.  (Dkt. 216.1, at 6:19-9:10.)[2]

_____

[2] As discussed below, Plaintiffs' supplemental interrogatory answers, which Plaintiffs also cite, cannot substitute for infringement contentions and also do not show how the each element of each asserted claim is present in the GPS internal connection.

The Amended Infringement Contentions also do not -- whether for Claims 2, 3 and 4 of the '219 Patent or any other claims -- meaningfully indicate whether each element of each such claim is claimed to be literally present within the GPS internal connection product or present under the doctrine of equivalents (Patent L.R. 3.1(e)).  The Plaintiffs merely repeat the same boilerplate language that each claim element is present either literally *or* under the doctrine of equivalents.  This does not provide Defendants with any actual indication of what their infringement theories will be at trial.  Plaintiffs have not complied with Patent Local Rule 3.1 with respect to the GPS internal connection device.

Plaintiffs also argue that "Defendants cite no case where a court has denied a motion to amend preliminary infringement contentions on the basis that the proposed amended infringement contentions do not comply with Patent Local Rule 3.1."  (Dkt. 234, at 8:10-14.)  Plaintiffs in substance assert they amended their infringement contentions to make clear that the GPS internal connection was part of this case and Plaintiffs could seek damages for the GPS internal connection, but that Plaintiffs should not have to comply with Patent Local Rule 3.1.  Thus, they contend it would not be clear error for the Court to excuse them from complying with Rule 3.1.  Plaintiffs have not articulated any basis for being excused from the requirement of complying with Patent Local Rule 3.1.  Further, the Court did not excuse Plaintiffs from complying with Rule 3.1.  Rather, the Court ruled (erroneously in Defendants' view) that Plaintiffs had complied with Rule 3.1 with respect to the GPS internal connection.

The Court should not excuse Plaintiffs from complying with Patent Local Rule 3.1. Compliance with Rule 3.1 is mandatory.  (*See* Patent L.R. 3.1 ("a party claiming patent infringement *must* serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'  Separately for each opposing party, the 'Disclosure of Asserted Claims and Infringement Contentions' *must* contain the following information . . . .") (emphasis added).)  Patent Local Rule 3.6, which provides for motions to amend infringement

contentions, does not provide for motions to amend infringement contentions merely to accuse new products without complying with the Patent Local Rules.  If Plaintiffs merely wanted to accuse new products, they should have sought to amend their complaint, rather than purporting to amend their infringement contentions without actually complying with Rule 3.1.

Indeed, allowing non-complying infringement contentions to be served would be unfair.  It would allow a plaintiff to obtain the benefits of having complied with Patent Local Rule 3.1 without the plaintiff actually complying with the Rule.  Further, it would require Implant Direct Sybron (and Implant Direct to the extent Plaintiffs contend Implant Direct is liable for the GPS internal connection) to defend infringement claims without having the benefit of Plaintiffs' serving infringement contentions as to the GPS internal connection.

### B.   Plaintiffs' Manifest Injustice Argument Should Be Rejected.

Plaintiffs argue that their supplemental interrogatory answers provide information as to their infringement theories, and therefore it would not be manifestly unjust if Plaintiffs do not comply with Rule 3.1.  (Dkt. 234, at 9:18-10:8.)  Plaintiffs' argument is without merit.

The supplemental interrogatory answers are not a substitute for compliance with Patent Local Rule 3.1.  The purpose of Local Rule 3.1(c) is to provide the Defendants early and concrete notice of the basis of Plaintiffs' infringement contentions.  In *Apple, Inc. v. Samsung Elecs. Co.*, 2013 U.S. Dist. LEXIS 91450, *34-35 (N.D. Cal. 2013), the Court held:

> "Infringement contentions serve as substitutes for interrogatories, but they also act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at trial.  Parties accordingly need not 'prove up' their theories by providing evidence beyond the material they have at the time they make their contentions.  On the other hand, parties should proffer all of the theories of infringement that they in good faith believe they can assert.  As

1
2
with other forms of pleadings, the infringement contentions should become more specific and fine-tuned as the case progresses, not more sprawling and encompassing. Nothing in this process, however, suggests that infringement contentions are intended to be a running dialogue between the parties, with additions of theories as one side asserts that a particular argument is unsustainable."

3
4
5
6
*See also In re Maxim Integrated Prods. Mdl No. 2354*, 2013 U.S. Dist. LEXIS 65684, *23 (W.D. Pa. 2013) ("The **purpose** of **infringement contentions** is to require a party to crystallize its theories of the case early in the litigation") (citation and quotations omitted); *Robert Bosch LLC v. Snap-On Inc.*, 2013 U.S. Dist. LEXIS 25000, *5 (E.D. Mich. 2013) ("The **purpose** of **infringement contentions** is to provide defendants with notice of infringement beyond the claim language itself") (citation and quotation omitted); *H-W Tech., L.C v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 121271, *9 (N.D. Tex. 2012) ("The **purpose** of preliminary **infringement contentions** is to provide notice of the accusing party's specific theories of infringement") (citation and quotations omitted).

7
8
9
10
11
12
13
14
15
        Infringement contentions are "locked in" because the Plaintiffs cannot amend their contentions without first bringing a motion and showing good cause. Local Rule 3.6(b)(3). Interrogatory responses, in contrast, can be supplemented or amended at any time under Rule 26(e) of the Federal Rules of Civil Procedure. Even assuming the information in Plaintiffs' interrogatory answers met the requirements of Local Rule 3.1, Plaintiffs could have included the information in the interrogatory responses in their Amended Infringement Contentions, but chose not to do so. One can speculate Plaintiffs did not do so to try to retain flexibility to change their infringement theories in the future. That is not permissible. If Plaintiffs can provide the information required by Patent Local Rule 3.1, as they apparently contend in their opposition, they should have put the information in their Amended Infringement Contentions.

16
17
18
19
20
21
22
23
24
25
26
        Plaintiffs' supplemental interrogatory answers are also insufficient because they do not provide all of the information required by the Local Patent Rules. Rule 3.1(c)

27
28

1   requires the Plaintiff to identify where *every* element of each asserted claim is found in

2   the accused instrumentality.  A preliminary examination of the supplemental

3   interrogatory responses shows that Plaintiffs have not done this.  Consider for example,

4   Claim 1 of the '219 Patent.  The claim includes the following elements: "abutment

5   member," "upper end of the abutment member," "projecting downwardly," "above the

6   tissue level," "upper end of the male member," "means for swiveling," "formations," and

7   "taper."  None of these elements are identified in the supplemental interrogatory

8   responses.  The above discussion is just for Claim 1 of the '219 Patent.

9       Plaintiffs' argument that Defendants did not contest the adequacy of the

10  supplemental interrogatory answers is a strawman, and lacks merit.  The supplemental

11  interrogatory responses are not at issue here.  Defendants have consistently objected to

12  the content of Plaintiffs' infringement contentions.  The supplemental responses are not a

13  substitute for the contentions that are required under the Local Rules, as is discussed

14  above.  Implant Direct had no incentive to litigate the sufficiency of responses because it

15  has never marketed the GPS internal connection device.  Plaintiffs have not explained

16  how Implant Direct could be liable for patent infringement arising from the sale of that

17  product.  Implant Direct Sybron has sold the internal connection device, but it was not

18  joined as a party to this case until long after Plaintiffs served their supplemental

19  responses.  Further, Plaintiffs' motion to add the GPS internal connection had not been

20  granted when Plaintiffs served their responses.

21      Plaintiffs also have not responded to Defendants' other arguments in their

22  reconsideration motion regarding manifest injustice.  (*Compare* Dkt. 216.1, at 11:23-

23  12:25, *with* Dkt. 234, at 9:16-10:8.)  Defendants respectfully submit that the Court's order

24  granting Plaintiffs' motion to amend their infringement contentions was manifestly

25  unjust.

26

27

28

_____

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING
PLAINTIFFS' MOTION TO AMEND DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

## C.  __Plaintiffs' Rule 7.1(i) Argument Is Without Merit.__

Plaintiffs argue that Defendants have failed to comply with Local Rule 7.1(i) because "Defendants' affidavit in support of their motion for reconsideration . . . does not state what new and different facts and circumstances are claimed to exist which did not exist, or were not shown in their opposition to Zest's motion to amend its preliminary infringement contentions."  (Dkt. 234, at 5:6-6:1.)  Plaintiffs' argument should be rejected.

Local Rule 7.1(i) does not impose a requirement that new or different facts or circumstances exist for the motion at issue here.  First, Local Rule 7.1(i), by its terms, applies to reconsideration motions where (1) a motion, application, or petition for an order has been either "refused in whole or in part" or "granted conditionally or on terms" and (2) a "subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts".  Thus, it applies where a party made a prior motion, application or petition which was not granted in its entirety, and the party applies again for relief the party did not obtain on its earlier motion, application, or petition.  That is not the situation here.  Defendants did not make the prior motion to amend infringement contentions (the motion was filed by the Plaintiffs); and the prior motion was not refused in whole or in part or granted conditionally or on terms with the moving party (Plaintiffs) making a subsequent motion or application for relief they did not obtain on the prior motion.  Rather, Defendants (the prior non-moving party) are asking the Court to reconsider and reverse its earlier decision granting Plaintiffs' prior motion.

Second, Rule 7.1(i), by its terms, does not limit motions for reconsideration to situations where new and different facts and circumstances are claimed to exist, but instead, only requires that where new and different facts and circumstances are claimed to exist, they be set forth in an affidavit or attorney statement.  If Plaintiffs' argument that

Rule 7.1(i) applies to reconsideration motions such as that at issue here were right, it would preclude parties from seeking reconsideration of the grant of an earlier motion based on a showing of clear error or manifest injustice.  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.  1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

Plaintiffs have not cited authority holding that motions for reconsideration asserting clear error or manifest injustice are limited to situations where new and different facts and circumstances are claimed to exist.  *Vera v. Adams*, 2013 U.S. Dist. LEXIS 9848, *3 (S.D. Cal. 2013) (cited at Dkt. 234, at 5:14-15), involved a plaintiffs request for entry of default following the court's denial of plaintiff's earlier motion for default.  Neither of Plaintiffs other cases hold that a court can deny a reconsideration motion asserting clear error or manifest injustice because new or different facts or circumstances have not been shown.  Similarly, Plaintiffs cite *Gallagher v. San Diego Unified Port Dist.*, 2011 U.S. Dist. LEXIS 100861 (S.D. Cal. Sept. 8, 2011) as an example of a court denying a motion for reconsideration for failure to comply with Local Rule 7.1(i).  However, in that case the Plaintiff did not "allege that there is newly discovered evidence or an intervening change in the controlling law or that the Court committed clear error."  Id. at 3.  Here, Implant Direct has alleged clear error.  Plaintiffs also rely on *Thornton v. Schwarzenegger*, 2011 U.S. Dist. LEXIS 2558 (S.D. Cal. Jan. 11, 2011).  However, the Court in *Thornton* actually did consider the motion, denying it on other grounds.  The quotation cited by Plaintiffs is mere dicta.

Defendants do not believe they are required to show new or different facts or circumstances on this motion.  However, new or different facts or circumstances would include (1) Plaintiffs' seeking to update their infringement expert reports to address the

GPS internal connection after representing to the Court that they would not advance any new theories of infringement (*compare* Dkt. 217, at 9, n.2, *with* Dkt. 202, at 7:18-20; *see also* Dkt.); and (2) Plaintiffs' asserting in their opposition here that supplemental interrogatory answers they served on January 8, 2013 "provid[e] additional information of where the claim elements are found in the GPS internal male" (Dkt. 234, at 2:17-18) where such interrogatory answers provide different theories of infringement than were set forth in Plaintiffs' original infringement contentions.  By way of example, the marketing drawing Plaintiffs cite (Dkt. 234.1, Ex.2) includes a reference to a "retention head; releasable snap engagement" and a line indicating the GPS internal connection.  That was not included in Plaintiffs' original infringement theories.  (Dkt. 107.2, Ex. 1 (*e.g.*, the discussion of Claim 2 stating that "[t]he Accused Products have a socket that extends in from the upper end the Locator" and that "[a] retention head projects from the upper end of the Locator® male member for releasable snap engagement in the socket of the Accused Products" but not stating that the Accused Products have a retention head that makes a releasable snap engagement).)  And, as set forth above, Plaintiffs' supplemental interrogatory answers do not provide all of the information required by the Local Patent Rules and fail to identify various elements of the asserted claims.

Plaintiffs assert that "Defendants raise the very same arguments that the Court considered and rejected in granting Zest's motion to amend its preliminary infringement contentions."  (Dkt. 234, at 6:4-6.)  None of the cases Plaintiffs cite stand for the proposition that raising the "same arguments" justifies denial of a reconsideration motion.  Three noted that Plaintiffs had not made a showing of clear error.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004); *see also Gallagher v. San Diego Unified Port Dist.*, 2011 U.S. Dist. LEXIS 100861, *3 (S.D. Cal. 2011) (the plaintiff "[did] not allege . . . that the Court committed clear error."); *Pinnacle Fitness & Rec. Mgmt., LLC v. Moyes*, 2012 U.S. Dist. LEXIS 27086 (S.D. Cal. 2012) ("the Trust does not base their argument

on newly discovered evidence, clear error, or an intervening change in controlling law."). The fourth, *Banks v. ACS Educ. Corp.*, No. 10cv1886 AJB (CAB), 2011 WL 3794923, at *1 (S.D. Cal. Aug. 25, 2011), denied a motion for reconsideration regarding setting aside a default and did not expressly address a clear error argument.

The arguments Defendants have raised in their reconsideration motion here are also not the same as were made in Implant Direct's original opposition. The original opposition focused on the fact that Implant Direct did not manufacture the GPS internal connection and Implant Direct Sybron had not been joined. (Dkt. 113, at 5:17-8:25.) Further, the argument in the original opposition that Plaintiffs' proposed Amended Infringement Contentions did not comply with the Local Rules (which was only made on behalf of Implant Direct, and not on behalf of Implant Direct Sybron), did not include the same arguments that the reconsideration motion makes. (*Compare* Dkt. 113, at 9:10-10:11, *with* Dkt. 7:4-8:10 (demonstrating that Plaintiffs merely copied the claim language in their Amended Infringement Contentions), Dkt. 216.1, at 9:11-10:22 (making an express argument that GPS internal connection is a separate Accused Instrumentality), Dkt. 216.1, at 10:23-11:16 (discussing the level of specificity required).) Moreover, the manifest injustice argument made in the reconsideration motion is not the same as the prejudice argument that was made in the original opposition.

Further, it is not the case Defendants merely disagree with the Court's rationale in the earlier order. Even though the Court found that Plaintiffs' complied with Rule 3.1 as to the GPS internal connection, the Court did not provide a rationale as to how the Amended Infringement Contentions provided all of the information required by Rule 3.1 as to the GPS internal connection. In short, the Court's order appears inconsistent. On the one hand, the order appears to have treated the GPS internal connection as an Accused Instrumentality as to which Plaintiffs had to fulfill the requirements of Patent Local Rule 3.1. On the other hand, the Court's order did not address how Amended

---

Infringement Contentions, which only reference the GPS internal connection in connection with three claims and provide almost no discussion as to it, could be deemed to comply with Rule 3.1.

### III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court reconsider its order granting Plaintiffs' motion to amend their infringement contentions, and deny the motion.

Dated: July 12, 2013      By: _Michael Hurey_ by CJD
                          Michael Hurey
                          KLEINBERG & LERNER, LLP
                          Attorney for Defendants
                          IMPLANT DIRECT MFG. LLC
                          IMPLANT DIRECT LLC and
                          IMPLANT DIRECT INT'L

Dated: July 12, 2013      By: _Patrick Bright_ by CJD
                          Patrick Bright
                          WAGNER, ANDERSON & BRIGHT
                          Attorney for Defendants
                          IMPLANT DIRECT SYBRON INTERNATIONAL and
                          IMPLANT DIRECT SYBRON MFG. LLC