# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC and ZEST ANCHORS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>IMPLANT DIRECT MFG, LLC et al.,<br><br>    Defendants. | CASE NO. 10cv0541-GPC-WVG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 216] |

Defendants Implant Direct MFG LLC, Implant Direct LLC and Implant Direct Int'l ("Implant Direct") and Defendants Implant Direct Sybron International and Implant Direct Sybron Manufacturing, LLC ("IDSI") (collectively, "Defendants") filed a motion for reconsideration of this Court's Order Granting Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC ("Plaintiffs") Motion to Amend Infringement Contentions. (Dkt. No. 216.) For the reasons below, the Court **DENIES** the motion.

## BACKGROUND

On April 1, 2011, Plaintiffs served Defendants Implant Direct with the Disclosure of Asserted Claims and Preliminary Infringement Contentions. (Dkt. No. 107-2 at Ex. 1.) On July 25, 2012, Plaintiffs filed a motion to amend its preliminary infringement contentions to add a new GPS product. (Dkt. No. 107.) Subsequently,

Plaintiffs filed a motion to join Defendants IDSI. (Dkt. No. 116.)

On April 15, 2013, this Court issued an Order granting Plaintiffs' motion to join IDSI and motion to amend infringement contentions. (Dkt. No. 202, "Order.") The Court made three key conclusions in granting Plaintiffs' motion to amend infringement contentions: (1) Plaintiffs had shown due diligence in seeking to amend the infringement contentions; (2) Defendants would not suffer undue prejudice as a result of the amended contentions; and (3) Plaintiffs proposed amended infringement contentions stated each claim with sufficient particularity to satisfy Patent Local Rule 3.1. (Order at 7-9.)

On May 15, 2013, Defendants moved for reconsideration of this Court's April 15 Order granting Plaintiffs' motion to amend infringement contentions. (Dkt. No. 216, "Def. Mtn.")  Defendants contend the Court committed clear error in granting the motion because the amended infringement contentions fail to comply with Patent Local Rule 3.1. (Def. Mtn. at 5.)  Defendants further argue the Court's decision results in manifest injustice because the amended contentions do not provide notice regarding the Plaintiffs' theory of infringement regarding the GPS internal connection. (Def. Mtn. At 11.)

On July 3, 2013, Plaintiffs filed a response in opposition to Defendants' motion for reconsideration. (Dkt. No. 234, "Pl. Response.")  Plaintiffs assert Defendants' motion for reconsideration must be denied because Defendants fail to show any new facts, circumstances, evidence or law as required by Local Rule 7.1.i. and Defendants have not shown the Court committed clear error or the Court's Order is manifestly unjust. (Pl. Response at 5-10.)

**LEGAL STANDARD**

A district court may reconsider an order under either Federal Rule of Civil Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from judgment).  Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion,

including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir.2003). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. <u>Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

As explained below, the Court finds Defendants' motion for reconsideration does not show the Court committed clear error or the initial decision was manifestly unjust. Moreover, Defendants rely on previous arguments already considered by this Court and fail to offer any newly discovered evidence or change in circumstances.

Defendants contend the Court committed clear error because Plaintiffs have failed to comply with Local Patent Rule 3.1(c). (Def. Mtn. at 5.) Defendants assert the Plaintiffs have not been specific enough in their allegations regarding the new GPS internal connection and failed to explain precisely where each element is located. (Def. Mtn. at 6.) Plaintiffs respond the Court has previously considered this same argument by Defendants', and correctly found Plaintiffs met the specificity requirement of the Patent Local Rule. (Pl. Mtn at 7-8.) Additionally, Plaintiffs assert they have provided Defendants charts and diagrams with information detailing the location and specifications for the GPS internal abutment. (<u>Id.</u> at 9.)

As a preliminary matter, the Court refuses to reconsider the same arguments Defendants previously submitted in opposing Plaintiffs' motion to amend. The Court has already considered and rejected the argument that Plaintiffs' proposed

amended contentions lacked specificity pursuant to the Patent Rules. (Order at 9.) Defendants slightly modify their old arguments and focus instead on the GPS internal connection as a separate issue requiring specificity in the amended infringement claims. Upon review of the infringement claims, however, the Defendant's focus on the internal connection does not change the Court's previous analysis or findings. Nor do the Defendants offer any new evidence, change in circumstances, or legal authority to warrant a change in this Court's decision. The cases cited by Defendants merely point to precedent relied upon by this Court in its Order. For these reasons, the Court concludes Defendants have failed to show the Court committed clear error.

Moreover, Defendants have not shown the decision is manifestly unjust. Defendants claim they "have no way to know why Plaintiffs contend the GPS internal connection infringes their patents." (Def. Mtn. 12.) The Court finds this assertion is contradicted by the record. During the hearing before this Court on Plaintiffs' motion to amend infringement contentions, Plaintiffs provided a thorough explanation replete with charts and samples of their claim regarding the GPS internal connection. (See Dkt. No. 184, "Transcript of Motion Hearing.") Furthermore, Plaintiffs have produced in their supplemental responses to interrogatories additional information regarding the internal connection. (Pl. Mtn, Exhibits 1-2.) In addition to the infringement contentions, the record clearly shows Defendants are on sufficient notice regarding the internal connection. Accordingly, Defendants have failed to show the decision is manifestly unjust.

Nor have Defendants met the requirement of the local rules. Under these rules, Defendants must offer the court new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. Defendants have not complied with this requirement.

Accordingly, Defendants have not met their burden to warrant reversal of this Court's previous decision.

## CONCLUSION

The Court hereby **DENIES** Defendants' motion for reconsideration. (Dkt. No. 216.)

**IT IS SO ORDERED.**

DATED: July 17, 2013

HON. GONZALO P. CURIEL
United States District Judge