UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, et al., | Civil No.10-0541-GPC(WVG) |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' REQUEST TO CONDUCT DISCOVERY |
| v. | |
| IMPLANT DIRECT MFG., et al., | |
| Defendants. | |

On August 19, 2013, the Court received a letter from Defendants' counsel in which Defendants seek the Court's permission to take discovery from Plaintiffs and third parties Avista Capital Partners ("Avista") and The Jordan Company ("Jordan"). On September 4, 2013, Plaintiff received a letter from Plaintiffs' counsel opposing Defendants' request.

Prior to August 16, 2013, Plaintiff was owned by Jordan. On August 16, 2013, Avista acquired Plaintiff from Jordan.[1]

Defendants seek permission "to take discovery about the agreement between (Jordan) and Avista, Avista's evaluation of (Plaintiff's) claims and the '219 and '447 Patents, as well as any information that may have been exchanged between Plaintiff, (Jordan) and Avista concerning this lawsuit, the '219 or '447 Patents, Implant Direct, Implant Direct Sybron International, Implant Direct Sybron Manufacturing and Dr. Gerald Niznick, prior to the (acquisition) of (Plaintiff) by Avista." (Defendants' August 19, 2013 letter at 1).

Defendants argue that the information they seek is relevant to the issues of damages in this case and the value of a reasonable royalty for Plaintiff's patents. Further, Defendants argue that the information it seeks is reasonably calculated to lead to the discovery of admissible evidence. Specifically, Defendants assert that their expert witness on the subject of damages, who has already issued a report pursuant to Fed. R. Civ. P. 26(a)(2)(B), has opined that the information Defendants seek could have a direct effect on her opinion regarding the value of a reasonable royalty for Plaintiff's patents, and the amount of patent and trademark damages that Plaintiff might be able to claim.

---

[1] On September 11, 2013, at the Court's request, Plaintiffs' counsel confirmed the acquisition date.

Additionally, Defendants contend that Plaintiff's expert witness on the subject of damages, who has also issued a report pursuant to Fed. R. Civ. P. 26(a)(2)(B), has analyzed the factors generally used to determine the value of a reasonable royalty for Plaintiff's patents.

Defendants acknowledge that the transaction between Avista and Jordan is not definitively controlling as to the value of a reasonable royalty. However, they believe that information exchanged between Plaintiff, Jordan, and Avista has some relevance to each expert witness' report and conclusions. Defendants also acknowledge that, at this time, discovery has been closed for them.

Plaintiffs argue that Defendants' request to reopen discovery for them so that they can pursue overly broad discovery requests is unjustified. Plaintiffs contend that Defendants' requests will go far beyond the value of a reasonable royalty for Plaintiff's patents, and may belatedly cover areas of discovery that should have been previously completed. Further, Plaintiffs contend that they will be prejudiced by allowing Defendants to conduct the requested discovery because such discovery will significantly delay this action and increase their costs. Moreover, Plaintiffs inform the Court that Avista and Jordan are not within the jurisdiction of this Court. Therefore, Defendants will have to serve subpoenas on Avista and Jordan issued by another Court.

Fed. R. Civ. P. 16(b)(4) states that a court's scheduling order may be modified for good cause and with the judge's consent. The court has discretion whether to reopen discovery or to hold the parties to discovery cut-off dates. <u>Cardenas v. Whittemore</u>, 2013 WL 244374 (S.D. Cal. 2013), citing <u>Cornwell v. Electra Central Credit Union</u>, 439 F.3d 1018, 1027 (9th Cir. 2006).

Here, the Court finds good cause to allow Defendants to reopen discovery for them. Some of the information sought by Defendants is relevant to the issues of damages in this action and may affect the opinions of Plaintiffs' and Defendants' expert witnesses on damages. Further, that Plaintiff was sold to Avista on August 16, 2013 is a new and recent development that Defendants (and perhaps Plaintiffs) could not have anticipated. Since discovery has been closed for Defendants for some time, it would have been impossible for Defendants to have previously sought to obtain the information it now seeks.

Plaintiffs' arguments regarding the prejudice they will suffer are unavailing. Despite Plaintiffs' allegations that Defendants' request to seek discovery from Avista and Jordan will delay the case, the last date scheduled by the District Judge assigned to this case for a hearing on a motion is January 3, 2014. Therefore, this case will be delayed at least until that time, if not longer. Additionally, with regard to Plaintiffs' claim that they will incur more costs as a result of Defendants' requests for information regarding Avista's acquisition of

Plaintiff, the Court believes that the costs to Plaintiff will be minimal in relation to the costs that Jordan and Avista may have to incur.

However, the Court agrees with Plaintiffs that, as stated in Defendants' August 19, 2013 letter, Defendants' requests are over broad. Moreover, the requests are generally stated and not fully delineated. Therefore, the Court ORDERS as follows:

1. Defendants' Request To Reopen Discovery is GRANTED *only for the limited purpose* of seeking discovery from Plaintiff, Jordan, and Avista regarding:

    a. Jordan's and Avista's valuation of Plaintiff's '219 and '447 Patents and the damages recoverable in this action;

    b. information exchanged between Plaintiffs, Jordan, and Avista concerning this lawsuit, and the '219 and '447 Patents, prior to Avista's acquisition of Plaintiffs.

2. Defendants shall not be permitted to obtain:

    a. the acquisition agreement between Jordan and Avista, unless and until they show that the acquisition agreement is relevant to a claim or defense in this action;

    b. general information exchanged between Plaintiffs, Jordan, and Avista regarding Defendants and Dr. Niznick, unless and until they show that such information is relevant to a claim or defense in this action;

1    c. "any information that may have been exchanged between Plaintiffs, Jordan and Avista" other than the information specified in number 1 above.

3. To avoid unnecessary delay, on or before <u>October 4, 2013</u>, Defendants shall serve subpoenas on Jordan and Avista.

DATED:   September 13, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge