1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9         SOUTHERN DISTRICT OF CALIFORNIA

10

11   ZEST IP HOLDINGS, LLC,      )   Civil No.10-0541-GPC(WVG)
     et al.,                     )
12                               )   ORDER GRANTING MOTION TO
                    Plaintiffs,  )   STRIKE THE JOINT EXPERT
13   v.                          )   REPORT OF SCOTT D.
                                 )   HAMPTON AND BRUCE G.
14   IMPLANT DIRECT MFG., LLC,   )   SILVERMAN PURSUANT TO
     et al.,                     )   RULE 37(c)
15                               )   (Doc. No. 201)
                    Defendants.  )
16                               )
     _____ )
17

18        Plaintiffs Zest IP Holdings ("Plaintiffs") have made

19   a Motion To Strike The Joint Expert Report Of Scott D.

20   Hampton And Bruce G. Silverman Pursuant To Rule 37(c)

21   ("Motion"). Defendants Implant Direct Mfg. ("Defendants")

22   have filed an Opposition to the Motion. Plaintiffs have

23   filed a Reply to Defendants' Opposition. The Court, having

24   reviewed the moving, opposition, reply papers, the record

25   in this case, and GOOD CAUSE APPEARING, HEREBY GRANTS

26   Plaintiff's Motion.

27

28

1

I

2

FACTUAL BACKGROUND

3       On February 9, 2011, the Court issued a Case Manage-

4   ment Conference Order Regulating Discovery And Other

5   Pretrial Proceedings ("Feb. 9, 2011 Order"). The Feb. 9,

6   2011 Order states, *inter alia*:

7           On or before December 15, 2011, all parties
            shall exchange with all other parties a list
8           of all expert witnesses expected to be called
            at trial... On or before December 29, 2011,
9           any party may supplement its designation so
            long as that party has not previously retained
10          an expert to testify on that subject.
            (Feb. 9, 2011 Order, at 7).
11

12      On December 15, 2011, Plaintiffs designated Susan

13  McDonald. Ph.D. ("McDonald") to testify as an expert

14  witness regarding their claims of trademark infringement

15  in this case.

16      On December 29, 2011, Defendants designated Hal

17  Poret ("Poret") to testify as an expert witness regarding

18  Plaintiffs' claims of trademark infringement in this case.

19      On December 19, 2012, the Court issued a Sixth

20  Amended Case Management Conference Order Regulating

21  Discovery And Other Pretrial Proceedings ("Sixth Amd. CMC

22  Order"), which states *inter alia*:

23          Each expert witness designated by a party
            shall prepare a written report to be provided
24          to all other parties **no later than** January 22,
            2013, containing the information required by
25          Fed. R. Civ. P. 26(a)(2)(A) and (B).
            **... Any party that fails to make these disclo-**
26          **sures shall** not**, absent substantial justifica-**
            **tion, be permitted to use evidence or testi-**
27          **mony not disclosed at any hearing or at the**
            **time of trial. In addition, the Court may**
28          **impose sanctions as permitted by Fed. R. Civ.**
            **P. 37(c).**

2

> Any party... shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on <u>February 11, 2013</u>. (Sixth Amended Case Management Conference Order Regulating Discovery And Other Pretrial Proceedings, at 2)(emphasis in original).

On February 7 and 13, 2013, Defendants requested that Plaintiffs agree to extend the dates by which their supplemental expert reports regarding Plaintiffs' trademark infringement claims were due. Plaintiffs agreed to the requested extensions of the dates. Defendants *did not seek the Court's approval* of the extensions of dates about which Plaintiffs agreed

On February 21, 2013, Defendants requested for a third time that Plaintiffs agree to extend the date by which their supplemental expert reports regarding Plaintiffs' trademark infringement claims were due. At this time, and for the first time, Defendants informed Plaintiffs that Defendants were designating two new expert witnesses, Scott D. Hampton ("Hampton") and Bruce G. Silverman ("Silverman"). Defendants again *did not seek the Court's approval* for the requested extension of dates, *nor did they seek the Court's approval* to designate two new expert witnesses.

Also, at this time, Defendants acknowledged to Plaintiffs that Defendants decided to retain two new rebuttal experts regarding Plaintiffs' trademark infringement claims in place of Poret, after they read Plaintiffs'

10cv0541

expert McDonald's expert report on Plaintiffs' trademark infringement claims. Defendants explained that they would not use Poret as an expert witness because: (1) McDonald's report did not rely on trademark surveys to support Plaintiffs' trademark infringement claims; and, (2) Poret could not opine on Plaintiffs' trademark infringement claims if the evidence upon which Plaintiffs rely to prove their trademark infringement claims is not trademark surveys.

Plaintiffs refused to grant Defendants' third request for extension of the date for when Defendants' supplemental expert report regarding Plaintiffs' trademark infringement claims were due. Defendants *did not seek the Court's assistance or intervention* to resolve the dispute.

On February 25, 2013, Defendants submitted to Plaintiffs the rebuttal expert report of Hampton and Silverman.

## II

## APPLICABLE STATUTORY LAW

Fed. R. Civ. P. 16 provides that the Court must issue a scheduling order. The scheduling order must limit the time to amend pleadings, complete discovery and file motions. Fed. R. Civ. P. 16(b)(1),(3)(A). The scheduling order may modify the timing of disclosures under Rule 26(a) and 26(e)(1). Fed. R. Civ. P. 16(b)(3)(B)(i). A scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

10cv0541

Fed. R. Civ. P. 26 provides that a party must disclose to other parties expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). A party must make its expert witness disclosures **"at the times and in the sequence that the Court orders."** Fed. R. Civ. P. 26(a)(2)(D) (emphasis added). **Absent a court order,** expert witness disclosures must be made at least 90 days before the date set for trial, or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i), (ii) (emphasis added).

Fed. R. Civ. P. 26(e) states in pertinent part: "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition."

Fed. R. Civ. P. 37(c)(1) states:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to supply evidence in a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless...

District courts are given particularly wide latitude in their discretion to issue sanctions under Rule 37(c)(1). <u>Yeti By Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is recognized as broadening the court's sanctioning power. The rule is a "self-executing," "automatic" sanction to

"provide... a strong inducement for disclosure of mate-rial..." <u>Yeti By Molly</u>, <u>supra</u>, at 1106, citing Fed. R. Civ. P. 37 Advisory Committee Notes (1993). Exclusion of an expert witness report is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a). <u>Yeti By Molly</u>, <u>supra</u>, at 1106.

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is **substantially justified or harmless."** <u>Yeti By Molly</u>, <u>supra</u>, at 1106. (emphasis added). The burden is on the party facing sanctions to prove harmlessness. <u>Yeti By Molly</u>, <u>supra</u>, at 1106-1107, <u>Goodman v. Staples</u>, 644 F.3d 817 (9th Cir. 2011). There is no requirement that a court find that the failure to disclose (or delay in disclosing) was willful or in bad faith. <u>Yeti By Molly</u>, <u>supra</u>, at 1107.

Numerous courts in the Ninth Circuit have followed the above-noted precepts. <u>See</u> <u>Strong v. Valdez Fine Foods</u>, 2011 WL 455285 at *4 (S.D. Cal. 2011), rev'd on other grounds 724 F.3d 1042 (2013)(exclusion of expert's decla-ration and rebuttal report as evidence to support motion for summary judgment appropriate due to late designation of expert), <u>Corby v. American Express Co.</u>, 2011 WL 4625719 at *1, n.1 (C.D. Cal. 2011)(same), <u>Wilson v. Tony M. Sanchez & Co, Inc.</u>, 2009 WL 173249 at *3-4 (E.D. Cal. 2009)(same), <u>Mendez v. Unum Life Ins. Co. Of America</u>, 2005 WL 1865426 at *3 (N.D. Cal. 2005)(granting in part and

10cv0541

1   denying in part motion to exclude expert testimony due to
2   late disclosure of expert's report).

                                III

                              ANALYSIS

5       A. Defendants Were Not Substantially Justified In
        Designating New Expert Witnesses and Providing
6       Expert Reports By Those Expert Witnesses

7       Plaintiffs argue that Defendants were not substan-
8   tially justified in designating new expert witnesses
9   regarding Plaintiffs' trademark infringement claims.
10  Plaintiffs assert that Defendants should have anticipated
11  that they would need a rebuttal trademark infringement
12  expert that could analyze the trademark infringement
13  claims in the absence of trademark surveys. Plaintiffs
14  contend that Defendants knew as early as April 2012, and
15  specifically in May 2012, that Plaintiffs had not con-
16  ducted any trademark surveys, that no such surveys were in
17  progress and that Plaintiffs were willing to produce a
18  witness for deposition to confirm these facts. Despite
19  Defendants' knowledge that Plaintiffs had not, and would
20  not, conduct trademark surveys, Defendants did not attempt
21  to inform the Court that it had designated an expert
22  (Poret) who could not respond to Plaintiffs' expert's
23  report. Nor did Defendants attempt to seek leave of court
24  to amend the Feb. 9, 2011 Order or the Sixth Amd. CMC
25  Order so that new dates for Hampton's and Silverman's
26  designation and report deadlines could be established.

27      Defendants argue that they were substantially
28  justified in designating new expert witnesses and provid-

                                 7

ing their reports to Plaintiffs. Defendants assert that after they read Plaintiffs' expert's (McDonald's) report, they realized that Poret was not the appropriate person to rebut McDonald's report because Poret was a survey expert and McDonald's report did not rely on survey evidence. Defendants claim that at the time they designated Poret, they could not have known that McDonald would not rely on survey evidence. So, Defendants promptly retained Hampton and Silverman and identified them to Plaintiffs on February 21, 2013 and provided their report to Plaintiffs on February 25, 2013. Further, Defendants argue that they were following the requirements of Fed. R. Civ. P. 26(a)(2)(D)(i), which allows them to disclose their expert witnesses 90 days before the date set for trial or in the case of rebuttal experts, within 30 days after the other party's disclosure.

Defendants arguments are not well taken. First, since trademark infringement may be proven in many ways, with or without trademark survey evidence, Defendants' selection and retention of Poret, a trademark survey expert, was improvident. This is especially true since as early as May 2012, Defendants knew that Plaintiffs were not relying on trademark survey evidence to prove their trademark infringement claims because Plaintiffs told them so. While Poret was designated as an expert on December 29, 2011, Defendants did nothing after they learned that Plaintiffs would not rely on trademark survey evidence, to seek leave of court to designate a new trademark infringe-

ment expert that would not rely on trademark survey evidence. Instead, Defendants waited until February 21, 2013 to inform Plaintiffs (but not the Court) that Poret was not a suitable expert and that they were designating two new experts. Thereafter, they provided the new experts' report to Plaintiffs. Defendants' actions in this regard clearly violated the Feb. 9, 2011 Order and the Sixth Amd. CMC Order.

Second, Defendants' reliance on the requirements of Fed. R. Civ. P. 26(a)(2)(D) is misplaced. Fed. R. Civ. P. 16(b)(3)(B)(i) *clearly* states that a scheduling order issued by a court may modify the timing of disclosures under Rules 26(a) and 26(e)(1). Fed. R. Civ. P. 26(a)(2)(D) *clearly* states that a party must make its expert witness disclosures at the times and in the sequence that the Court orders. Fed R. Civ. P. 26(a)(2)(D)(i), (ii) *clearly* states that *absent a court order*, the parties are required to follow Rule 26(a)(2)(D)(i). Here, the Feb. 9, 2011 Order and the Sixth Amd. CMC Order are court orders which trumped the parties from the alternative disclosure requirements of Fed. R. Civ. P. 26(a)(2)(D)(i). Further, the Feb. 9, 2011 Order *clearly* states the date by which supplemental expert reports were due. Additionally, the Sixth Amd. CMC Order *clearly* states that any party shall supplement any of its expert reports regarding evidence *solely to contradict or rebut* evidence on the same subject matter identified in an expert report submitted by another party. Moreover, the Sixth Amd. CMC

10cv0541

Order *clearly* states that each expert witness shall prepare a written report to be provided to all parties *no later than* January 22, 2013. The Sixth Amd. CMC Order *clearly* warns that a party's failure to provide the expert's report shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed, at any hearing or at the time of trial. Finally, the Sixth Amd. CMC Order *clearly* notifies the parties, that in addition to the exclusion of evidence noted in the preceding sentence, the Court may impose the sanctions permitted by Fed. R. Civ. P. 37(c).

The Court concludes that Defendants' lack of diligence in failing to timely inform Plaintiffs and the Court that their designated trademark infringement expert was not suitable to rebut Plaintiffs' expert's report, their lack of diligence in seeking a remedy therefor, and their misplaced reliance on Fed. R. Civ. P. 26(a)(2)(D)(i), do not constitute substantial justification under Fed. R. Civ. P. 37(c)(1). Since Defendants chose to designate a trademark infringement expert that could only analyze Plaintiffs' trademark infringement claims using trademark surveys, and chose to not seek relief from the Court when their designated expert was determined to be unsuitable, it did so at its own peril. <u>Yeti By Molly</u>, 259 F.3d at 1106-1107, <u>Quevedo v. Trans-Pacific Shipping, Inc.</u>, 143 F.3d 1255, 1258 (9th Cir. 1998). <u>Mendez v. Unum</u>, 2005 WL 1865426 at *3.

10cv0541

        B. <u>Defendants' Failure To Timely Identify Their New
        Experts Was Not Harmless</u>

        Plaintiffs argue that Defendants' untimely designa-

tion of their trademark infringement experts is not

harmless because it prejudices them. They assert that

allowing Defendants to untimely designate new trademark

infringement experts rewards Defendants' recalcitrant and

improvident conduct. Specifically, Plaintiffs contend that

the fact that *after Plaintiffs provided McDonald's expert

report to Defendants*, Defendants sought extensions of time

from them to provide their rebuttal expert report, while

concealing from Plaintiffs, and the Court, that they

intended to designate new experts and provide a report

from the new experts. Therefore, Plaintiffs assert that

Defendants' conduct was calculated to seek an improper

tactical advantage over them.

        Defendants argue that their late disclosure of the

new expert witnesses is harmless. They contend that the

depositions of expert witnesses have not commenced, all

future deadlines in the case have been stayed, and no

trial date has been set. Therefore, they assert that their

late disclosures did not harm Plaintiffs.

        In <u>Wong v. Regents of the University of California</u>,

410 F.3d 1052, 1060 (9th Cir. 2005), the court stated:

        In these days of heavy caseloads, trial
        courts... routinely set schedules and estab-
        lish deadlines to foster the efficient treat-
        ment and resolution of cases. Those efforts
        will be successful only if the deadlines are
        taken seriously by the parties, and the best
        way to encourage that is to enforce the dead-
        lines. Parties must understand that they will
        pay a price for failure to comply strictly
        with scheduling and other orders, and that

10cv0541

1      failure to do so may properly support severe
2      sanctions and exclusion of evidence.

3      In <u>Wong</u>, the Ninth Circuit upheld a district court's
4  ruling that the testimony of expert witnesses designated
5  after the expert witness disclosure deadline had passed,
6  was properly excluded from use in a motion for summary
7  judgment. The court affirmed the district court's ruling
8  that the late expert designation was not harmless, even
9  though the trial date in the case was several months away.
10 In doing so, the court stated:

11     If (Plaintiff) had been permitted to disregard
    the deadline for identifying expert witnesses,
12     the rest of the schedule laid out by the court
    months in advance, and understood by the
13     parties, would have to have been altered as
    well. *Disruption to the schedule of the court
14     and other parties is not harmless.* Courts set
    such schedules to permit the court and the
15     parties to deal with cases in a thorough and
    orderly manner, and they must be allowed to
16     enforce them, unless there are good reasons
    not to.
17 <u>Wong</u>, <u>supra</u>, at 1062 (emphasis added).

18 <u>See also</u> <u>02 Micro Intern Ltd. v. Monolithic Power</u>
19 <u>Systems,Inc.</u>, 467 F.3d 1355, 1368-1369 (9th Cir.
20 2006)(exclusion of expert's report due to lack of dili-
21 gence and lack of harmlessness in timely disclosure of
22 expert's report), <u>Paramount Pictures Corp. v. Interna-</u>
23 <u>tional Media Films, Inc.</u>, 2013 WL 3215189 at *9 (C.D. Cal.
24 2013)(exclusion of expert's report due to lack of dili-
25 gence and lack of harmlessness in timely disclosure of
26 expert's testimony in motion for summary judgment), <u>Nehara</u>
27 <u>v. California</u>, 2013 WL 1281618 at *6-7 (E.D. Cal.
28 2013)(exclusion of expert's report due to lack of dili-

10cv0541

gence and lack of harmlessness in timely disclosure of
expert's report and willful disregard of court's schedul-
ing order), <u>Tamburri v. Sun Trust Mortgage, Inc.</u>, 2013 WL
3152921 at *2 (N.D. Cal. 2013)(exclusion of expert's
report due to late disclosure of expert's report and non-
compliance with previous order of the court).

Here, had Defendants timely sought relief to desig-
nate new trademark infringement experts in, or shortly
after, May 2012, it is possible that the Court's estab-
lished schedule would not have been disrupted. However,
Defendants fail to show that their late designation of
trademark infringement experts and provision of those
experts' reports to Plaintiffs were harmless. Defendants
did not seek relief to designate new experts, and after
reading Plaintiffs' expert's report, unilaterally, and
without court approval, designated new trademark infringe-
ment experts approximately one year and two months after
their expert designation was due. The late designation of
experts and the provision of those experts' reports to
Plaintiffs was done approximately ten months after Defen-
dants learned that Plaintiffs' trademark infringement
expert would not rely on trademark survey evidence and
that their own expert could only opine on trademark
surveys. Such non-compliance with the deadlines set by the
Court and Defendants' recalcitrance supports the finding
that Defendants' late designation of new experts and late
provision of the new experts' report was not harmless.

10cv0541

In 1993, Rule 37(c)(1), in its present form, was added to Rule 37. Rule 37(c)(1) is written using the disjunctive "or," not the conjunctive "and," in outlining two circumstances where failure to disclose may be excused. Therefore, it would seem that one or the other bases may let the offending party off the hook. The language of the Advisory Committee Notes, when the amendment was added, bear this interpretation out:

"Limiting the automatic sanction to violations 'without substantial justification' *coupled with* the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations..." Fed. R. Civ. P. 37 Advisory Committee Notes (1993)(emphasis added).

In other words, a party that is unable to demonstrate substantial justification for its delay or failure to disclose or supplement may avoid sanctions if the opposing party is not harmed or prejudiced by the delay or failure. None of the examples justifying excusal contained in the 1993 Advisory Committee Notes are present here. Tellingly, the Advisory Committee Notes indicate that exclusion of a witness or evidence is appropriate when a *pro se* litigant is informed by the court of the requirement for disclosure and does not make the disclosure despite being so informed.

In this case, counsel for Defendants are highly experienced attorneys, not naive and inexperienced *pro se* litigants. Moreover, Defendants were well aware of the

10cv0541

requirements to disclose experts and experts' reports, and the timing of those disclosures.

Defendants' failure to demonstrate substantial justification for the delay in disclosing Hampton and Silverman, by itself would have been sufficient to grant Plaintiffs' Motion. However, as noted above, Defendants also failed to show that Plaintiffs were not harmed by the substantial delay. Accordingly, given that both exceptions to Rule 37(c)(1) and the <u>Yeti By Molly</u> analysis have not been met, ample reason exists to grant Plaintiff's Motion.

C. <u>Conclusion</u>

As a result of the foregoing, the Court finds that the application of Fed. R. Civ. P. 37(c)(1) to Defendants' conduct is particularly apt. Since Defendants failed to timely disclose Hampton and Silverman as expert witnesses in rebuttal to Plaintiffs' trademark infringement expert and failed to seek permission from the Court to designate new trademark infringement experts, Defendants are disallowed from supplying evidence in the form of Hampton's and Silverman's report and/or testimony at any hearing or at trial.[1]

---

[1] The Court recognizes that the dispute discussed in this Order arose on February 25, 2013, when Hampton and Silverman's report was provided to Plaintiffs. Plaintiff filed their Motion on April 8, 2013. The time period between February 25, 2013 and April 8, 2013 is 41 days, which is 11 days past the date Plaintiffs should have filed their Motion, pursuant to the Court's Case Management Conference Orders issued in this case. The Court also recognizes that Plaintiffs have urged the Court to enforce the terms of its Case Management Conference Orders when Defendants have filed untimely motions. However, due to the seriousness of Defendants' conduct as discussed in this Order, and Defendants' repeated recalcitrant conduct exhibited throughout the proceedings in this case, the Court has chosen to relieve Plaintiffs of the requirements for filing papers for discovery disputes for the 11-day late filing of their Motion. Such leniency may not be extended again to Plaintiffs should they file untimely motions in the future. Plaintiffs are hereby given adequate notice that the adage "live by the sword, die by the sword," advocated by Defendants, is not entirely without merit.

10cv0541

1         Plaintiffs' Motion To Strike The Joint Expert Report

2    of Scott D. Hampton and Bruce G. Silverman Pursuant to

3    Rule 37(c) is GRANTED.

4

5

6    DATED:   December 17, 2013

7

8    _____

9    Hon. William V. Gallo
     U.S. Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0541