1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   **ZEST IP HOLDINGS, LLC and
     ZEST ANCHORS, LLC,**                          CASE NO.10cv0541-GPC-WVG

11                                                  **ORDER:**
                                    Plaintiffs,
12        vs.                                       **1. DENYING DEFENDANTS'
                                                    MOTION TO CLARIFY
13                                                  ANSWER; AND**

14   **IMPLANT DIRECT MFG, LLC et                   2. DENYING MOTION FOR
     al.,**                                         LEAVE TO AMEND ANSWER**
15
                                    Defendants.     [Dkt. No. 282]
16

17

18        Pending before the Court is Defendants Implant Direct Mfg. LLC, Implant

19   Direct LLC, and Implant Direct International's (collectively, "Defendants") Motion

20   to Clarify That it May Assert Patent Exhaustion and Implied License at Trial, or in

21   the alternative Motion for Leave to Amend Answer. (Dkt. No. 282.) The parties

22   have fully briefed the motion. (Dkt. Nos. 288, 303.) Pursuant to Civil Local Rule

23   7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument.

24   Having reviewed the parties' briefs and relevant legal authority, the Court hereby

25   **DENIES** Defendants' motion to clarify and **DENIES** Defendants' motion in the

26   alternative for leave to amend Defendants' Answer.

27                              **BACKGROUND**

28        This is an action for patent and trademark infringement of dental attachment

     products.  Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC ("Plaintiffs")

filed this action against Defendants for alleged infringement of U.S. patents through the manufacture and sale of dental attachment product GoDirect, Plaintiffs' unique LOCATOR system, and trademark infringement of the "Zest" mark. (Dkt. No. 13.)

On March 12, 2010, Plaintiffs filed an initial complaint in the above-captioned matter. (Dkt. No. 1.) On August 27, 2010, Plaintiffs filed a first amended complaint ("FAC"), the current operative complaint. (Dkt. No. 13.) On September 17, 2010, Defendants filed an answer to Plaintiff's FAC. (Dkt. No. 17.) Defendants' Answer claimed the affirmative defenses of: (1) non-infringement; (2) no inducement; (3) invalidity under 35 U.S.C. §§ 102 and/or 103; (4) invalidity under 35 U.S.C. § 112, first paragraph; (5) invalidity under 35 U.S.C. § 112, second paragraph; (6) prosecution history estoppel; and (7) unenforceability. (Id. at 9-11.)

On December 9, 2010, U.S. Magistrate Judge William V. Gallo entered a case management conference order setting a March 14, 2011 deadline for any motions to amend the pleadings. (Dkt. No. 27 at 1.) On May 19, 2011, Defendants filed a motion to amend the Answer to assert a counterclaim against Plaintiffs for declaratory judgment of invalidity as to U.S. Patent No. 6,299,447. (Dkt. No. 32.) On January 20, 2012, U.S. District Judge Larry Alan Burns denied Defendants' motion due to Defendants' failure to show diligence in seeking to amend the Answer. (Dkt. No. 81 at 4) (finding a lack of diligence because Defendants sought to amend the Answer two months after the deadline and took eight months to conduct a prior art search after learning new information).

On October 22, 2012, this case was transferred to the undersigned Judge. (Dkt. No. 142.) On September 11, 2013, Defendants filed the present motion to clarify or amend the Answer. (Dkt. No. 282.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless

1   amendment would cause prejudice to the opposing party, is sought in bad faith, is

2   futile, or creates undue delay. <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d

3   1149,1159 (9th Cir. 1989).

4        However, once a court has issued a scheduling order and the pleading

5   amendment deadline has passed, amendment of the pleadings is only permitted if

6   there is "good cause" for modification of the scheduling order. <u>Coleman v. Quaker</u>

7   <u>Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing <u>Johnson v. Mammoth</u>

8   <u>Recreations, Inc.</u>, 975 F.2d 604, 607-09 (9th Cir. 1992)); <u>See also</u> Fed. R. Civ. P.

9   16(b)(4) ("A schedule may be modified only for good cause and with the judge's

10  consent."). This standard "primarily considers the diligence of the party seeking the

11  amendment." <u>Johnson</u>, 975 F.2d at 609. "Good cause" exists if a party can

12  demonstrate that the schedule "cannot reasonably be met despite the diligence of the

13  party seeking the extension." <u>Id.</u> (citing Fed. R. Civ. P. 16 advisory committee's

14  notes (1983 amendment)). The party seeking to continue or extend the deadline

15  bears the burden of proving good cause. <u>See</u> <u>Zivkovic v. Southern California Edison</u>

16  <u>Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002); <u>Johnson</u>, 975 F.2d at 608. Only where a

17  party shows good cause for a belated motion to amend may the Court consider

18  whether the amendment would be proper under Rule 15. <u>Johnson</u>, 975 F.2d at 607-

19  09.

20                                  **DISCUSSION**

21  **1. Motion to Clarify Answer**

22       Defendants move the Court to clarify that Defendants' Answer, (Dkt. No. 17,

23  "Answer"), adequately raises patent exhaustion and implied license as affirmative

24  defenses. (Dkt. No. 283 at 8) (citing Fed. R. Civ. P. 8(e) ("[p]leadings must be

25  construed so as to do justice.")). Defendants so move on two grounds: (1) that

26  Defendants' Answer denies Plaintiffs' infringement allegations, (Dkt. No. 283 at 8)

27  (citing Answer ¶¶ 26, 27); and (2) that the Second Affirmative Defense in

28  Defendants' Answer, labeled "no inducement," includes the defenses of patent

1    exhaustion and implied license. (Dkt. No. 283 at 8) (quoting Answer at 9:21-24).

2         The Court declines to clarify that Defendants' Answer raises the affirmative

3    defenses of patent exhaustion and implied license. "The key to determining the

4    sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice

5    of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); see

6    also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). In

7    Wyshak, the United States Court of Appeals for the Ninth Circuit held that an

8    amended answer sufficiently pleaded a statute of limitations defense where the

9    defendant mentioned the statute of limitations defense in an amended answer and

10   detailed the defense in a memorandum of points and authorities attached to the

11   motion to file an amended answer. 607 F.2d at 827**.**

12        Here, Defendants' Answer provides no such notice to Plaintiffs of

13   Defendants' intent to assert the affirmative defenses of patent exhaustion and

14   implied license. First, the Court rejects Defendants' argument that one-word denials

15   of Plaintiffs' allegations regarding dentists' infringement of Plaintiff's patents can

16   constitute the raising of an affirmative defense. (Dkt. No. 283 at 8) (citing Answer

17   ¶¶ 26, 27). Particularly where Plaintiffs' dentist infringement allegations contain

18   multiple allegations spanning twenty seven lines of pleading paper, (Dkt. No. 13,

19   "First Amended Complaint" ¶¶ 26, 27), Defendants' flat assertion that these

20   allegations are "denied," (Answer ¶¶ 26, 27), fails to raise the affirmative defense of

21   patent exhaustion or implied license.

22        The Court also rejects Defendants' argument that pleading a "no inducement"

23   defense in the original Answer raised the affirmative defense of implied license or

24   patent exhaustion. (Dkt. No. 283 at 8) (quoting Answer at 9:21-24). The "no

25   inducement" defense alleged in Defendants' Answer asserts that Defendants "did

26   not have, and does not have, any specific intent to cause third parties to infringe

27   Plaintiffs' patents and has therefore not induced infringement of the Plaintiffs'

28   patents." (Answer at 9:21-24.) The Court finds that the "no inducement" defense

alleged in Defendants' Answer focuses on negating the requisite specific intent needed for Plaintiffs to prove induced infringement. See Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc., 501 F.3d 1263, 1272 (Fed. Cir. 2007) ("An inquiry into induced infringement focuses on the party accused of inducement as the prime mover in the chain of events leading to infringement.") On the other hand, the affirmative defense of implied license or patent exhaustion focuses on whether the patent holder's rights have been exhausted by the authorized sale of an article that substantially embodies a patent. Quanta Computer, Inc. v. LG Electronics, Inc., 553 U.S. 617, 638 (2008). The Court finds that because the "no inducement" and "patent exhaustion" defenses require different showings and focus on different actors, Defendants' pleading of "no inducement" failed to put Plaintiffs on fair notice of Defendants' intent to raise the affirmative defenses of patent exhaustion or implied license. Accordingly, the Court concludes that Defendants' Answer failed to raise the defenses of patent exhaustion or implied license.

**2. Motion to Amend Answer**

In the alternative, Defendants seek leave to amend Defendants' Answer to assert the affirmative defenses of patent exhaustion and implied license. (Dkt. No. 283 at 9.) Because the pleading amendment deadline has long passed, Defendants bear the burden of showing "good cause" to amend the Answer under Federal Rules of Civil Procedure 16(b). Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Defendants advance three explanations for seeking to amend the Answer nearly two and a half years after the amendment deadline: (1) Plaintiffs indicated expanded claims against Defendants in reply papers to a recent motion, (Dkt. No. 183 at 10) (citing Dkt. No. 156 at 6:28-7:28; Dkt. No. 261 at 7:8-9); (2) Plaintiffs' recently revised infringement contentions accuse a new product, (id.) (citing Dkt.

No. 202; Dkt. No. 107-1 at 1:4-8); and (3) Plaintiffs' recently revised infringement contentions expand and clarify Plaintiffs' claims, (id. at 11) (citing Dkt. 107-2, Ex. 10 at 3:8-10; Dkt. No. 202). In other words, Defendants claim Plaintiffs' August 19, 2013 reply papers, (Dkt. No. 261), and the Court's April 15, 2013 Order granting Plaintiffs leave to file amended infringement contentions, (Dkt. No. 202), justify Defendants' motion to file an amended answer.

The Court finds Defendants have not acted diligently in seeking to amend the Answer nearly five months after the triggering events Defendants claim justify amendment of the Answer. First, Defendants move to amend the Answer because Plaintiffs have asserted in recent reply papers filed August 19, 2013, that Plaintiffs "seek to hold Implant Direct liable for post-[acquisition] events [as successors-in-interest] based on Rule 25(c) of the Federal Rules of Civil Procedure." (Dkt. No. 283 at 10.) However, the Court finds Defendants were on notice of Plaintiffs' intent to do so when Plaintiffs moved to join successors-in-interest Implant Direct Sybron Int'l and Implant Direct Sybron Mfg. LLC on August 21, 2012. (Dkt. No. 116-1 at 9) (arguing that without joinder, Defendants will continue to maintain they are not responsible for post-acquisition acts alleged to be infringing by Plaintiffs). The Court granted the Rule 25(c) motion on April 15, 2013. (Dkt. No. 202.)

Second, Defendants claim the Court's granting of Plaintiffs' motion to amend infringement contentions justifies Defendants' motion to amend the Answer. (Dkt. No. 283 at 10-11.) The Court finds Defendants were on notice of Plaintiffs' amended infringement contentions at the time of the Court's April 15, 2013 Order. (Dkt. No. 202.) The Court therefore finds that nearly five months passed between the events Defendants claim justify amendment of the Answer and Defendants' September 11, 2013 filing of the present motion to amend the Answer.

In reply, Defendants argue that Defendants notified Plaintiffs of intent to amend the Answer to assert patent exhaustion on December 17, 2012, and notified the Court of intent to file a motion to clarify or amend the Answer in a joint status

1    report on May 17, 2013. (Dkt. No. 303) (citing Dkt. No. 304-8; Dkt. No. 217, "Joint

2    Status Report"). Defendants explain that the case was "essentially on hold pending

3    ruling on invalidity contention motions the Magistrate indicated should be decided

4    first." (Dkt. No. 303 at 7) (citing Dkt. No. 228 at 2:20-3:3, 53:8-15, 54:16-56:20,

5    91:22-92:2).

6           The Court finds that neither notification satisfies Defendants' burden of

7    demonstrating good cause to amend the scheduling order. As an initial matter,

8    notification to opposing counsel of intent to file a motion does not establish

9    diligence in filing said motion. To the contrary, Defendants' proffered

10   communications with Plaintiffs show that Defendants intended to seek leave to

11   amend the Answer as early as December 17, 2012. (Dkt. No. 304-8.) This date is

12   nearly four months before the events Defendants claim triggered the need to amend

13   the Answer. (Dkt. No. 283 at 10-11.)

14          Furthermore, a review of the transcript of the parties' May 29, 2013

15   scheduling conference hearing before United States Magistrate Judge William V.

16   Gallo shows that, contrary to Defendants' assertion, the case was not "essentially on

17   hold" at that time. (Dkt. No. 228.) In fact, Judge Gallo sought to set a "date by

18   which any motions, if they're going to be filed by the Defendant, must be filed," but

19   Defendants failed to mention intent to file a motion to amend the Answer. (Dkt. No.

20   228 at 54:16-56:20.)

21          The Court concludes that a delay of nearly five months fails to show

22   diligence in seeking to amend the Answer and therefore **DENIES**, for lack of good

23   cause, Defendants' belated motion to modify the scheduling order to allow

24   Defendants to amend the Answer.

25                                        **CONCLUSION**

26          For the aforementioned reasons, the Court hereby **DENIES** Defendants'

27   motion to clarify the Answer and **DENIES** Defendants' motion, in the alternative,

28   to file an amended answer.

1        Accordingly, the hearing on Defendants' motion, currently set for January 17,

2    2014, is hereby **VACATED.**

3    **IT IS SO ORDERED.**

4

5    DATED:  January 8, 2014

6                                                    HON. GONZALO P. CURIEL
7                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:10-cv-0541-GPC-WVG