UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC and ZEST ANCHORS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br><br> IMPLANT DIRECT MFG, LLC, IMPLANT DIRECT LLC, and IMPLANT DIRECT INT'L, <br><br> Defendants. | CASE NO. 10cv0541 GPC-WVG <br><br> **ORDER:** <br> **1. GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL** <br><br> [DKT. NOS. 122, 257, 281, 292, 302, 307, 313] <br><br> **2. DENYING MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> [DKT. NO. 326] |

Before the Court are numerous motions to seal, filed by both parties. (Dkt. Nos. 122, 257, 281, 292, 302, 307, 313.) The parties move to seal both their own confidential information as well as information that was produced by other parties under the designations "Confidential" and "Confidential - For Counsel Only" pursuant to the parties' stipulated protective order, (Dkt. No. 30).

LEGAL STANDARD

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 597 (1978)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with

"compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. Id. at 1178-79.

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). Id. at 1179. A blanket protective order is not itself sufficient to show good cause for sealing particular documents. See Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."); see also Kamakana, 447 F.3d at 1183; Beckman Indus., Inc., 966 F.2d at 475-76.

## DISCUSSION

The Court has considered each of the documents the parties have designated for sealing and, as articulated in the table below, determined which documents may remain under seal or redacted and which documents must be unsealed.

| Dkt. No. | Request | Result |
|---|---|---|
| 122 | Exhibits to Declaration of Manuel J. Velez in support of Plaintiffs' Motion for Spoliation and Discovery Abuses Sanctions<br>//<br>//<br>//<br>// | Plaintiffs' request on behalf of Defendants to seal Exhibits 3-6, 8-10, 21, and 23, containing records of Implant Direct internal communications and excerpted deposition testimony, is GRANTED as potentially prejudicial business information consistent with the protective order entered by the Court on April 28, 2011.<br>// |

| 257 | Exhibit to Declaration of Christopher J. Drugger in support of Defendants' Opposition to Plaintiffs' Motion to Strike Invalidity Contentions | Defendants' request on behalf of Plaintiffs to seal Exhibit 1, containing one page of the expert report of John B. Brunski, is GRANTED as proprietary information consistent with the protective order entered by the Court on April 28, 2011. |
|-----|-----|-----|
| 281 | Memorandum of Points and Authorities in Support of Defendants' Motion to Clarify or Amend the Answer and Exhibits to the Declaration of Christopher Drugger | Defendants' request to seal Defendants' Memorandum of Points and Authorities and Exhibits 2, 3, 5, 6, and 7, containing expert report excerpts, deposition excerpts, and Plaintiffs' interrogatory response excerpts, is GRANTED as proprietary information consistent with the protective order entered by the Court on April 28, 2011. |
| 292 | Exhibits to the Declaration of Manuel J. Velez in support of Plaintiffs' Opposition to Defendants' Motion to Clarify or Amend Answer | Plaintiffs' request to seal Exhibits 5 and 6, containing Plaintiffs' responses to Defendants interrogatories, is GRANTED as previously sealed and containing potentially prejudicial business or confidential proprietary information consistent with the protective order entered by the Court on April 28, 2011. |
| 302 | Reply Memorandum of Points and Authorities in Support of Defendants' Motion to Clarify or Amend the Answer, and Exhibits to the Decl. of Christopher Drugger | Defendants' request to seal Defendants' Memorandum of Points and Authorities and Exhibits 2-4, containing representative copies of Plaintiffs' distribution agreements, is GRANTED as proprietary information consistent with the protective order entered by the Court on April 28, 2011. |

| 307 | Memorandum of Points and Authorities in support of Defendants' Motion for Reconsideration, the Declaration of Dr. Niznick, and Exhibits to the Declaration of Christopher Drugger | Defendants' request to seal Defendants' Memorandum of Points and Authorities and Exhibits 13-14, containing representative copies of Plaintiffs' distribution agreements, is GRANTED as proprietary information consistent with the protective order entered by the Court on April 28, 2011.

Defendants further lodged the Declaration of Dr. Niznick and included Exhibit under seal as Exhibit 15 to the Declaration of Christopher Drugger. To the extent that Dr. Niznick's Declaration was not included in Defendants' Motion to Seal, (Dkt. No. 307), the Court declines to seal the Declaration and exhibit. |
| 313 | Memorandum of Points and Authorities in support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration and Declaration of Steve Schiess | Plaintiffs' request to seal Plaintiffs' Memorandum of Points and Authorities and the declaration of Steve Schiess, Zest's President and CEO, is GRANTED as containing potentially prejudicial business or confidential proprietary information consistent with the protective order entered by the Court on April 28, 2011. |
| 326 | Defendants' Objections to Magistrate Judge Recommendation for Adverse Jury Instruction and related Exhibits to | Defendants' request is DENIED WITHOUT PREJUDICE to refiling a narrowly-tailored request. Defendants seek to seal thirty one pages of objections, two declarations, and twenty two exhibits with no explanation as to |

| the Declaration of Christopher Drugger | why good cause exists to seal any of the documents. |
|---|---|

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. The Motions to File Documents Under Seal (Dkt. Nos. 122, 257, 281, 292, 302, 313) are GRANTED. The documents now lodged at **Dkt. Nos. 123, 258, 283, 290, 303, 314, and related attachments** shall be FILED UNDER SEAL.

2. The incomplete Motion to File Documents Under Seal (Dkt. No. 307) is GRANTED. The documents now lodged at **Dkt. Nos. 308, 308-1, and 308-2** shall be FILED UNDER SEAL. Defendants are GRANTED seven (7) days from the date this Order is electronically docketed to file a motion to seal the documents now lodged at Dkt. No. 308-3 and 308-4. The documents may remain lodged, pending Defendants' renewed motion to seal.

3. Defendants' Motion to File Documents Under Seal (Dkt. No. 326) is DENIED WITHOUT PREJUDICE. Defendants are GRANTED seven (7) days from the date this Order is electronically docketed to re-file a motion to seal the documents lodged at Dkt. Nos. 327 and 327-1 through 327-25. If Defendants fail to file an amended motion to seal within the time prescribed, the documents shall be stricken from the docket. The documents now lodged at Dkt. Nos. 327 and 327-1 through 327-25 may remain lodged, pending Defendants' renewed motion to seal.

4. The parties are directed to file public, redacted versions of all sealed documents by **Friday, February 21, 2014**.

**IT IS SO ORDERED.**

DATED:  January 14, 2014

HON. GONZALO P. CURIEL
United States District Judge