1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC and ZEST ANCHORS, LLC, | CASE NO. 10cv0541-GPC-WVG |
| Plaintiffs, | **ORDER:** |
| | **1. DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION AND RENEWED MOTION TO AMEND INVALIDITY CONTENTIONS** |
| vs. | [Dkt. No. 306] |
| | **2. DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO FURTHER AMEND INVALIDITY CONTENTIONS** |
| IMPLANT DIRECT MFG, LLC et al., | [Dkt. No. 306] |
| Defendants. | **3. DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' OPPOSITION** |
| | [Dkt. No. 347] |

Pending before the Court is Defendants Implant Direct Mfg. LLC, Implant Direct LLC, and Implant Direct International's (collectively, "Defendants") Motion for Partial Reconsideration or Alternatively, Renewed Motion to Amend Invalidity Contentions; and Further Motion to Amend Invalidity Contentions. (Dkt. No. 306.) Defendants seek reconsideration of the Court's October 16, 2013 Order granting in part and denying in part Defendants' Motion to Amend Invalidity Contentions (Dkt. No. 301, "October 16, 2013 Order"). The motion for partial reconsideration or renewed motion has been fully briefed. (Dkt. Nos. 314, 316.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. Having reviewed the parties' briefs and relevant legal authority, the Court hereby **DENIES** Defendants' motion for reconsideration and renewed motion to amend invalidity contentions and **DENIES WITHOUT PREJUDICE** Defendants' motion to further amend invalidity contentions.

## I. BACKGROUND

As set forth in this Court's October 16, 2013 Order, this is a patent and trademark infringement action for dental attachment products. (See Dkt. No. 1.)  In the First Amended Complaint, Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC (collectively, "Plaintiffs") allege that the marketing and sale of the GoDirect and GPS products (the "Accused Products") by Defendants infringes Plaintiffs' patent and trademark rights. (Dkt. No. 13, "FAC," at 12-13.) The patents at issue are U.S. Patent No. 6,030,219 ("the '219 Patent") and U.S. Patent No. 6,299,447 ("the '447 Patent"). (Id.) Plaintiffs also allege Defendants infringed Plaintiffs' registered marks "ZEST" and "LOCATOR" without Plaintiffs' authorization, resulting in trademark infringement. (Id. at 13.) Plaintiffs allege several additional federal and state law claims, including false designation of origin, false advertising, unfair business practices, and unfair competition. (Id. at 13-17.)

On April 1, 2011, Plaintiffs served Preliminary Infringement Contentions upon Defendants. (Dkt. No. 107-2.) On May 6, 2011, Defendants served Plaintiffs with Preliminary Invalidity Contentions. (Dkt. No. 230-3[1]; Dkt. No. 252-1 at 24.) Defendants' Preliminary Invalidity Contentions identify three items of prior art claimed to anticipate or render obvious the '447 Patent contested claims: U.S.

---

[1]The Court notes that although Defendants filed a copy of their Preliminary Invalidity Contentions as "Exhibit A" to the "Declaration of Christopher Drugger" in support of their initial motion to amend invalidity contentions, (Dkt. No. 230-3), the Preliminary Invalidity Contentions are incomplete without the accompanying chart "identifying where specifically in each alleged item of prior art each element of each asserted claim is found," Patent L.R. 3.3(c). The Court hereinafter cites to the version of Defendants' Preliminary Invalidity Contentions filed by Plaintiffs in their opposition to Defendants' motion as the complete version of Defendants' Preliminary Invalidity Contentions, (Dkt. No. 252-1 at 24-42.)

3:10-cv-0541-GPC-WVG

Patent No. 6,203,325 ("the Honkura '325 Patent"); U.S. Patent No. 3,656,236; and European Patent Application No. EP 0 891 750 A1. (Dkt. No. 252-1 at 24-42.) Defendants' Preliminary Invalidity Contentions identified no items of prior art that anticipated or rendered obvious the '219 Patent asserted claims. (Id.)

On July 25, 2012, Plaintiffs filed a motion to amend their infringement contentions to add a revised version of the accused products, which included a new GPS male. (Dkt. No. 107.) On April 4, 2013, the Court granted Plaintiffs' motion to file amended infringement contentions to add the revised version of the accused products. (Dkt. No. 202.)

On May 17, 2013, Defendants notified the Court that it would seek leave to amend Defendants' invalidity contentions. (Dkt. No. 217, "Joint Status Report," at 5.) On May 29, 2013, during a case management conference and hearing, Defendants indicated to Magistrate Judge Gallo intention to file amended invalidity contentions. (Dkt. No. 228.) During that hearing, Magistrate Judge Gallo agreed that Defendants could file a motion to amend invalidity contentions by June 21, 2013. (Id. at 56:20.) On June 21, 2013, Defendants filed a motion to amend or correct invalidity contentions pursuant to Patent Local Rule 3.6(b). (Dkt. No. 230.) The motion was fully briefed. (Dkt. Nos. 252, 297.)

On October 16, 2013, the Court granted in part and denied in part Defendants' motion to amend or correct Defendants' invalidity contentions. (Dkt. No. 301, "October 16, 2013 Order.") Specifically, the Court granted Defendants' motion to add one prior art reference[2] to Defendants' invalidity contentions and denied Defendants' motion as to the other twenty nine requested prior art references. (Id. at 11-20.)

By the present motion, Defendants move this Court to partially reconsider the October 16, 2013 Order, requesting leave to amend Defendants' invalidity contentions to add four of the twenty nine previously rejected art references. (Dkt.

---

[2] U.S. Patent 4,431,416 (Niznick) ("the '416 Patent").

No. 308 at 1.) Defendants further move for leave to add eight additional prior art references that were not included in Defendants' prior motion to amend invalidity contentions. (Id.)

In support of the motion for reconsideration, Defendants have filed a proposed amended chart as Exhibit A to Defendants' Proposed Second Amended Invalidity Contentions, (Dkt. No. 306-13), providing much more detail than the proposed amended chart submitted as Exhibit A to Defendants' Proposed [initial] Amended Invalidity Contentions filed with their initial motion to amend invalidity contentions, (Dkt. No. 230-5). In addition, Defendants separately filed, and the Court has considered, the prosecution histories of the '219 and '447 patents. (Dkt. No. 322.) On January 15, 2014, Defendants filed an ex parte motion to strike Plaintiffs' opposition brief to the present motion for reconsideration, on the ground that Plaintiffs' counsel used 13.5-point font instead of the required 14-point font in violation of Civil Local Rule 5.1(a) and the Court's October 11, 2013 Order reminding the parties to heed Civil Local Rule 5.1(a), (Dkt. No. 294). Plaintiffs' counsel has submitted a declaration attesting to his use of 14-point font to write the brief in question. (Dkt. No. 347.) Defendants have responded, submitting six exhibits. (Dkt. No. 355.) The Court DENIES the motion to strike and reminds Defense counsel that signing and filing a motion with this Court certifies that the motion is not presented for any improper purpose. Fed. R. Civ. P. 11(b).

## II. LEGAL STANDARDS

### A. Motions for Reconsideration

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enters.,

Inc. v. Estate of Bishop, 229 F.3d 887, 883 (9th Cir. 2000)). Although the court may

reconsider and amend a previous order under Federal Rules of Civil Procedure

59(e), "the rule offers an 'extraordinary remedy, to be used sparingly in the interests

of finality and conservation of judicial resources.'" Kona Enters., Inc. v. Estate of

Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., §

59.30[4]). A party may not raise new arguments or present new evidence if it could

have reasonably raised them earlier. Kona Enters., 229 F.3d at 890 (citing 398

Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

**B. Amendments to Invalidity Contentions**

  Particular to patent cases, infringement and invalidity contentions are

"designed specifically to require parties to crystalize their theories of the case early

in the litigation so as to prevent the shifting sands approach to claim construction."

O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364 (Fed.

Cir. 2006) (internal quotation marks and citations omitted). Among other

requirements, invalidity contentions must set forth:

> a. The identity of each item of prior art that allegedly anticipates each
> asserted claim or renders it obvious. This includes information about
> any alleged knowledge or use of the invention in this country prior to
> the date of the invention of the patent. Each prior art patent must be
> identified by its number, country of origin, and date of issue. Each
> prior art publication must be identified by its title, date of publication,
> and where feasible, author and publisher. . . .
> b. Whether each item of prior art anticipates each asserted claim or
> renders it obvious. If obviousness is alleged, an explanation of why the
> prior art renders the asserted claim obvious, including an identification
> of any combinations of prior art showing obviousness;
> c. A chart identifying where specifically in each alleged item of prior
> art each element of each asserted claim is found . . . .

Patent L.R. 3.3 (emphasis added).

  The U.S. District Court for the Southern District of California Patent Local

Rules[3] ("the Patent Local Rules") therefore do not allow amendments to contentions

---

  [3]Provisions for amendment of Defendants' Invalidity Contentions are set forth
in the U.S. District Court for the Southern District of California Local Patent Rules and
Federal Circuit Law. O2 Micro Intern. Ltd., 467 F.3d at 1364-65 ("Since the [] local
patent rules on amendment of infringement contentions are unique to patent cases and

"as a matter of course when new information is revealed in discovery," but instead require parties to file amendments to contentions with diligence. <u>O2 Micro Intern. Ltd.</u>, 467 F.3d at 1365-66. Under the Patent Local Rules,

> As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the completion of claim construction discovery. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions:
> 1. if a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;
> 2. if, not later than fifty (50) days after service of the court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or
> 3. upon a timely motion showing good cause.

Patent L.R. 3.6(b). Parties seeking to amend infringement or invalidity contentions upon "a timely motion showing good cause" under Patent Local Rule 3.6(a)(2) (infringement contentions) or 3.6(b)(3) (invalidity contentions) bear the burden of establishing diligence in seeking to amend. <u>O2 Micro Intern. Ltd.</u>, 467 F.3d at 1366.

### III. DISCUSSION

Defendants move the Court for leave to further amend Defendants' invalidity contentions on three grounds: (1) the "highly unusual circumstances" of this case warrant reconsideration of the Court's previous denial of four prior art references, (Dkt. No. 308 at 16); (2) the Court should allow Defendants' "renewed motion" to add the four previously rejected prior art references because Defendants have now cured the deficiencies of the previous motion, (<u>id.</u> at 16-17); and (3) good cause exists for the Court to allow Defendants to add eight new prior art references, (<u>id.</u> at 17-21).

**A. Reconsideration of the Court's October 13, 2013 Order and Defendants' Renewed Motion to Amend Invalidity Contentions**

As an initial matter, whether Defendants style their motion as a motion for reconsideration or a renewed motion, Defendants must meet the established

---

have a close relationship to enforcement of substantive patent law, we proceed to review their validity and interpretation under Federal Circuit law.").

requirements for a motion for reconsideration. <u>See</u> Civ. L. R. 7.1(i)(1) (describing applications for reconsideration as any subsequent motion made for the same relief in whole or in part as a previous motion for an order that has been refused in whole or in part). Accordingly, Defendants must show the October 16, 2013 Order was manifestly unjust, showed clear error of law, or warrants reconsideration because of newly discovered facts or law. <u>School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.,</u> 5 F.3d 1255, 1263 (9th Cir. 1993).

In seeking reconsideration, Defendants make no showing of new facts or law, clear error of law, or undue prejudice. <u>See</u> <u>School Dist. No. 1J, Multnomah County, Or.,</u> 5 F.3d at 1263. Instead, Defendants argue that this case presents "other, highly unusual circumstances warranting reconsideration" because the GPS internal connection product asserted by Plaintiffs in the amended infringement contentions "raises a different set of issues than were at issue when only the GPS external connection product was involved." (Dkt. No. 308 at 15.) For the following reasons, the Court disagrees, and DENIES Defendants' motion for reconsideration and renewed motion to amend their invalidity contentions to add four of the nine previously rejected prior art references[4] ("the Blümli, Lester, Niznick, and Tseng Patents").

**1. Motion for Reconsideration**

In Defendants' initial motion to amend their invalidity contentions, Defendants sought to amend under both Patent Local Rule 3.6(b)(1), asserting a good faith belief that Plaintiffs' amended infringement contentions required amended invalidity contentions, as well as Patent Local Rule 3.6(b)(3), asserting that good cause existed to amend their invalidity contentions. (Dkt. No. 230-1 at 6-7.) Defendants further argued that under either prong of the Patent Local Rule 3.6(b) amendment requirements, Defendants' proposed amendments would not unduly prejudice

---

[4]These prior art references are: (1) European Patent EP 867,154(A1) (Blümli); (2) U.S. Patent No. 2,854,746 (Lester, October 7, 1958); (3) U.S. Patent No. 5,071,350 (Niznick, December 10, 1991); and (4) U.S. Patent No. 5,997,300 (Tseng, December 7, 1999). (Dkt. No. 308 at 4.)

Plaintiffs. (Dkt. No. 230-1 at 12-13.)

In regard to Defendants' Rule 3.6(b)(1) claim, the Court disagreed with Defendants' assertion that Plaintiffs' amended infringement contentions accuse an "entirely new accused product," (Dkt. No. 301, "October 16, 2013 Order" at 14), but found that Defendants met their burden of showing a good faith belief that Plaintiffs' amended infringement contentions "may have created a need to add one prior art reference," the '416 Patent, (id. at 15). In regard to Defendants' Rule 3.6(b)(3) claim, the Court found that although Defendants "showed diligence in seeking leave to file the motion to amend invalidity contentions," (id. at 17), Defendants had only shown the need to add the '416 Patent and failed to offer "any explanation as to the relevance of the additional twenty nine prior art references," (id. at 18). The Court therefore granted Defendants leave to file amended invalidity contentions including only the three previously identified prior art references and the additional '416 Patent prior art reference. (Id. at 20.)

In support of reconsideration, Defendants assert that the Court's October 16, 2013 Order required a showing of materiality not facially required by the local rules governing amendment of invalidity contentions. (Dkt. No. 308 at 14) (citing Patent Local Rule 3.6(b)(1)-(3)). Defendants claim they were "unaware that the Court would desire such a showing in connection with the original motion" and request that the Court now consider the relevance and materiality of the Blümli, Lester, Niznick, and Tseng Patents previously considered and rejected by the Court. (Dkt. No. 316 at 2.)

The Court finds no reason to revise the Court's October 16, 2013 Order. Although Defendants correctly state that "materiality" does not appear as a requirement of Patent Local Rule 3.6(b) (rules for "Amended and Final Contentions"), Defendants neglect Patent Local Rule 3.3(a)-(e) (rules for "Invalidity Contentions"). As set forth above, invalidity contentions must, at a minimum: (a) identify each item of prior art, including information about prior use of the invention in the U.S.; (b) state whether Defendants claim the prior art references anticipate or render obvious the claims of the

patents at issue; (c) if obviousness is alleged, an explanation of why the prior art renders the asserted claims obvious; and (d) include a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. Patent L.R. 3.3(a)-(c).

Defendants wholly failed to meet these requirements in their initial motion to amend their invalidity contentions, (Dkt. No. 230-1), and concurrently filed proposed amended invalidity contentions, (Dkt. No. 230-4, 230-5). Instead of providing "an explanation of why the prior art renders the asserted claim obvious, including identification of prior art showing obviousness," Patent L.R. 3.3(b), Defendants provided a blanket statement that "each item of the prior art renders the asserted claims obvious in combination with each other, or any of them, and/or in combination with features well known to people with skill in the art at the time of the respective applications." (Dkt. No. 230-4 at 3.) In addition, the chart provided by Defendants failed to identify "where specifically in each alleged item of prior art each element of each asserted claim is found . . . ." Patent L.R. 3.6(c). Instead, Defendants' chart reproduced every claim at issue in the '219 and '447 Patents in column one of the claim chart, and listed, in every cell of the second column of the claim chart, thirty-two (32) separate patents as "prior art" that allegedly reads on each contested claim in its entirety.[5] (Dkt. No. 230-5.) A list of thirty-two patents does not itself give notice to

---

[5]For example, the second subpart of Claim 1 of the '219 Patent is "an abutment member for attachment to a tooth root, implant, or adjacent tooth, the abutment member having an upper end, and an outer locating surface portion projecting downwardly from the upper end, the outer locating surface portion being positioned to project above a tissue level when the abutment member is secured in a tooth root or implant;" (Dkt. No. 230-5 at 1.) Defendants' proposed amended invalidity contentions chart states that the following prior art reads on this first subpart of Claim 1 of the '219 Patent: "This element is found in United States Patent Nos. 6,203,325; 3,656,236; 4,431,416; 4,544,358; 5,211,561; 1,101,819; 2,112,007; 2,854,746; 3,328,879; 3,656,236; 3,797,114; 4,518,357; 4,575,340; 4,731,020; 4,738,662; 4,854,874; 4,997,372; 5,030,094; 5,071,350; 5,133,662; 5,549,677; 5,597,306; 5,842,864; 5,871,357; 5,882,200; 5,997,300; 6,142,782; 6,203,325; 6,227,859; and/or European Patent Nos. WO9717907; EP867154(A1); and EP867154(B1)." (Dkt. No. 230-5 at 1.) No other information is provided as to which elements in these patents purportedly anticipates or renders obvious the corresponding claims of the '219 Patent. The chart duplicates this list in full for every contested claim in Plaintiffs' '219 and '447 Patents. (Dkt. No.

1  Plaintiffs nor identify to the Court the invalidity claims made by Defendants.

2      Furthermore, the Court does not find compelling Defendants' claim that they

3  were unaware of the Court's expectations regarding the showing required to amend

4  invalidity contentions. In particular, the Court notes that Defendants' Preliminary

5  Invalidity Contentions[6], (Dkt. No. 252-1 at 24-42), detailed Defendants' invalidity

6  contentions with much greater specificity than Defendants' Proposed Amended

7  Invalidity Contentions, (see Dkt. No. 230-4, 230-5). While Defendants' Preliminary

8  Invalidity Contentions comported with Patent Local Rule 3.3's requirements of

9  indicating specific claims in the prior art references that purport to read on Plaintiffs'

10  patents, (Dkt. No. 252-1 at 24) (citing specific column, line, and figure numbers in

11  which the Honkura '325 Patent reads on the contested claims of the '447 Patent and

12  detailing invalidity claims based on obviousness), Defendants replaced this specificity

13  with a repetitive list of thirty-two patents in their Proposed Amended Invalidity

14  Contentions (Dkt. No. 230-5); see supra, fn 5.

15      Given the defects in Defendants' previously filed proposed amended invalidity

16  contentions, the Court concludes that the October 16, 2013 Order did not commit clear

17  error and was not manifestly unjust, and Defendants have presented no newly

18  discovered evidence or intervening change in controlling law to warrant

19  reconsideration. Sch. Dist. No. 1J, Multnomah County, Or., 5 F.3d at 1263.

20      **2. Renewed Motion**

21      In addition, the Court finds no reason to allow Defendants to now cure the

22  defects of their previous motion on a "renewed motion." Defendants cite to four cases

23  where courts allowed renewed motions; in the cited cases, courts allowed renewed

24  motions due to newly discovered facts or evidence or where the court conditionally

25  granted permission to renew a motion to amend a complaint. (Dkt. No. 308 at 16-17)

27  230-5.)

28      [6]Defendants' "Preliminary Invalidity Contentions" became final invalidity
contentions after the close of claim construction discovery. See Patent L.R. 3.6(b).

- 10 -                                    3:10-cv-0541-GPC-WVG

(quoting <u>Advanced Semiconductor Materials Am. v. Applied Materials, Inc.</u>, 922 F. Supp. 1439, 1442 (N.D. Cal. 1996) (renewed motion for summary judgment allowed due to new evidence obtained in depositions); <u>Carnegie Mellon Univ. v. Hoffman La Roche Inc.</u>, 148 F. Supp. 2d 1004, 1007-08, 1010, n.4 (N.D. Cal. 2001) (renewed motion for summary judgment allowed due to new expert); <u>MCGIP, LLC v. Does 1-149</u>, No. C 11-02331LB, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011) (conditionally granting leave to renew motion to amend); <u>Andrews Farms v. Calcot, Ltd.</u>, 258 F.R.D. 640 (E.D. Cal. 2009) (previous motion to certify class was denied without prejudice)). In their reply, Defendants further cite to three district court cases in which the courts, exercising discretion, allowed renewed motions to correct previous insufficient filings. (Dkt. No. 316 at 3-4) (citing <u>Campbell-El v. District of Columbia</u>, 881 F. Supp. 42, 43 (D.D.C. 1995) (allowing renewed motion to dismiss to correct previous insufficiently addressed issues); <u>Renasant Bank v. Park Nat'l Corp.</u>, 12-0689-WS-C, 2013 U.S. Dist. LEXIS 88847 (S.D. Ala. 2013) (allowing *joint* renewed motion to stay); <u>Kovacevich v. Kent State Univ.</u>, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.")).

Here, Defendants present no new evidence or facts to support their renewed motion, and the Court did not conditionally grant Defendants leave to revise their motion to amend the invalidity contentions. Furthermore, while Defendants' proffered authorities support the contention that courts have discretion to permit renewed motions for summary judgment or class certification, see <u>Kovacevich</u>, 224 F.3d at 835, Defendants offer no legal authority to support a renewed motion to amend invalidity contentions.

The Court also finds that, even if Defendants' renewed motion is properly before the Court, Defendants fail to cure the defect of their previous motion on the present "renewed motion." As an initial matter, Defendants fail to concurrently file proposed

second amended invalidity contentions, submitting only a proposed second amended invalidity contentions *chart* that would presumably serve as "Exhibit A" to the second amended invalidity contentions. (See Dkt. No. 306-13, Exhibit 12 to the Declaration of Christopher Dugger.) Furthermore, although the Proposed Second Amended Invalidity Contentions Chart provides much more detail than the first Proposed Amended Invalidity Contentions Chart submitted with Defendants' prior motion[7], only parts of the Second Amended Invalidity Contentions Chart comport with the Patent Local Rule 3.3 requirements for invalidity contentions. (Compare Dkt. No. 306-13 at 1 ("In addition, this element is anticipated or obvious in light of United States Patent Nos. 5,071,350 ('Niznick '350'), 5,211,261[sic] ('Graub'), 5,997,300 ('Tseng') . . .) with id. at 2 ("United States Patent No. 2,854,746 ('Lester') shows an abutment member (element 19) attached to a dental prosthesis and otherwise meeting all the requirements of this element. It would have been obvious to incorporate these features onto an abutment member for attachment to a tooth root, implant, or adjacent tooth.")).

Given Defendants' failure to meet the Patent Local Rule 3.3 requirements in their initial motion to amend invalidity contentions; Defendants' failure to explain their previous deficient showing; and Defendants' failure to cure the defect of their previous motion; the Court declines to exercise discretion to allow Defendants to cure these defects on a renewed motion. Accordingly, the Court DENIES Defendants' motion for reconsideration and renewed motion to amend invalidity contentions.

**B. Motion to Further Amend Invalidity Contentions**

Defendants further move to amend their invalidity contentions to add eight additional prior art references[8] that were not included in their prior motion to amend

---

[7]This is plainly obvious from the respective lengths of the documents, alone. (Compare Dkt. No. 230-5 (21 pages) with Dkt. No. 306-13 (39 pages)).

[8]The references are: (1) U.S. Patent No. 4,540,367 (Sulc, September 10, 1985); (2) U.S. Patent No. 5,120,222 (Sulc, June 9, 1992); (3) U.S. Patent No. 5,195,891 (Sulc, March 23, 1993); (4) Keith M. Griffin, DDS, Solving the Distal Extension Removable Partial Denture Base Movement Dilemma: A Clinical Report, The Journal of Prosthetic Dentistry, 347, 348 (1996); (5) U.S. Patent No. 5,211,561 (Graub, May

the invalidity contentions. (Dkt. No. 308 at 1.) Defendants claim good cause exists to add the additional prior art references under Patent Local Rule 3.6(b)(3) because the references relate to the issue of a "friction fit" theory of infringement only disclosed by Plaintiffs after the Court's October 16, 2013 Order. (Dkt. No. 308 at 1-2.)

Plaintiffs oppose, arguing that the alleged statements regarding "friction fit" occurred during settlement discussions, and that Defendants should not be permitted to rely upon confidential statements made during settlement discussions to provide grounds for amending their invalidity contentions. (Dkt. No. 314 at 10-13) (citing Fed. R. Evid. 408; Civ. L.R. 16.1.c.1.b; Rule 600-8 to General Order No. 387-A; Civ. L.R. 16.3.h). The Court agrees, for two primary reasons: first, as Plaintiffs argue, the Civil Local Rules, Federal Rules of Civil Procedure, and common law evince a policy in favor of confidentiality of settlement discussions. Second, upon review of the parties' submissions, the Court is not convinced that Plaintiffs are yet pursuing a new infringement theory. Plaintiffs have not amended their infringement contentions to include a "friction fit" theory, and as Defendants recognize, the parties have not yet taken any expert discovery, (Dkt. No. 230-1 at 12). See also O2 Micro Intern. Ltd., 467 F.3d at 1366 (recognizing that the Federal Rules contemplate a system whereby discovery and pretrial hearings should assist in identifying precise issues in dispute as more information becomes available).

Accordingly, the Court DENIES WITHOUT PREJUDICE Defendants' motion to further amend the invalidity contentions to include prior art references that respond to Plaintiffs' purported "friction fit" theory of infringement. The parties are reminded that, as the parties take expert discovery, any future motion to amend contentions must comport with Patent Local Rule 3.1 or 3.3. In addition, the party seeking amendment must meet the Patent Local Rules' burden of showing good cause to amend and no

18, 1993); (6) S. Robert Davidoff, DMD, FACP & Ronald P. Davis, DDS, The ERA Implant-Supported Overdenture (1995); (7) Advertisement, "Stern ERA Attachments, A 'Snap' to Use and Maintain," copyright 1996, Sterngold/ImplaMed A Cookson Company; (8) Dalbo Clyindrical Anchor by Dr. Dalla Bona and its commercial embodiments.

undue burden on the opposing party. Patent L.R. 3.6.

## CONCLUSION

For the above stated reasons, the Court hereby:

1) **DENIES** Defendants' motion for partial reconsideration of the Court's October 16, 2013 Order and renewed motion to amend their invalidity contentions to add four previously rejected prior art references (Dkt. No. 306);

2) **DENIES WITHOUT PREJUDICE** Defendants' motion to amend their invalidity contentions to add eight additional prior art references (Dkt. No. 306); and

3) **DENIES** Defendants' motion to strike Plaintiffs' Opposition Brief (Dkt. No. 347).

Accordingly, Implant Direct **MAY FILE** revised proposed amended invalidity contentions consistent with the Court's October 16, 2013 Order on or by February 7, 2014. If the revised proposed amended invalidity contentions do not comport with Patent Local Rule 3.3 or contain references to prior art references other than United States Patent Nos. 6,203,325; 3,656,236; 4,431,416; and European Patent Application No. EP 0 891 750 A1, the Court may reject the proposed amended invalidity contentions.

**IT IS SO ORDERED.**

DATED:  January 31, 2014

HON. GONZALO P. CURIEL
United States District Judge