UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> IMPLANT DIRECT MFG., LLC, et al. <br><br> Defendants. | Civil No.10-0541-GPC(WVG) <br><br> ORDER DENYING DEFENDANTS' APPLICATION TO CONDUCT ADDITIONAL DISCOVERY |

On February 7, 2014, in response to the Court's suggestion of January 31, 2014, Defendants filed a Statement of Pending Discovery Issues. [Docket No. 366]. On February 21, 2014, Defendants submitted a letter application to the Court seeking to conduct additional discovery in this case. On February 26, 2014, Plaintiffs submitted a letter in opposition to Defendants' letter application.

I

INTRODUCTION

Defendants contend that they have pending discovery matters before the Court that have yet to be resolved. A

careful review of the docket indicates that there are no pending discovery matters before this Court. However, given the history of this litigation and the numerous pleadings which have been filed, it is perhaps understandable why Defendants may think there are unresolved disputes. But Defendants' mistaken belief does not justify allowing the discovery they now seek.

Defendants raised the present discovery issues in a Joint Statement Regarding Discovery, filed on May 17, 2013. [Docket No. 217]. A hearing was held regarding these discovery issues on May 29, 2013. [Transcript of May 29, 2013 hearing, Docket No. 228]. During the hearing, Defendants indicated that they intended to file several motions (to amend invalidity contentions and for a new *Markman* hearing) before Judge Curiel and were awaiting a ruling on a pending Motion For Reconsideration pertaining to the sufficiency of Plaintiffs' infringement contentions. [Transcript of May 29, 2013 hearing at 53-56][1]. The resolution of those motions would impact the discovery being sought by Defendants and accordingly, this Court took the matters under advisement pending the outcome of Judge Curiel's orders. [Transcript of May 29, 2013 hearing at 45, ll. 12-17; at 55, ll. 9-13]. Although the discovery matters were taken under advisement, it became evident to the Court in papers filed subsequently by the parties, or in orders issued by Judge Curiel, that the discovery in

---

[1] All references to page numbers are to the Court's CM/ECF pagination, unless otherwise noted.

question had either taken place or would be conducted. The Court, having not heard from Defendants since May 2013 about the lack of ruling from this Court and having not received any objection about the lack of discovery from Plaintiffs, naturally assumed that the discovery had been conducted.

Defendants had the opportunity to conduct the discovery that is now being requested, when it was appropriate to do so. For whatever reason, they chose not to conduct the discovery or file timely objections to the discovery which was provided by Plaintiffs. The fact remains that the discovery requested by Defendants, which should have been, and could have been, accomplished much earlier in this litigation, if allowed to be conducted now, would seriously prejudice Plaintiffs, require enormous amounts of additional discovery, and seriously undermine the Court's calendaring of this already lengthy litigation.

## II

## DEFENDANTS' DISCOVERY REQUESTS

Defendants have identified three topics about which they now seek discovery:

1. Plaintiffs' infringement contentions relating to the new internal connection GPS cap and liner and the basis for any such contentions; 2. The invalidity of Plaintiffs' patents; 3. Plaintiff's alleged damages regarding the new internal connection GPS cap and liner, including in the form of a Rule 30(b)(6) deposition.

[Defendants' Statement of Pending Discovery Issues, Docket No. 366, at 3, ll. 8-9, 12, 15-16].

### A. Defendants' Request To Conduct Additional Fact Discovery Into Plaintiffs' Infringement Contentions Is DENIED.

Patent infringement analysis involves essentially two steps: 1) claim construction; and 2) comparison of the properly construed claims with the accused product(s). Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998). Judge Burns, who was assigned this case before Judge Curiel, held a claim construction hearing on April 10, 2012 [Docket No. 88] and issued his Claim Construction Order on May 16, 2012. [Docket No. 99]. Immediately thereafter, Defendants filed a Motion For Reconsideration [Docket No. 100] which was denied by Judge Burns. [Docket No. 102]. Once Judge Burns construed the claim terms, the first part of the analysis was completed. As Plaintiffs' counsel has stated, the claim terms have not changed since April 10, 2012.[2]

As to the second part of the analysis, Defendants' entire argument to justify the request for additional discovery in this area is that Plaintiff has added an entirely "new" accused product in the litigation after the discovery cutoff. Defendants continue to characterize the "new" GPS internal male connection as an entirely new accused product and contends that Plaintiffs have changed

---

[2] Although Defendants stated at the May 29, 2013, hearing that they intended to file a motion for a new *Markman* Hearing, no such motion was ever filed. Accordingly, as Plaintiffs argue, the claim construction ordered by Judge Burns on May 16, 2012, is and has been the "law of the case" as to the construed terms.

their infringement theory. [Defendants' February 21, 2014 letter]. This is simply not the case and Defendants' persistent mischaracterization of the "new" GPS connection will not change its true nature. Judge Curiel, using language such as "the Court disagrees" and "the Court rejects," has stated quite clearly that Plaintiffs' inclusion of a "new" GPS male internal connection is not an entirely new accused product. [Order, Docket No. 301 at 14, ll. 11-12, 24; at 15. ll. 1, 11]. Moreover, as Judge Curiel stated in ruling on Defendants' Motion to Further Amend Invalidity Contentions, "the Court is not convinced that Plaintiffs are yet pursuing a new infringement theory." [Order, Docket No. 362 at 13, ll. 13-14].

Defendants already have conducted discovery about Plaintiffs' infringement and amended infringement contentions. Plaintiffs have indicated that they will "update their interrogatory responses" in light of the amended infringement contentions [Transcript of May 29, 2013 hearing at 20, ll. 15-16; at 23, ll. 23-24] and apparently did so without any insufficiency objection by Defendants. [Plaintiffs' Opposition to Defendants' Motion for Reconsideration, Docket No. 234 at 10, ll. 1-9; Order Denying Defendants' Motion for Reconsideration, Docket No. 248 at 4, ll. 22-24; *see also* Transcript of January 4, 2013 hearing before Judge Curiel, Docket No. 184 at 24, ll. 17-23]. The Court also notes that since the May 29, 2013 discovery hearing, Defendants have not raised with the Court any objections to Plaintiffs supplemental responses.

Accordingly, other than expert discovery as addressed in the Seventh Amended Case Management Conference Order, [Docket No. 361, no additional discovery in this area is justified.

### B. Defendants' Request To Conduct Additional Fact Discovery Regarding The Invalidity Of Plaintiffs' Patents is DENIED.

Plaintiffs cite the seminal case of Graham v. John Deere Co., 383 U.S. 1, 17 (1966), to argue correctly that invalidity of a patent is separate and distinct from, and has nothing to do with, the accused products. [Joint Statement Regarding Discovery, Docket No. 217 at 8, ll. 19-22; Plaintiffs' Feb. 26, 2014 letter]. Invalidity of a patent may be raised when the patentee fails to comply with any of the statutory requirements set forth in Sections 101-103, and 112. That invalidity of a patent does not depend on the nature of the accused product is basic patent law. It is so basic, that it needs no further explanation here. Counsel for Plaintiffs repeatedly have made this point. [Transcript of January 4, 2013 hearing before Judge Curiel, Docket No. 184 at 18, ll. 12-13, at 20, ll. 17-23; Transcript of May 29, 2013 hearing at 21, ll. 3-25; Plaintiffs' Feb. 26, 2014 letter]. For all of the reasons set forth in Plaintiffs' Feb. 26, 2014 letter, the time has come and gone for Defendants to conduct their invalidity discovery.

Accordingly, other than expert discovery as addressed in the Seventh Amended Case Management Conference

Order, [Docket No. 361], no additional discovery in this area is justified.

### C. Defendants' Request To Conduct Additional Fact Discovery Regarding Plaintiffs' Damages Evidence As It Relates To The "New" GPS Internal Male Connection Is DENIED.

In the Joint Statement Regarding Discovery, filed on May 17, 2013, Plaintiffs made clear that they "are amenable to responding to a contention interrogatory regarding damages relating to the new GPS internal male." [Docket No. 217 at 9, ll. 26-27, at 10, ll. 1-2]. The Court is unaware if Defendants propounded a contention interrogatory, as offered by Plaintiffs. Whether Defendants did or not, it is now too late to take additional fact discovery on damages regarding the "new" GPS internal male connection. Moreover, Defendants' argument to justify additional damages discovery is based on the false premise that there is an entirely new accused product in the case which was introduced after fact discovery closed. [Transcript of May 29, 2013 hearing at 41, ll. 22-25, at 42, at 43, ll. 1-6]. As indicated above, this simply is not the case.

### D. Defendants' Request To Designate An Expert To Testify About The Invalidity Of Plaintiffs' Patents Is DENIED.

Defendants' February 21, 2014 letter requests that Defendants be allowed to designate an expert to testify about the invalidity of Plaintiffs' patents. Plaintiffs' February 26, 2014 letter opposes the request.

As Defendants acknowledge in their letter, the time to designate experts expired on December 15, 2011, over two years ago. [Case Management Conference Order, Docket

No. 27 at para. 13]. Defendants did not designate any such experts. As discussed above, invalidity of a patent is not a moving target and does not rely at all upon the nature of the accused products. Plaintiffs' patents have not changed one iota throughout the course of this litigation. Defendants' argument that Plaintiffs have added new products and shifted their infringement contentions, even if true, is weak support for the request they now make. *See* Wong v. University of California, 410 F.3d 1052, 1060 (9th Cir. 2005); 02 Micro Intern Ltd. V. Monolithic Power Systems, Inc., 467 F.3d 1355, 1368-1369 (9th Cir. 2006).

IT IS SO ORDERED.

DATED:  March 3, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge