1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPLANT DIRECT MFG., LLC, et al.,<br><br>Defendants. | CASE NO. 10cv541-GPC(WVG)<br><br>**ORDER:**<br><br>**(1) DENYING IMPLANT DIRECT SYBRON INTERNATIONAL AND IMPLANT DIRECT SYBRON MANUFACTURING, LLC'S MOTION FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL;**<br><br>[Dkt. No. 566.]<br><br>**(2) VACATING HEARING DATE** |

## INTRODUCTION

Presently before the Court is a motion for certification of orders for interlocutory appeal by Defendants Implant Direct Sybron International and Implant Direct Sybron Manufacturing, LLC (collectively, "IDSI"). (Dkt. No. 566.) The Parties have fully briefed the motion. (Dkt. Nos. 569-70.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers and subsequent briefing, and the applicable law, the Court **DENIES** IDSI's motion for certification.

## BACKGROUND

As set forth in prior orders in this case, this is a patent and trademark infringement action involving dental attachment products. (*See* Dkt. No. 1.) The

1  procedural history in this four-and-a-half year old litigation is long and complex.

2  **I.      Case Initiation**

3         On March 12, 2010, Plaintiffs Zest Anchors, LLC and Zest Holdings, LLC

4  (collectively, "Zest") filed the initial Complaint in the present action, naming

5  Defendants Implant Direct International, Implant Direct LLC, and Implant Direct

6  MFG, LLC (collectively, "Implant Direct").  (Dkt. No. 1.)  On August 27, 2010,

7  Zest filed a First Amended Complaint ("FAC"), the current operative Complaint.

8  (Dkt. No. 13.)  The gravamen of the FAC is that Implant Direct manufactures, offers

9  for sale, and sells the "GoDirect" dental attachment product and the GoDirect

10  Prosthetic System ("GPS") (collectively, "Accused Products") in violation of Zest's

11  patents, and falsely and unfairly uses the ZEST® and LOCATOR® trademarks when

12  marketing the Accused Products.  (*See* Dkt. No. 13 ¶¶ 6, 7, 20, 21, 24-28, 30-32.)

13  The FAC alleges eight causes of action against the Implant Direct Defendants:

14  (1) Infringement of U.S. Patent No. 6,030,219; (2) Infringement of Patent No.

15  6,299,447; (3) Trademark Infringement; (4) False Designation of Origin; (5) False

16  Advertising; (6) California UCL; (7) California statutory False Advertising; and

17  (8) Common Law Unfair Competition.  (*Id.*)  On September 17, 2010, Implant

18  Direct filed an Answer to Plaintiffs' First Amended Complaint.  (Dkt. No. 17.)

19  **II.     Creation of IDSI Entities**

20         Under the terms of a transaction agreement dated November 17, 2010

21  ("Transaction Agreement"), Implant Direct entered into a corporate transaction

22  ("2010 Transaction") with Sybron Canada Holdings, Inc. for an "arms-length" sale

23  whereby the Implant Direct entities formed and transferred 100% of their interests

24  into wholly-owned subsidiaries, which were then purchased by Sybron Canada

25  Holdings, Inc. ("Sybron").  (*See* Dkt. No. 521, Velez Decl. Ex. 1.)  In particular,

26  Implant Direct Mfg. LLC became Implant Direct Sybron Manufacturing, LLC and

27  Implant Direct International became Implant Direct Sybron International LLC.  (*See*

28  Dkt. No. 146 at 4; Dkt. No. 521-2, Velez Decl. Ex. 3, Chang Depo. at 69:20-70:4.)

Pursuant to the Transaction Agreement, the IDSI entities assumed "the following liabilities of Sellers solely to the extent relating to the ID Business: . . . (iii) . . . all Liabilities arising out of the ownership, use or operation by the Joint Venture Companies of the ID Contributed Assets following the Closing, and (iv) numbers 1, 2, 3, 5, and 6 on the litigation summary attached to Section 2.16 of the Sellers' Disclosure Schedule . . ." (Dkt. No. 521, Velez Decl. Ex. 1 at § 9.1(qq).) The referenced "litigation summary" lists nine items under the heading "A summary of all pending or threatened litigation or action against the Company." (Dkt. No. 521-1, Velez Decl. Ex. 2, Litigation Summary.) The litigation summary discloses the present litigation as item two, stating that:

> Zest Anchors filed a Complaint alleging that Implant Direct's GoDirect one-piece implant infringes its patent. GoDirect implants account for about 0.2% of Implant Direct's implant sales, and Implant Direct has filed for a Patent on this product. . . <u>Implant Direct anticipates litigation with Zest when Implant Direct launches its new GPS abutment system, for which Implant Direct has also filed a patent application.</u> Implant Direct believes that it does not infringe the Zest patent, and also that it is protected from claims of inducing infringement because the Zest cap attachment works with the Implant Direct GPS Abutment. **<u>Zest served the Complaint on July 7, 2010 and filed an Amended Complaint on August 27, 2010.</u>**

(*Id.* at 3) (emphases in original).

## III.   Joinder of the IDSI Entities

Following a series of discovery disputes between the Parties, Zest filed a motion to formally join the IDSI entities to the present action as successors-in-interest to the Implant Direct entities pursuant to Federal Rules of Civil Procedure 25(c). (Dkt. No. 116.) The motion was filed on August 21, 2012, and was fully briefed, including supplemental briefing. (Dkt. Nos. 146, 156, 170, 177.) On October 22, 2012, the case was transferred from Judge Larry Burns to the undersigned Judge. (Dkt. No. 142.) Following a hearing on January 4, 2013, (Dkt. No. 184, Hearing Transcr.), this Court denied Zest's motion to join the IDSI entities on the ground that Zest had not properly served IDSI with the motion. (Dkt. No. 185.) The Court further granted Zest fifteen days to properly effectuate service and

[10cv541-GPC(WVG)]

took the motion under submission.  (Dkt. No. 185.)  On February 19, 2013, the IDSI entities filed an opposition to Zest's motion to join.  (Dkt. No. 190.)  On February 21, 2013, Zest filed a reply to the IDSI opposition.  (Dkt. No. 191.)  On April 15, 2013, this Court issued an order granting Zest's motion to join the IDSI entities as successors-in-interest to Implant Direct.  (Dkt. No. 202.)  In particular, this Court found that the benefits of joinder outweighed Zest's delay in seeking joinder and that IDSI was not unduly prejudiced because "IDSI has had an opportunity as an interested party to influence the direction that Implant Direct has sought in the litigation up to this point."  (*Id.* at 4-6.)

On May 6, 2013, without seeking leave to do so, the IDSI entities filed an Answer to Zest's Amended Complaint, asserting a counterclaim against Zest for patent invalidity.  (Dkt. No. 211.)  On May 31, 2013, Zest filed a motion to strike IDSI's Answer and Counterclaim arguing that IDSI was attempting to file the very same Answer and Counterclaim that Implant Direct was previously disallowed by Judge Larry Burns to file, (*see* Dkt. No. 81), and that IDSI, as a successor-in-interest to Implant Direct, was not entitled to start the case anew under Rule 25(c).  (Dkt. Nos. 226, 226-1.)  IDSI opposed the motion, (Dkt. No. 253), and Plaintiffs replied, (Dkt. No. 261.)  On October 16, 2013, this Court granted Zest's motion to strike IDSI's answer and counterclaim.  (Dkt No. 301 at 4-10.)

**IV.    November 4, 2014 Order**

More than six months later, on April 28, 2014, new counsel filed a notice of appearance and applied to appear pro hac vice for the IDSI entities.  (Dkt. Nos. 419, 421, 422.)  On April 29, 2014, IDSI filed a "Motion for Clarification of Joinder and Discovery Orders," moving this Court to clarify that the Court's order joining IDSI to the present action as successor-in-interest to IDSI is limited to Implant Direct's conduct prior to the 2010 Transaction.  (Dkt. No. 420.)  On July 30, 2014, the Court declined to decide the scope of IDSI liability on a "motion for clarification" without the proper legal and evidentiary showings.  (Dkt. No. 455 at 5-6.)

The Parties then filed three cross-motions for summary judgment on the question of whether IDSI's joinder to this litigation under Federal Rules of Civil Procedure 25(c) is solely for Implant Direct's pre-2010 Transaction conduct or whether IDSI's potential liability is severed as of the date of the 2010 Transaction. (Dkt. Nos. 456, 467-68.)  In essence, the Parties sought to determine the scope of the Implant Direct and IDSI Defendants' potential liability for the present litigation due to the transfer of interest between them in the 2010 Transaction.  The Parties fully briefed all three motions.  (Dkt. Nos. 489-91, 498-500.)  A hearing was held on October 3, 2014.  (Dkt. No. 532.).

On November 4, 2014, the Court: (1) denied IDSI's motion for summary judgment; (2) granted in part and denied in part Zest's motion for summary judgment; and (3) granted in part and denied in part Implant Direct's motion for partial summary judgment.  (Dkt. No. 558.)  The Court concluded that the IDSI entities are liable for their own post-2010 Transaction conduct and are bound to the Court's prior orders and Implant Direct's litigation decisions.  The Court rejected IDSI's arguments that Rule 25(c) limited their liability to the conduct of their predecessors, the Implant Direct entities, and that it violated due process to hold IDSI liable for their own conduct without allowing ISDI to answer, raise defenses, engage in discovery, or present independent witnesses.

**V.    November 19, 2014 Order**

On November 10, 2014, IDSI filed a motion for leave to file an answer.  (Dkt. No. 559.)  On November 19, 2014, the Court held a teleconference, with all parties appearing telephonically by counsel, to address the timing and propriety of IDSI's motion.  (Dkt. No. 564.)  The same day, the Court issued an order construing IDSI's motion to file an answer as a motion for reconsideration of the Court's November 4, 2014 Order, and denying that motion for lack of legal cause to reconsider.  (Dkt. No. 565.)

///

## VI.   Present Motion

On December 1, 2014, IDSI filed the present motion for certification for interlocutory appeal of the Court's November 4 and 19, 2014 Orders ("Court's Orders").  (Dkt. No. 566.)  IDSI contends that the Court's Orders raise two controlling questions of law:

> "1.  When a transferee successor-in-interest is joined to a pending lawsuit pursuant to Fed. R. Civ. P. 25(c), is the successor's liability limited to its predecessor's conduct, or may the district court permit the successor to be sued for damages for its own independent post-transfer conduct, when the plaintiff has not filed an amended complaint that sets forth claims against the successor?
>
> 2.  If a joined successor-in-interest may be sued for damages for its own post-transfer conduct, do the Federal Rules of Civil Procedure and due process permit the district court to bar it from filing an answer and asserting defenses, even where plaintiff asserts new claims against the successor that were not set forth in the pre-transfer complaint against the predecessor and were not addressed by an answer the predecessor filed before the successor existed?"

(*Id.* at 2; Dkt. No. 566-1 at 8.)  If the Court grants the motion, IDSI further moves to stay proceedings pending leave to appeal to the United States Court of Appeals to the Federal Circuit.  (Dkt. No. 566 at 2; Dkt. No. 566-1 at 9.)

On December 15, 2014, Zest opposed the motion.  (Dtk. No. 569.)  On December 19, 2014, IDSI replied.  (Dkt. No. 570.)

## LEGAL STANDARD

District courts may certify an issue for interlocutory appeal upon satisfaction of certain criteria. 28 U.S.C. § 1292(b).  Those criteria are: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate

termination of the litigation.  *Id.*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Courts apply section 1292(b)'s requirements strictly, and grant motions for certification only when exceptional circumstances warrant immediate appeal.  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also Fujitsu Ltd. v. Tellabs, Inc.*, 539 Fed. App'x 1005, 1006 (Fed. Cir. 2013) (per curiam) ("Both the legislative history of Section 1292(b) and the case law emphasize that appellate courts should only grant interlocutory appeals under rare circumstances.").  The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances.  *Coopers & Lybrand*, 437 U.S. at 475.  "Even then, a court has substantial discretion in deciding whether to grant a party's motion for certification."  *Zulewski v. Hershey Co.*, No. CV 11-5117 KAW, 2013 WL 1334159, at *1 (N.D. Cal. Mar. 29, 2013).

### DISCUSSION

Having considered the foregoing criteria, the Court finds that no exceptional circumstances warrant interlocutory review.  The Court concludes that, even assuming the Court's Orders involve a "controlling question of law," they do not involve a question as to which there is "a substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Id.* (citation omitted). "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an

[10cv541-GPC(WVG)]

1    interlocutory appeal.'" *Id.* (citation omitted).

2         Here, IDSI's argument to show a "substantial ground for difference of

3    opinion" focuses on the same cases which the Court previously considered and

4    rejected.  The Court found these cases distinguishable, and noted that "IDSI has

5    pointed to no cases in which a court severed liability at the time of transfer for a

6    successor-in-interest to a case under Rule 25(c)."  (Dkt. No. 558 at 14.)  On the

7    other hand, the Court noted that "Zest's cited authorities demonstrate that several

8    courts have brought successors-in-interest into a case and have allowed post-

9    transfer conduct to be included in the calculation of damages."  (*Id.* at 15.)  IDSI

10   contends that the Court's Orders violate the Supreme Court's holding regarding due

11   process rights in *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000).  (Dkt. No. 566-1

12   at 6.)  However, the Court found that "the due process concerns raised by *Nelson* are

13   not applicable to this case."  (Dkt. No. 558 at 16.)  ISDI's strong disagreement with

14   the Court regarding these questions is insufficient to establish a substantial ground

15   for difference of opinion.  *See Couch*, 611 F.3d at 633.

16        Moreover, IDSI has not shown that it is likely that an appeal will "materially

17   advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  An

18   interlocutory appeal should be certified only when doing so "would avoid protracted

19   and expensive litigation."  *In re Cement*, 673 F.2d at 1026.  If, by contrast, an

20   interlocutory appeal would delay resolution of the litigation, it should not be

21   certified.  *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th

22   Cir. 1988).  Here, resolution of the issues on which IDSI's seeks appeal would not

23   terminate the case because the pre-transfer claims would remain.  *See, e.g., S.E.C. v.

24   Sells*, No. C 11-4941 CW, 2012 WL 4897385, at *2 (N.D. Cal. Oct. 15, 2012).  In

25   addition, an interlocutory appeal would only further delay a case that has been

26   pending for over four-and-a-half years.

27        As Defendants have not met the second and third criteria required by

28   § 1292(b), the Court finds that there are no exceptional circumstances warranting

interlocutory review.  Accordingly, the Court **DENIES** IDSI's motion for certification of orders for interlocutory appeal.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1.    **DENIES** Implant Direct Sybron International and Implant Direct Sybron Manufacturing LLC's Motion for Certification of Orders for Interlocutory Appeal, (Dkt. No. 566);

2.    the Court hereby **VACATES** the hearing date set for this matter on January 9, 2015 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED:  January 7, 2015

HON. GONZALO P. CURIEL
United States District Judge

[10cv541-GPC(WVG)]