1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| ZEST IP HOLDINGS, LLC, a Delaware limited liability company; ZEST ANCHORS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> IMPLANT DIRECT MFG. LLC, a Nevada limited liability company; IMPLANT DIRECT LLC, a Nevada limited liability company; IMPLANT DIRECT INT'L, a Nevada corporation; IMPLANT DIRECT SYBRON MANUFACTURING LLC, a California limited liability company; IMPLANT DIRECT SYBRON INTERNATIONAL, a Nevada limited liability company, <br><br> Defendants. | CASE NO. 10cv541-GPC(WVG) <br><br> **ORDER:** <br><br> **1) DENYING IMPLANT DIRECT'S MOTION TO STAY ENFORCEMENT OF MONETARY SANCTIONS PENDING APPEAL;** <br><br> [Dkt. No. 573.] <br><br> **2) VACATING HEARING DATE** |

22

23

24

25

26

27

28

Presently before the Court is a motion to stay enforcement of monetary sanctions pending appeal by Defendants Implant Direct MFG, LLC, Implant Direct LLC, and Implant Direct International (collectively, "Implant Direct"). (Dkt. No. 573.) The parties have fully briefed the motion. (Dkt. Nos. 581, 584.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Implant

[10cv541-GPC(WVG)]

1  Direct's motion to stay enforcement of monetary sanctions pending appeal.

2  **BACKGROUND**

3  As set forth in prior orders in this case, this is a patent and trademark

4  infringement action filed by Plaintiffs Zest IP Holdings, LLC and Zest Anchors

5  LLC (collectively, "Zest") and involving dental attachment products.  (*See* Dkt. No.

6  1.)  The procedural history in this five-year-old litigation is long and complex.

7  On June 16, 2014, the Court imposed monetary sanctions against Implant

8  Direct because "Implant Direct acted in bad faith to impede and delay the discovery

9  process." (Dkt. No. 440 at 30.)  Subsequently, on December 3, 2014, the Court

10  ordered Implant Direct to pay Zest $122,486.95 in sanctions ("Sanctions Order").

11  (Dkt. No. 568.)

12  On January 12, 2015, Implant Direct filed the instant motion to stay

13  enforcement of these sanctions pending appeal of the Court's Sanctions Order.

14  (Dkt. No. 573.)  Implant Direct requests that the Sanctions Order be stayed until at

15  least thirty days after the entry of final judgment so that it will have an opportunity

16  to file a notice of appeal after the final judgment and request a further stay.  (*Id.* at

17  3.)  Implant Direct also states that it is willing to post a bond in the amount of the

18  Sanctions Order during the stay.  (*Id.* at 4-5.)  On February 13, 2015, Zest opposed

19  Implant Direct's motion.  (Dkt. No. 581.)  Implant Direct replied on February 27,

20  2015.  (Dkt. No. 584.)

21  **LEGAL STANDARD**

22  As a preliminary matter, the parties dispute the correct legal standard to apply

23  to Implant Direct's motion to stay monetary sanctions pending appeal.

24  Implant Direct argues that its motion is akin to a "stay with bond on appeal"

25  under Federal Rule of Civil Procedure 62(d). (Dkt. No. 573-1 at 5; Dkt. No. 584 at 2,

26  4-5.)  Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by

27  supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may

28  be given upon or after filing the notice of appeal or after obtaining the order allowing

1   the appeal.  The stay takes effect when the court approves the bond."[1]

2        Zest counters that Rule 62(d) is not applicable here because there is no final

3   judgment yet and therefore Implant Direct cannot immediately appeal.[2]  (Dkt. No. 581

4   at 9.)  *See* Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2901 (3d ed. 2014)

5   (Rule 62 "does not govern stays in proceedings other than to enforce a judgment.");

6   *accord Law v. NCAA*, 134 F.3d 1025, 1030 (10th Cir. 1998) ("When there is no appeal

7   of right there is no duty on the district court to grant a stay upon the filing of a

8   supersedeas bond.").

9        Instead, Zest contends that the Court should apply the test for a stay pending

10  appeal set forth by the U.S. Supreme Court in *Hilton v. Brauskill*, 481 U.S. 770, 776

11  (1987).   (Dkt. No. 581 at 4-5.)   Under this test, courts consider four factors:

12  "'(1) whether the stay applicant has made a strong showing that he is likely to succeed

13  on the merits; (2) whether the applicant will be irreparably injured absent a stay;

14  (3) whether issuance of the stay will substantially injure the other parties interested in

15  the proceeding; and (4) where the public interest lies.'"[3]  *Golden Gate Rest. Ass'n v.*

16  *City & Cnty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton*, 481 U.S. at

17  776).  Zest cites several cases which have applied the *Hilton* test to deny a motion to

18  stay monetary sanctions pending appeal.  *See Pattison v. Nevada*, No. 12-cv-670-RCJ-

19

20       [1]Rule 62(a)(1) concerns "an interlocutory or final judgment in an action for an

21  injunction or a receivership" and Rule 62(a)(2) concerns "a judgment or order that
    directs an accounting in an action for patent infringement."  Fed. R. Civ. P. 62(a).

22       [2]An order awarding sanctions against a party is generally not an appealable

23  collateral order because it can be effectively reviewed after final judgment.  *See*
    *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1113 (9th Cir.

24  1990).

25       [3]"There is substantial overlap between these and the factors governing

26  preliminary injunctions."  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  Similar to
    preliminary injunctions, the standard for granting a stay pending appeal is a continuum.
    "At one end of the continuum, if there is a 'probability' or 'strong likelihood' of

27  success on the merits, a relatively low standard of hardship is sufficient."  *Golden Gate*
    *Rest. Ass'n*, 512 F.3d at 1119 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.

28  1983)).  "At the other end, if 'the balance of hardships tips sharply in . . . favor' of the
    party seeking the stay, a relatively low standard of likelihood of success on the merits
    is sufficient."  *Id.* (quoting *Lopez*, 713 F.2d at 1435).

1   WGC, 2014 WL 548200, at *2-3 (D. Nev. Feb. 11, 2014); *Mitchell v. Daniels*, No. 06-

2   cv-00624-DRH, 2014 WL 2117084, at *2 (S.D. Ill. May 21, 2014); *In re Reese*, No.

3   08-41173, Dkt. No. 111 at 10 (Bankr. N.D. Ohio, June 30, 2011).[4]

4       Implant Direct responds that the *Hilton* test is irrelevant because it applies to

5   requests for stays of injunctions under Rule 62(c),[5] not monetary damages under Rule

6   62(d). (Dkt. No. 584 at 2-6.) Implant Direct relies on *Bolt v. Merrimack Pharms., Inc.*,

7   No. 04-0893-WBS-DAD, 2005 WL 2298423, at *2 (E.D. Cal. 2005), which held that

8   Rule 62(d), rather than Rule 62(c) and the *Hilton* test, applied to a motion for an

9   unsecured stay of execution of judgment pending appeal. The court reasoned that:

10      [W]hether the court granted injunctive or monetary relief is significant in
    a motion to stay in light of an appeal. The Federal Rules of Civil

11      Procedure impose distinct standards for stays of judgments involving
    injunctions, *see* Fed. R. Civ. P. 62(c), and stays of other judgments, *see*

12      Fed. R. Civ. P. 62(d). Given these distinctions, it should come as no
    surprise that courts evaluate unsecured stays of these categories of

13      judgments under different tests. Although the court could not find a
    single case straightforwardly acknowledging the existence of two separate

14      tests, an examination of the case law clearly reveals a different method of
    analysis applicable to motions for unsecured stays when Rule 62(d),

15      rather than Rule 62(c), applies.

16  *Bolt*, 2005 WL 2298423, at *2 (internal citation omitted).[6] Implant Direct argues that

17  the cases cited by Zest which apply the *Hilton* test to monetary awards applied the

18

19      [4]Attached as Exh. 5 to Dkt. No. 581-1.

20      [5]Rule 62(c) concerns an "injunction pending an appeal" and provides that

21  "[w]hile an appeal is pending from an interlocutory order or final judgment that grants,
    dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an
    injunction on terms for bond or other terms that secure the opposing party's rights."

22  Rule 62(c) "provides for discretionary injunctions pending appeal" while Rule 62(d)
    "provides for an automatic stay in appeals of money judgments." *United States v. Orr*

23  *Water Ditch Co.*, 391 F.3d 1077, 1079 n.2 (9th Cir. 2004).

24      [6]*See also C.B. v. Sonora Sch. Dist.*, 819 F. Supp. 2d 1032, 1054 n.1 (E.D. Cal.

25  2011) (concluding that *Hilton* test was inapplicable to motion to stay monetary
    judgment pending appeal), *rev'd on other grounds by* 769 F.3d 1005 (9th Cir. 2014)

26  (en banc); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308-09 (W.D. N.Y. 2009)
    (Rule 62(d) applies to money judgments, and Rule 62(c) and the *Hilton* test apply to

27  non-money judgment); *FINOVA Capital Corp. v. Richard A. Arledge, Inc.*, No.
    02-1277-PHX-RCB, 2008 WL 828504, *4-5 (D. Ariz. Mar 26, 2008) (holding that

28  Rule 62(d), rather than *Hilton* test, was applicable to motion seeking to stay monetary
    judgment, even though the proposed alternative security was in the form of injunctive
    relief).

1   wrong standard.[7]  (Dkt. No. 584 at 4-6.)

2          Neither Rule 62(c) or 62(d) directly control here because both provisions

3   expressly apply to cases in which an appeal is "pending" or "taken," and no appeal of

4   the Sanctions Order has been (or can be) filed yet in this case.  Fed. R. Civ. P. 62(c)-

5   (d); *see also In re Matter of Seizure of Approximately 26 Grams of Marijuana*, No. 01-

6   M-30204-MHP, 2004 WL 2915286, at *5 (N.D. Cal. Dec. 17, 2004).  Nonetheless, the

7   Court has inherent authority to consider Implant Direct's motion. *See Oliva v. Sullivan*,

8   958 F.2d 272, 273 (9th Cir. 1992) ("[d]istrict courts have inherent power to control

9   their dockets . . . ."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)

10  ("Courts have inherent power to manage their dockets and stay proceedings[.]"); *see*

11  *also* Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2904 (While "[i]t may be

12  argued . . . that the court may not make an order under Rule 62(c) before the appeal has

13  been taken . . . [w]hen there is reason to believe that an appeal will be taken, there is

14  no reason why the district court should not make an order preserving the status quo

15  during the expected appeal.  The order can be conditioned on an appeal being taken by

16  a stated date.").

17         The Court determines that it need resolve the precise standard to apply here

18  because, as discussed below, under either standard the Court declines to exercise its

19  discretion to stay the enforcement of monetary sanctions.

20                                     **DISCUSSION**

21         The Court declines to exercise its discretion to stay the enforcement of

22  monetary sanctions against Implant Direct.  The Court imposed monetary sanctions

23  "due to Zest's submitted evidence and the Court's record of Implant Direct's delay,

24  disruption of the discovery process and this litigation, gamesmanship, and

25  repeatedly vexatious discovery abuses between the filing of this litigation and the

26

27         [7]Neither party addresses *13231 Sundance LLC v. Cronin*, No. 11-cv-477-LAB-
28  WVG, 2011 WL 2413465, at *1-2 (S.D. Cal. June 13, 2011), a case from this district
    which applied the *Hilton* test to deny a motion to stay monetary sanctions pending
    appeal.

1  close of fact discovery in this case." (Dkt. No. 440 at 27.)

2  If the *Hilton* test applies here, the Court denies Implant Direct's request for a

3  stay because: (1) Implant Direct has not shown that it is likely to succeed on the

4  merits; (2) Implant Direct has not indicated that it will be irreparably injured absent

5  a stay; (3) Zest would likely be harmed by having to wait years to collect the

6  sanctions; and (4) the public interest will not be served because the delay would

7  reward Implant Direct's misconduct in this case. *See Golden Gate Rest. Ass'n*, 512

8  F.3d at 1115.

9  If Implant Direct's request is more analogous to a stay of monetary judgment

10  under Rule 62(d), the Court still denies Implant Direct's request for a stay because

11  Zest would likely be harmed by having to wait years to collect the sanctions, the

12  delay would reward Implant Direct's misconduct in this case, and Implant Direct

13  has not indicated that it would suffer any hardship if the sanctions were not stayed,

14  or shown that a stay is necessary to permit it to later appeal the Sanctions Order. *Cf.*

15  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (holding that the competing

16  interests that a district court must weigh in exercising its discretion to stay

17  proceedings are: (1) "possible damage which may result from granting a stay"; (2)

18  "the hardship or inequity which a party may suffer in being required to go forward";

19  and (3) "the orderly course of justice measured in terms of the simplifying or

20  complicating of issues, proof, and questions of law which could be expected to

21  result from a stay" (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

22  As such, the Court **DENIES** Implant Direct's motion to stay enforcement of

23  monetary sanctions pending appeal.

24  ### CONCLUSION AND ORDER

25  For the foregoing reasons, the Court:

26  1.  **DENIES** Implant Direct's motion to stay enforcement of monetary

27  sanctions pending appeal, (Dkt. No. 573);

28  2.  **ORDERS** Implant Direct to pay the monetary sanctions within

1    **fourteen (14) days** of the filing date of this order; and

2    3.    **VACATES** the hearing date set for this matter on March 20, 2015 at

3          1:30 p.m.

4    **IT IS SO ORDERED.**

5

6    DATED:  March 16, 2015

7

8                                         HON. GONZALO P. CURIEL
                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[10cv541-GPC(WVG)]